1
2
3
4
5
6

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, Suite 1557
Los Angeles, CA 90024
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com
**Attorneys for Plaintiff**

*- additional counsel on signature page -*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14
15
16
17
18
19
20

SPENCER WONG, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ARLO TECHNOLOGIES, INC., MATTHEW McRAE, CHRISTINE M. GORJANC, PATRICK C.S. LO,  and ANDREW W. KIM,

Defendants.

**Case No.**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

21
22
23
24
25
26
27
28

Plaintiff Spencer Wong ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission

("SEC") filings, wire and press releases published by and regarding Arlo Technologies, Inc. ("Arlo" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a federal securities class action on behalf of persons and/or entities who purchased or otherwise acquired Arlo common stock pursuant or traceable to the Arlo's false and/or misleading Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Arlo's August 3, 2018 initial public offering (the "IPO" or the "Offering"), who were damaged thereby, and who seek to pursue remedies under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

2.      Arlo was incorporated in 2018 and is headquartered in San Jose, California.  The Company provides smart connected devices that can purportedly monitor environments in real-time using its cloud-based platform.  This is accomplished by using a Wi-Fi or cellular network Internet connection in the Americas, Europe, the Middle-East, Africa, and the Asia Pacific regions.  By using Arlo's cloud-based platform, consumers may engage in real-time with their families and businesses from any location with an internet connection.  Arlo also offers Wi-Fi- and LTE-enabled cameras, advanced baby monitors, and smart security lights.

3.      On August 6, 2018, Arlo filed its prospectus for its upcoming IPO with the SEC, which forms part of the Registration Statement.  Arlo sold 11,747,250 shares of common stock at $16.00 per share in its IPO, for proceeds of approximately $167.4 million, net of underwriting discounts and commissions, purportedly to be used for general corporate purposes.

4.     Arlo was a wholly-owned subsidiary of NETGEAR, Inc. ("NETGEAR") before the IPO. NETGEAR offers products enabling networking, broadband access, and network connectivity. NETGEAR owned approximately 84.2% of the shares of Arlo's outstanding common stock after the IPO.

5.     On November 30, 2018, Arlo announced its "flagship wire-free security camera system" called Arlo Ultra ("Ultra").  The Company touted a "newly designed rechargeable battery" that would purportedly enable the Ultra product to provide 4K Ultra HD resolution with high dynamic range, color night vision, and advanced image processing.

6.     Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:  (i) there was a flaw and/or quality issue with Arlo's newly designed battery for its Ultra camera systems; (ii) this flaw and/or quality issue with the Ultra battery could result in a shipping delay of Arlo's Ultra product; (iii) such a shipping delay endangered Arlo's chances of launching the Ultra product in time for the crucial holiday season; (iv) such a shipping delay would allow Arlo's competitors to capitalize on the Ultra product's missed launch, thereby increasing their own market share; (v) Arlo's consumers had been experiencing battery drain issues and other battery-related issues in connection with recent firmware updates; (vi) because of the foregoing, Arlo's fourth quarter 2018 results and consumer base would be negatively impacted; and (vii) as a result, Arlo's Registration Statement was materially false and misleading at all relevant times.

7.     On December 3, 2018, Arlo reported a delay in shipments of Ultra, citing "a quality issue with the battery from one of its suppliers" that was discovered during the product's final testing phase.  As a result of the delay, Ultra also lowered its fourth quarter 2018 financial guidance, advising investors that it anticipated "net revenue to be in the range of $125 million to $130 million, non-GAAP gross margin to be approximately 10%, and non-GAAP operating loss to be approximately 20% of revenue."

8.   Following this news, Arlo's stock price fell $2.75 per share, or 22.86%, to close at $9.28 on December 3, 2018.  This constituted a decline of $6.72, or approximately 42%, from the IPO price of $16.00 per share.

9.   As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.   The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

11.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 22 of the Securities Act (15 U.S.C. § 77v).

12.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 and Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa(c)).  Arlo is headquartered in this District, and a significant portion of its actions and the subsequent damages took place in this District.

13.   In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

14.   Plaintiff purchased or otherwise acquired Arlo common stock as described in the attached certification and was damaged by the revelation of the alleged corrective disclosure.

