# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

SPENCER WONG,

    Plaintiff,

v.

ARLO TECHNOLOGIES, INC., et al.,

    Defendants.

Case No. 19-cv-00372-BLF

**ORDER GRANTING PLAINTIFF NAYMAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; DENYING COMPETING MOTIONS**

[Re: ECF 11, 21, 22]

Before the Court are three competing motions to appoint lead plaintiff and lead counsel in this federal securities class action. ECF 11, 21, 22. The Court previously found this matter suitable for submission without oral argument pursuant to Civil Local Rule 7-1(b). ECF 47. For the reasons stated herein, the Court GRANTS Plaintiff Nayman's motion at ECF 21 and DENIES the competing motions at ECF 11 and ECF 22, respectively.

## I. BACKGROUND

On January 22, 2019, Plaintiff Spencer Wong filed this putative securities class action lawsuit against Defendants Arlo Technologies, Inc. ("Arlo"), Matthew McRae, Christine M. Gorjanc, Patrick C.S. Lo, and Andrew W. Kim. Compl., ECF 1. Wong brings this lawsuit on behalf of persons and/or entities who purchased or acquired Arlo stock in connection with Arlo's August 3, 2018 initial public offering ("the IPO"). *Id.* ¶ 1. Wong alleges that Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies, resulting in a Registration Statement issued in connection with the IPO that was materially false and misleading. *Id.* ¶ 6. Specifically, Wong alleges that Defendants failed to disclose a known flaw and/or quality issue with one of Arlo's products that would negatively

impact Arlo's fourth quarter 2018 results and consumer base. *Id.*

According to the complaint, Arlo investors incurred significant losses when it was revealed that Arlo had concealed the design flaw in its product and was forced to delay shipment. Compl. ¶¶ 6–8. Specifically, the complaint alleges that following this news, "Arlo's stock price fell $2.75 per share, or 22.86%, to close at $9.28 on December 3, 2018. This constituted a decline of $6.72, or approximately 42%, from the IPO price of $16.00 per share." *Id.* ¶ 8.

As a result, Wong filed the instant lawsuit for violations of the Securities Act of 1933 on behalf of all persons and/or entities who purchased or acquired Arlo stock in connection with the IPO. Compl. ¶ 1. On March 25, 2019, four parties filed motions seeking appointment of respective lead plaintiff and lead counsel. *See* ECF 11, 16, 21, 22. Three[1] parties remain in contention: Plaintiffs Richard and Nadine Sarkis (ECF 11), Plaintiff Matis Nayman (ECF 21), and Plaintiff Arlo Investor Group (ECF 22).

## II. LEGAL STANDARD

### A. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id.* It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. §

---

[1] Plaintiff Barton's motion at ECF 16 has been withdrawn. *See* ECF 32.

2

78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id*. If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.; see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

### B. Lead Counsel

Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

## III. ANALYSIS

The motion at ECF 11 filed by Plaintiffs Richard and Nadine Sarkis has been effectively withdrawn (*see* Notice of Non-Opposition, ECF 33) and is hereby DENIED. For the reasons discussed below, Plaintiff Nayman's motion at ECF 21 is GRANTED and Plaintiff Arlo Group's motion at ECF 22 is DENIED.

### A. Procedural Requirements

Pursuant to the PSLRA, Pomerantz LLP (on behalf of Plaintiff Wong) published notice of the pending action on January 22, 2019, the same date the complaint was filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Ex. A to Notice of Pendency of Action, ECF 10-1. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id.* Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u–4(a)(3)(A).

Plaintiff Nayman and Plaintiff Arlo Group filed the instant motions on March 25,[2] 2019, the last day within the 60-day deadline. Both parties have therefore met the statutory notice requirements.

### B. Financial Interest

The court must next identify the presumptive lead plaintiff—the prospective lead plaintiff with the greatest financial interest in the litigation. *See Cavanaugh*, 306 F.3d at 730. It is undisputed that Plaintiff Nayman has the greatest financial interest in the relief sought and is therefore the presumptive lead plaintiff. Nayman has submitted a "Loss Analysis" setting forth calculations of his alleged losses, totaling approximately $132,019. *See* Loss Analysis, Ex. B to Evans Decl., ECF 21-2. On the other hand, Plaintiff Arlo Group alleges losses of $83,028, *see* Ex. C to Pafiti Decl., ECF 23-3, and does not dispute Nayman's calculation of $132,019 in alleged losses, *see* Arlo Group Opp'n at 1–2, ECF 34.

Accordingly, Plaintiff Nayman is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) (quoting *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005)) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.").

---

[2] Arlo Group's motion was technically filed on March 26, 2019, due technical difficulties. *See* ECF 27. However, the Court accepted Arlo Group's motion as timely filed. *See* ECF 31.