15.   Defendant Arlo is a Delaware corporation with its principal executive offices located at 3030 Orchard Parkway, San Jose, CA 95134.  Arlo's common stock trades in an efficient market on The New York Stock Exchange ("NYSE") under the ticker symbol "ARLO."

16.     Defendant Matthew McRae ("McRae") was, at all relevant times, the Chief Executive Officer of the Company, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

17.     Defendant Christine M. Gorjanc ("Gorjanc") was, at all relevant times, the Chief Financial Officer of the Company, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18.     Defendant Patrick C.S. Lo ("Lo") was a Director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

19.     Defendant Andrew W. Kim ("Kim") was a Director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

20.     Defendants McRae, Gorjanc, Lo, and Kim are collectively referred to hereinafter as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

21.     Arlo was incorporated in 2018 and is headquartered in San Jose, California.  The Company provides smart connected devices that can purportedly monitor environments in real-time using its cloud-based platform.  This is accomplished by using a Wi-Fi or cellular network Internet connection in the Americas, Europe, the Middle-East, Africa, and the Asia Pacific regions.  By using Arlo's cloud-based platform, consumers may engage in real-time with their families and businesses from any location with an internet connection.  Arlo also offers Wi-Fi- and LTE-enabled cameras, advanced baby monitors, and smart security lights.

22.     Arlo was a wholly-owned subsidiary of NETGEAR before the IPO.  NETGEAR offers products enabling networking, broadband access, and network connectivity.   NETGEAR owned approximately 84.2% of the shares of Arlo's outstanding common stock after the IPO.

23.     On November 30, 2018, Arlo announced Ultra—the Company's "flagship wire-free security camera system."  The Company touted a "newly designed rechargeable battery" that would purportedly enable the Ultra product to provide 4K Ultra HD resolution with high dynamic range, color night vision, and advanced image processing.

### Materially False and Misleading Statements and Omissions

24.     On July 31, 2018, Arlo filed its final amendment to the Registration Statement with the SEC on Form S-1/A, which forms part of the Registration Statement.  The Registration Statement was declared effective on August 2, 2018.

25.     On August 6, 2018, Arlo filed its prospectus for its upcoming IPO with the SEC, which forms part of the Registration Statement.  Arlo sold 11,747,250 shares of common stock at $16.00 per share in its IPO, for proceeds of approximately $167.4 million, net of underwriting discounts and commissions, purportedly to be used for general corporate purposes.

26.     The Registration Statement and Prospectus for the IPO (collectively, the "Registration Statement") were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and were not prepared in accordance with the rules and regulations governing their preparation.  Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events, or uncertainties that were having, and were reasonably likely to have, an impact on Arlo's continuing operations.

27.     The Registration Statement contained merely boilerplate information concerning the risk of delays in launching new products, stating, in relevant part:

*If we fail to continue to introduce or acquire new products or services that achieve broad market acceptance on a timely basis, or if our products or services are not adopted as expected, we will not be able to compete effectively and we will be unable to increase or maintain revenue and gross margin.*

\* \* \*

*We may experience delays and quality issues* in releasing new products and services, which may result in lower quarterly revenue than expected.

(Second emphasis added.)

28.     The Registration Statement also contained information concerning the risk of defective components supplied by third-party manufacturers, stating, in relevant part:

*We obtain several key components from limited or sole sources, and if these sources fail to satisfy our supply requirements or we are unable to properly manage our supply requirements with our third-party manufacturers, we may lose sales and experience increased component costs.*

Any shortage or delay in the supply of key product components would harm our ability to meet scheduled product deliveries. Many of the components used in our products are specifically designed for use in our products, some of which are obtained from sole source suppliers. These components include lens, lens-sensors and passive infrared ("PIR") sensors that have been customized for the Arlo application, as well as custom-made batteries that provide power conservation and safety features. In addition, the components used in our end products have been optimized to extend battery life.

\* \* \*

If we are unable to obtain a sufficient supply of components, or if we experience any interruption in the supply of components, our product shipments could be reduced or delayed or our cost of obtaining these components may increase. Component shortages and delays affect our ability to meet scheduled product deliveries, damage our brand and reputation in the market, and cause us to lose sales and market share . . . . In addition, at times sole suppliers of highly specialized components have provided components that were either defective or did not meet the criteria required by our retailers, distributors or other channel partners, resulting in delays, lost revenue opportunities and potentially substantial write-offs.