4

### C. Rule 23 Requirements

Having determined that Nayman is the prospective lead plaintiff with the greatest financial stake in this litigation, the Court must next consider whether Nayman satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). Rule 23(a) sets forth four requirements for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). At the appointment of lead plaintiff stage, courts need only consider typicality and adequacy, as the failure to satisfy numerosity or commonality would preclude certifying a class action at all. *Cavanaugh*, 306 F.3d at 730 n.5.

The Court address typicality and adequacy in turn. Arlo Group's challenge to Nayman's motion is directed only to the adequacy prong. *See* Arlo Group Opp'n at 2, ECF 34.

#### 1. Typicality

In determining whether typicality is satisfied, the Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, like all other members of the purported class, Nayman purchased or acquired Arlo stocks at (allegedly) artificially inflated prices during the relevant time period and suffered accompanying losses. *See* Nayman Motion at 7, ECF 21; Nayman Decl. ¶¶ 1, 6, ECF 38-1; *see generally* Compl. Nayman's claims thus appear to be typical, if not identical, to the claims of other members of the putative class. Moreover, Arlo Group does not challenge typicality. Accordingly, the Court finds that Nayman has satisfied the typicality requirement.

#### 2. Adequacy

The test for adequacy asks whether the lead plaintiff and its counsel "have any conflicts of interest with other class members" and whether the lead plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Arlo Group argues that Nayman would not prosecute this litigation "efficiently and effectively" because "a review of publicly available court records indicates that Nayman has been the subject of at least three state tax warrants and one federal tax lien between 2005 and 2015, in

the total amount of $1,894,575." *See* Arlo Group Opp'n at 6; *see also* Ex. A to Pafiti Decl., ECF 35-1. In other words, Arlo Group's theory is that Nayman's prior "difficulty in meeting his own tax obligations" renders him inadequate to represent the instant putative class. *See* Arlo Group Opp'n at 6. Nayman counters that he has "long ago paid off the back taxes, and satisfied all tax liens or tax warrants," and that Arlo Group "cite[s] no authority for [its] position" that such prior tax liens or warrants would render Nayman inadequate here. *See* Nayman Reply at 3, ECF 38; Nayman Decl. ¶ 3, ECF 38-1.

The Court agrees with Mr. Nayman. Arlo Group has submitted no legal authority for the proposition that Nayman's apparent prior failure to meet unrelated tax liens or warrants creates a conflict of interest or renders Mr. Nayman inadequate to prosecute this action vigorously on behalf of the class. Instead, Arlo Group relies on case law in which the "unrelated misconduct" resulting in failure to appoint the prospective lead plaintiff was criminal in nature. *See* Arlo Opp'n at 5–6 (citing *In re Network Assocs. Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999); *Newman v. Eagle Building Techs.*, 209 F.R.D. 499, 504–05 (S.D. Fla. 2002); *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061 (S.D. Cal. 2004)). Here, by contrast, Mr. Nayman's tax obligations were satisfied years ago and did not result in criminal charges. *See* Nayman Decl. ¶¶ 3–6, ECF 38-1. Nor does the Court find that Mr. Nayman's prior tax liens or warrants raise a credibility issue. Simply put, Arlo Group has not set forth sufficient proof that Nayman would not adequately represent the instant putative class. *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence.").

### 3. Conclusion

The Court finds that Plaintiff Nayman has met the Rule 23 requirements at this stage and qualifies as the presumptively most adequate plaintiff under the PSLRA.

### D. Opportunity to Rebut

Other plaintiffs have been afforded an opportunity to rebut Nayman's showing that he as the presumptive lead plaintiff satisfies Rule 23's typicality and adequacy requirements, as evidenced by Arlo Group's opposition and the filing of other competing motions.

6

Accordingly, the Court is satisfied that all necessary elements have been met and hereby APPOINTS Mr. Nayman to serve as lead plaintiff.

### E. Lead Counsel

No parties have objected to Nayman's selection of Keller Lenkner LLC as lead counsel and Browne George Ross LLP as liaison counsel. The Court has reviewed the respective resumes of the two firms, Exs. D & E to Evans Decl., ECF 21-2, and is satisfied that Nayman has made a reasonable choice of counsel. Accordingly, the Court APPROVES Nayman's selection of Keller Lenkner as lead counsel. Likewise, the Court APPROVES Nayman's selection of Browne George Ross as liaison counsel.

## IV. ORDER

For the foregoing reasons, Plaintiff Nayman's motion to appoint lead plaintiff and approval of selection of counsel at ECF 21 is GRANTED. The competing motions at ECF 11 and ECF 22 are DENIED.

**IT IS SO ORDERED.**

Dated: May 6, 2019

_____
BETH LABSON FREEMAN
United States District Judge