29.     Additionally, the Registration Statement touted Arlo's "power management expertise" as one of "three key technology differentiators," stating, in relevant part:

We have built the Arlo platform on three key technology differentiators:

* * *

Our proven power management expertise, leveraged from NETGEAR's years of experience building mobile hotspots, encompasses ***hardware product design, software and firmware, including patented beaconing and power management methods, to prolong battery life***.

* * *

Arlo's power management expertise, encompassing hardware product design, software and firmware, minimizes power consumption in our devices. Motion-activated on/off sensors prolong the devices' overall battery life, and our patented low-power Wi-Fi technology also minimizes battery usage before and during video transmission. As a result, our users typically only need to recharge their Arlo devices every three to six months, leading to flexible indoor and outdoor placement options.

(Emphasis added.)

30.     The statements referenced in ¶¶27-29 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:  (i) there was a flaw and/or quality issue with Arlo's newly designed battery for its Ultra camera systems; (ii) this flaw and/or quality issue with the Ultra battery could result in a shipping delay of Arlo's Ultra product; (iii) such a shipping delay endangered Arlo's chances of launching the Ultra product in time for the crucial holiday season; (iv) such a shipping delay would allow Arlo's competitors to capitalize on the Ultra product's missed launch, thereby increasing their own market share; (v) Arlo's consumers had been experiencing battery drain issues and other battery-related issues in connection with recent firmware updates; (vi) because of the foregoing, Arlo's fourth quarter 2018 results and consumer base would be negatively impacted; and (vii) as a result, Arlo's Registration Statement was materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

31.     On December 3, 2018, Arlo reported a delay in shipments of Ultra, citing "a quality issue with the battery from one of its suppliers" that was discovered during the product's final testing phase. As a result of the delay, Ultra also lowered its fourth quarter 2018 financial guidance, advising investors that it anticipated "net revenue to be in the range of $125 million to $130 million, non-GAAP gross margin to be approximately 10%, and non-GAAP operating loss to be approximately 20% of revenue."

32.     Following this news, Arlo's stock price fell $2.75 per share, or 22.86%, to close at $9.28 on December 3, 2018.  This constituted a decline of $6.72, or approximately 42%, from the IPO price of $16.00 per share.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of all purchasers of Arlo common stock issued pursuant to and/or traceable to the Company's Registration Statement.  Excluded from the Class are defendants and their family members, directors and officers of Arlo and their families and affiliates.

34.     The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.  Arlo has millions shares of stock outstanding, owned by hundreds or thousands of persons.

35.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

(a)     Whether the Securities Act was violated by defendants;

(b)     Whether defendants omitted and/or misrepresented material facts;

(c)     Whether defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)      Whether defendants knew or recklessly disregarded that their statements were false and misleading;

(e)      Whether the price of Arlo common stock was artificially inflated; and

(f)      The extent of damage sustained by Class members and the appropriate measure of damages.

36.      Plaintiff's claims are typical of those of the Class because plaintiff and the Class sustained damages from defendants' wrongful conduct.

37.      Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation.  Plaintiff has no interests which conflict with those of the Class.

38.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I

**(For Violations of Section 11 of the Securities Act Against all Defendants)**

39.      Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40.      This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against all Defendants.

41.      The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

42.       Arlo is the registrant for the IPO.  Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

43.     As issuer of the shares, Arlo is strictly liable to Plaintiff and the Class for the misstatements and omissions.

44.     None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

45.     By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

46.     Plaintiff acquired Arlo securities pursuant and/or traceable to the Registration Statement for the IPO.

47.     Plaintiff and the Class have sustained damages.  The value of Arlo securities has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT II

**(For Violations of Section 15 of the Securities Act Against the Individual Defendants)**

48.     Plaintiff repeats and realleges the allegations contained above as if fully set forth herein.

49.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

50.     Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Arlo within the meaning of Section 15 of the Securities Act.  Individual Defendants had the power and influence and exercised the same to cause Arlo to engage in the acts described herein.

51.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

52.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.     Such other and further relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.

Dated:  January 22, 2019

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, Suite 1557
Los Angeles, CA 90024
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com

1

ahood@pomlaw.com
jlindenfeld@pomlaw.com

2

3

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

4

5

6

7

*Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28