1  COOLEY LLP
   Koji F. Fukumura (189719)
2  Peter M. Adams (243926)
   Craig E. TenBroeck(287848)
3  4401 Eastgate Mall
   San Diego, CA 92121
4  Tel./Fax: 858.550.6000/6420

5  *Attorneys for Defendants*
   *Arlo Technologies, Inc., Matthew McRae,*
6  *Christine M. Gorjanc, Patrick C.S. Lo, and*
   *Andrew W. Kim*
7
   WILSON SONSINI GOODRICH
8      & ROSATI, professional corporation
   Boris Feldman (128838)
9  Catherine Moreno (264517)
   Dylan Savage (310452)
10 650 Page Mill Road
   Palo Alto, CA 94304
11 Tel.: 650.493.9300
   Fax: 650.564.5100
12
   *Attorneys for Defendant*
13 *NETGEAR, INC.*

   DAVIS POLK & WARDWELL LLP
   Neal A. Potischman (254862)
   Dana Seshens (*pro hac vice*)
   Craig J. Bergman (*pro hac vice*)
   1600 El Camino Real
   Menlo Park, CA 94025
   Tel./Fax: 650.752.2000/2111

   *Attorneys for Defendants*
   *Merrill Lynch, Pierce, Fenner & Smith*
   *Incorporated, Deutsche Bank Securities Inc.,*
   *Guggenheim Securities LLC, Raymond James &*
   *Associates, Inc., Cowen and Company, LLC,*
   *and Imperial Capital, LLC*

14
                UNITED STATES DISTRICT COURT
15
             NORTHERN DISTRICT OF CALIFORNIA
16
                     SAN JOSE DIVISION
17

18 SPENCER WONG, Individually and on          Case No. 5:19-cv-00372-BLF
   Behalf of All Others Similarly Situated,
19                                             **REPLY IN SUPPORT OF DEFENDANTS'**
              Plaintiff,                       **MOTION TO DISMISS LEAD PLAINTIFF'S**
20                                             **AMENDED COMPLAINT**
        v.
21                                             **ORAL ARGUMENT REQUESTED**
   ARLO TECHNOLOGIES, INC.;
22 MATTHEW McRAE; CHRISTINE M.                 Date: Dec. 5, 2019
   GORJANC; PATRICK C.S. LO; ANDREW            Time: 9:00 a.m.
23 W. KIM; NETGEAR, INC.; MERRILL              Place: Courtroom 3
   LYNCH, PIERCE, FENNER & SMITH               Judge: Hon. Beth Labson Freeman
24 INC.; DEUTSCHE BANK SECURITIES
   INC.; GUGGENHEIM SECURITIES LLC;
25 RAYMOND JAMES & ASSOCIATES,
   INC.; COWEN AND COMPANY, LLC; and
26 IMPERIAL CAPITAL, LLC,

27            Defendants.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

                                              REPLY ISO DEFENDANTS'
                                              MTD THE AMENDED COMPLAINT
                                              5:19-CV-00372-BLF

# Table of Contents

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. PLAINTIFF'S OPPOSITION MISCHARACTERIZES DEFENDANTS' MOTION TO DISMISS AND MISSTATES THE LAW. .................................................. 1

    A.    Courts Routinely Decide, on a Motion to Dismiss, Whether a Plaintiff Has Adequately Alleged a Material Misrepresentation or Omission................................ 2

    B.    Heightened Pleading Standards Apply Because Plaintiff's Section 10(b) and Section 11 Claims are Inextricably Intertwined............................................. 2

III. PLAINTIFF'S FAILURE TO ALLEGE A MATERIAL MISREPRESENTATION OR OMISSION REQUIRES DISMISSAL OF ALL CLAIMS. ........................... 4

    A.    Plaintiff Fails to Identify an Actionable Misrepresentation or Omission in Arlo's Prospectus Filed on August 6, 2018. ................................................. 5

        1.    Plaintiff fails to identify contemporaneous facts showing Defendants were aware of any "problems" at the time of the IPO. ................................ 5

        2.    Plaintiff's attempts to contrive a materially false or misleading statement from Arlo's prospectus fail. ................................................. 6

    B.    Plaintiff Fails to Identify an Actionable Misrepresentation or Omission in Arlo's Earnings Call on October 25, 2018..................................................... 11

    C.    Plaintiff Fails to Identify an Actionable Misrepresentation or Omission in Arlo's Press Release on November 30, 2018............................................... 12

IV. PLAINTIFF'S FAILURE TO ADEQUATELY PLEAD SCIENTER IS AN INDEPENDENT BASIS TO DISMISS THE SECTION 10(B) CLAIM. ........... 13

V.  PLAINTIFF FAILS TO ALLEGE A CONTROL PERSON CLAIM................ 15

VI. CONCLUSION............................................................................................... 15

Cooley LLP
Attorneys At Law
San Diego

i.

Reply ISO Defendants'
MTD the Amended Complaint
5:19-cv-00372-BLF

**Cases**

*3226701 Canada, Inc. v. Qualcomm, Inc.,*
2017 WL 971846 (S.D. Cal. Jan. 27, 2017)................................................................12

*In re Allied Nevada Gold Corp. Securities Litigation,*
743 F. App'x 887 (9th Cir. 2018)........................................................................9

*Azar v. Yelp, Inc.,*
2018 WL 6182756 (N.D. Cal. Nov. 27, 2018)........................................................9

*Bao v. Solarcity Corp.,*
2016 WL 54133 (N.D. Cal. Jan. 5, 2016)..............................................................13

*In re Bare Escentuals, Inc. Secs. Litig.,*
745 F. Supp. 2d 1052 (N.D. Cal. 2010)................................................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)....................................................................................4, 8

*Belodoff v. Netlist, Inc.,*
2008 WL 2356699 (C.D. Cal. May 30, 2008)........................................................5

*Bondali v. Yum! Brands, Inc.,*
620 F. App'x 483 (6th Cir. 2015)......................................................................11

*Brody v. Trans. Hosps. Corp.,*
280 F.3d 997 (9th Cir. 2002)...........................................................................2

*Callan v. Motricity Inc.,*
2013 WL 195194 (W.D. Wash. Jan. 17, 2013).......................................................3

*In re Cent. Alum. Co. Secs. Litig.,*
729 F.3d 1104 (9th Cir. 2013)..........................................................................4

*In re Cisco Sys. Inc. Sec. Litig.,*
2013 WL 1402788 (N.D. Cal. Mar. 29, 2013).......................................................13

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,*
856 F.3d 605 (9th Cir. 2017)............................................................................9

*In re Copper Mt. Secs. Litig.,*
311 F. Supp. 2d 857 (N.D. Cal. 2004)..................................................................2

*In re Countrywide Fin. Corp. Secs. Litig.,*
588 F. Supp. 2d 1132 (C.D. Cal. 2008)................................................................3

*In re Cutera Secs. Litig.,*
610 F.3d 1103 (9th Cir. 2010)...........................................................................8

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**REPLY ISO DEFENDANTS'**
**MTD THE AMENDED COMPLAINT**
**5:19-CV-00372-BLF**

*Flecker v. Hollywood Entm't Corp.*,
  1997 WL 269488 (D. Or. Feb. 12, 1997).................................................................................11

*Flynn v. Sientra, Inc.*,
  2016 WL 3360676 (C.D. Cal. June 9, 2016) ...........................................................................14

*Gammel v. Hewlett-Packard Co.*,
  905 F. Supp. 2d 1052 (C.D. Cal. 2012) ..................................................................................14

*Gray v. First Winthrop Corp.*,
  82 F.3d 877 (9th Cir. 1996) ...................................................................................................10

*Greenberg v. Sunrun Inc.*,
  233 F. Supp. 3d 764 (N.D. Cal. 2017) .....................................................................................2

*Huang v. Avalanche Biotech., Inc.*,
  2016 WL 6524401 (N.D. Cal. Nov. 3, 2016) ............................................................................3

*Jackson v. Fischer*,
  2015 WL 1143582 (N.D. Cal. Mar. 13, 2015) ........................................................................13

*Levy v. Gutierrez*,
  2017 WL 2191592 (D.N.H. May 4, 2017) ................................................................................9

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
  416 F.3d 940 (9th Cir. 2005) .................................................................................................10

*Medina v. Tremor Video, Inc.*,
  640 F. App'x 45 (2d Cir. 2016) ................................................................................................6

*Melot v. JAKKS Pac., Inc.*,
  2014 WL 12589334 (C.D. Cal. June 6, 2014) ..........................................................................8

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ...........................................................................................13, 14

*In re No. Nine Visual Tech. Corp. Secs. Litig.*,
  51 F. Supp. 2d 1 (D. Mass. 1999) ............................................................................................4

*In re NVE Corp. Secs. Litig.*,
  551 F. Supp. 2d 871 (D. Minn. 2007) ....................................................................................14

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
  135 S. Ct. 1318 (2015)..........................................................................................................9, 10

*In re OmniVision Techs., Inc. Secs. Litig.*,
  937 F. Supp. 2d 1090 (N.D. Cal. 2013) ................................................................................2, 7

*In re Resonant Inc. Secs. Litig.*,
  2016 WL 1737959 (C.D. Cal. Feb. 8, 2016)............................................................................5, 6

Cooley LLP
Attorneys At Law
San Diego

iii.

**Reply ISO Defendants'**
**MTD the Amended Complaint**
**5:19-cv-00372-BLF**

*Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*,
845 F.3d 1268 (9th Cir. 2017) ...................................................................2, 4, 8

*In re Rigel Pharm., Inc. Secs. Litig.*,
697 F.3d 869 (9th Cir. 2012) ...................................................................14, 15

*Rodriguez v. Gigamon Inc.*,
325 F. Supp. 3d 1041 (N.D. Cal. 2018) ...........................................................8

*Ronconi v. Larkin*,
253 F.3d 423 (9th Cir. 2001) ........................................................................14

*S.E.C. v. StratoComm Corp.*,
2 F. Supp. 3d 240 (N.D.N.Y. 2014) ..............................................................15

*In re Siebel Sys., Inc. Secs. Litig.*,
2005 WL 3555718 (N.D. Cal. Dec. 28, 2005) ...............................................12

*In re Silicon Graphics, Inc. Secs. Litig.*,
183 F.3d 970 (9th Cir. 1999) ...................................................................13, 15

*In re Stac Elecs. Secs. Litig.*,
89 F.3d 1399 (9th Cir. 1996) .......................................................................3, 4

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ...................................................................6, 12

*Steckman v. Hart Brewing, Inc.*,
1996 WL 881659 (S.D. Cal. Dec. 24, 1996) ....................................................8

*In re Stratasys Ltd. S'holder Sec. Litig.*,
864 F.3d 879 (8th Cir. 2017) ........................................................................13

*In re SunEdison, Inc. Securities Litigation*,
300 F. Supp. 3d 444 (S.D.N.Y. 2018) ...........................................................10

*In re Suprema Specialties, Inc. Securities Litigation*,
438 F.3d 256 (3d Cir. 2006) ............................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ......................................................................................13

*In re Turnstone Sys. Secs. Litig.*,
2003 U.S. Dist. LEXIS 26709 (N.D. Cal. Feb. 4, 2003) ................................11

*Webb v. Solarcity Corp.*,
884 F.3d 844 (9th Cir. 2018) ........................................................................13

*Welgus v. TriNet Grp., Inc.*,
2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ....................................................4

Cooley LLP
Attorneys At Law
San Diego

iv.

**Reply ISO Defendants'**
**MTD the Amended Complaint**
**5:19-cv-00372-BLF**

*Welgus v. TriNet Grp., Inc.*,
2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ...................................................................2

*Wenger v. Lumisys, Inc.*,
2 F. Supp. 2d 1231 (N.D. Cal. 1998) ............................................................................2

*Wollrab v. Siebel Sys., Inc.*,
261 F. App'x 60 (9th Cir. 2007) ..................................................................................13

*In re Worlds of Wonder Secs. Litig.*,
35 F.3d 1407 (9th Cir. 1994) .......................................................................................10

**Statutes**

Private Securities Litigation Reform Act ("PSLRA") ........................................................2

Securities Exchange Act of 1934 ("Exchange Act") Section .............................................3
    10(b) ........................................................................................................*passim*
    20(a) .......................................................................................................1, 15

Securities Act of 1933 ("Securities Act") Section ...........................................................10
    11 ..............................................................................................................*passim*
    15 .........................................................................................................1, 15

**Other Authorities**

Federal Rule of Civil Procedure
    8 ................................................................................................................4, 8
    9(b) ......................................................................................................2, 3, 4, 8
    12(b)(6) ...........................................................................................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cooley LLP
Attorneys At Law
San Diego

v.

**Reply ISO Defendants'
MTD the Amended Complaint
5:19-cv-00372-BLF**

## I.   INTRODUCTION[1]

Plaintiff's Opposition fails to meaningfully address the arguments in Defendants' motion to dismiss.  And for good reason: there are no well-pled, contemporaneous facts in the Complaint (and none identified in the Opposition) to support Plaintiff's theory – i.e., that Defendants somehow lied to investors by failing to disclose that Arlo was having "problems innovating new products."  The Complaint does not specify these alleged innovation "problems," when they supposedly occurred, or when Defendants supposedly first learned of them.  In fact, the only "problem" mentioned in the Complaint is the Arlo Ultra "battery issue" that Arlo promptly disclosed on December 3, 2018. Plaintiff speculates that this "battery issue" must have surfaced earlier (it did not) and that Defendants were aware of it as far back as August 2018 when Arlo went public (they were not), but the Complaint contains no particularized facts – only hindsight and guesswork – to support Plaintiff's conjecture. Without this basic information, Plaintiff cannot (and does not) identify a materially false or misleading statement to support his Section 11 and Section 10(b) claims.

Plaintiff's Section 10(b) claim is also defective for another, independent reason: he fails to plead any particularized facts giving rise to a strong inference of scienter as to Arlo or the Individual Defendants.  In fact, Plaintiff alleges no facts even hinting at any Defendant's state of mind.  Because the Complaint does not state a primary violation of the securities laws, the "control person" claims under Section 15 and Section 20(a) also fail.  Thus, the Complaint should be dismissed in its entirety.

## II.   PLAINTIFF'S OPPOSITION MISCHARACTERIZES DEFENDANTS' MOTION TO DISMISS AND MISSTATES THE LAW.

Plaintiff accuses Defendants of "contest[ing] the merits and not the legal sufficiency" of the Complaint and "seek[ing] to apply the incorrect pleading standard" to Plaintiff's claims.  (Opp. at 1:11–13).  Plaintiff is wrong.  Courts routinely decide whether statements were material or misleading on a motion to dismiss.  Moreover, heightened pleading standards apply as Plaintiff's Section 11 and

---

[1] References to "¶ __" refer to the Amended Complaint ("Complaint").  (ECF No. 55).  All emphasis is added, and citations and internal quotation marks are omitted unless otherwise stated.  Exhibit references are to the Declaration of Peter M. Adams filed with Defendant's motion.  (ECF No. 87).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

Section 10(b) (fraud) claims are inextricably intertwined.

**A. Courts Routinely Decide, on a Motion to Dismiss, Whether a Plaintiff Has Adequately Alleged a Material Misrepresentation or Omission.**

According to Plaintiff, "[w]hether Arlo's statements were misleading is not something for this Court to decide as a matter of law on a Rule 12(b)(6) motion, but a factual question for a jury." (Opp. at 15:23–24). That is not the law.

Courts regularly decide the adequacy of allegations concerning the falsity and materiality of alleged statements and omissions on the pleadings. *See, e.g.*, *Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1278–79 (9th Cir. 2017) (affirming dismissal for failure to plead "material misrepresentations or actionable material omissions"); *Brody v. Trans. Hosps. Corp.*, 280 F.3d 997, 1007 (9th Cir. 2002) (same); *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *24 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019) (dismissing complaint for same reasons); *Greenberg v. Sunrun Inc.*, 233 F. Supp. 3d 764, 772–75 (N.D. Cal. 2017) (same); *In re OmniVision Techs., Inc. Secs. Litig.*, 937 F. Supp. 2d 1090, 1101–05 (N.D. Cal. 2013) (same); *In re Copper Mt. Secs. Litig.*, 311 F. Supp. 2d 857, 868–69 (N.D. Cal. 2004) (same); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1244–45 (N.D. Cal. 1998) (same).[2]

As set forth below, even if Plaintiff had pled any facts showing contemporaneous knowledge of any "problems" at the time of the IPO (he has not), Plaintiff still fails to plead any actionable misrepresentation or omission as a matter of law.

**B. Heightened Pleading Standards Apply Because Plaintiff's Section 10(b) and Section 11 Claims are Inextricably Intertwined.**

Plaintiff does not dispute his Section 10(b) claim for fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA. (*See* Opp. at 13:23–25). Plaintiff contends, however, that heightened pleading requirements do not apply to his Section 11

---

[2] Plaintiff contends that Defendants' motion to dismiss "recognizes that the Amended Complaint alleges clear misrepresentations." (Opp. at 15:4–6 (citing Doc. 85 at 10)). This is untrue. Nothing in Defendants' motion suggests Plaintiff's Complaint alleged a false or misleading statement.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

claim.  (Opp. at 13:17–14:22).  Plaintiff is again wrong.

Plaintiff concedes that Rule 9(b) applies to allegations "grounded in fraud," but hopes to avoid application of that rule to his Section 11 claim by "expressly disclaim[ing] any allegation of 'fraud, recklessness or intentional misconduct.'"  (*Id.* at 13:23–26).  This is not enough.  A "general disclaimer" like the one employed here is insufficient to avoid Rule 9(b)'s particularity pleading requirement with respect to claims that otherwise sound in fraud.  *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996) (disclaimers "are unconvincing where the gravamen of the complaint is plainly fraud and no effort is made to show any other basis for the claims levied at the Prospectus"); *Callan v. Motricity Inc.*, 2013 WL 195194, at *5 (W.D. Wash. Jan. 17, 2013) ("[A] plaintiff cannot escape the requirements of Rule 9(b) with a general disclaimer that a claim is based on negligence rather than fraud.").  Every statement that Plaintiff challenges under Section 11 he also challenges under Section 10(b).  (¶¶ 1–87, 112).  Plaintiff makes only a nominal effort to separate his allegations of "fraud, recklessness or intentional misconduct" under Section 10(b) from his Section 11 claim.  (*See* Opp. at 13:17–14:22).  Plaintiff's Section 10(b) and Section 11 claims are thus inextricably intertwined.  *See, e.g.*, *Huang v. Avalanche Biotech., Inc.*, 2016 WL 6524401, at *9 (N.D. Cal. Nov. 3, 2016) (complaint sounded in fraud where it incorporated "the factual allegations used for Exchange Act claims to prove that the statements . . . in the IPO registration were false and/or misleading").

Plaintiff tries to avoid the result of this inextricable linkage by arguing that heightened pleading does not apply "when the complaint contains one allegation of fraud."  (Opp. at 14:3–5).  But Plaintiff's sole in-circuit authority, *In re Countrywide Financial Corp. Securities Litigation*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008), is readily distinguishable.  In *Countrywide*, the complaint alleged two completely separate courses of conduct underlying the Section 11 and Section 10 claims: (1) the abandonment of sound underwriting practices (not fraudulent); and (2) intentionally misrepresenting underwriting processes (fraudulent).  *Id.* at 1163.  The complaint also "levie[d] fraud allegations against a select few defendants" and "specifie[d] unique, particularized facts as to those defendants."  *Id.* at 1162–63.  Here, however, the Complaint alleges a single, unified course of conduct underlying both the Section 10(b) and Section 11 claims.  (¶¶ 1–87, 112).  Plaintiff also pleads his fraud claim against Arlo and the Individual Defendants indiscriminately, and does not specify unique,

Cooley LLP
Attorneys At Law
San Diego

3.

Reply ISO Defendants'
MTD the Amended Complaint
5:19-cv-00372-BLF

1   particularized *facts* related to the purported fraud. (*See, e.g.*, ¶ 115). In fact, Plaintiff even cites to his

2   fraud allegations to support his Section 11 argument. (*See* Opp. at 17:10-13 [citing ¶¶ 89–90]).

3       Plaintiff's out-of-circuit authority fares no better. The court in *In re No. Nine Visual*

4   *Technology Corp. Securities Litigation*, 51 F. Supp. 2d 1 (D. Mass. 1999), credited the plaintiff's

5   disclaimer of fraud in relation to its Section 11 claim, but explicitly noted that ***the Ninth Circuit takes***

6   ***the opposite approach***. *See id.* at 12; *In re Stac Elecs. Secs. Litig.*, 89 F.3d at 1405. Plaintiff's reliance

7   on *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256 (3d Cir. 2006), is misplaced for

8   the same reason. In light of the "obvious overlap" between Plaintiff's claims, the Court may properly

9   assume the Section 11 claim is grounded in fraud, and the heightened pleading standard applies. *In re*

10  *Bare Escentuals, Inc. Secs. Litig.*, 745 F. Supp. 2d 1052, 1068 (N.D. Cal. 2010); *Welgus v. TriNet*

11  *Grp., Inc.*, 2017 WL 167708, at *1 (N.D. Cal. Jan. 17, 2017) (where the "overwhelming majority of

12  allegations in the [complaint] concern the fraudulent concealment or misrepresentation of material

13  information," Rule 9(b) applies).

14      Nonetheless, even if the Court were to apply the baseline Rule 8 pleading standard, Plaintiff

15  still fails to allege what "problems innovating new products" Arlo was supposedly experiencing at the

16  time of the IPO. (*See* Opp. at 17–21). Thus, Plaintiff's allegations of falsity still do not rise above

17  even the "speculative level:" there is not enough "factual matter (taken as true) to suggest" Plaintiff's

18  allegations are "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also In re*

19  *Cent. Alum. Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("[P]laintiffs cannot offer allegations

20  that are merely consistent with their favored explanation but are also consistent with the alternative

21  explanation.").

22  **III.   PLAINTIFF'S FAILURE TO ALLEGE A MATERIAL MISREPRESENTATION OR OMISSION**
        **REQUIRES DISMISSAL OF ALL CLAIMS.**
23

24      Both Section 10(b) of the '34 Act and Section 11 of the '33 Act require Plaintiff to plead a

25  material misrepresentation or omission. *See, e.g.*, *Retail Wholesale*, 845 F.3d at 1274 (Section 10(b));

26  *Welgus*, 2017 WL 167708, at *13 (Section 11). Plaintiff has not adequately alleged any actionable

27  misrepresentation or omission in Arlo's August 2018 prospectus, the October 25, 2018 conference

28  call, or the November 30, 2018 press release. His claims fail.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

**REPLY ISO DEFENDANTS'**
**MTD THE AMENDED COMPLAINT**
**5:19-CV-00372-BLF**

**A.    Plaintiff Fails to Identify an Actionable Misrepresentation or Omission in Arlo's Prospectus Filed on August 6, 2018.**

Plaintiff fails to identify any allegations of contemporaneous facts in the Complaint showing that, at the time of the IPO, (1) the Arlo Ultra battery issue already existed, or, (2) assuming it did, Defendants had reason to know it would affect Arlo Ultra's release, Arlo's "gross margins," its "operating results," or its stock price. (¶ 86). Plaintiff's reliance on Arlo's Item 303 disclosure does not change these manifest pleading defects. (*See* Opp. at 17:15–19:7). Moreover, even if Defendants knew such "facts" in August 2018 (they did not), Plaintiff still does not allege how omitting them "made the statements contained in the prospectus misleading, much less materially misleading." *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *12 (C.D. Cal. May 30, 2008).

**1.    Plaintiff fails to identify contemporaneous facts showing Defendants were aware of any "problems" at the time of the IPO.**

Plaintiff concedes that he is required to plead contemporaneous facts to support his alleged omissions under both Section 10(b) and Section 11. (*See* Mot. at 8:23–10:12; Opp. at 19:8–11). Plaintiff alleges in conclusory fashion that Arlo was supposedly "having problems innovating new products, and that new Arlo products would not be ready for sale during the upcoming holiday season" (¶¶ 22, 86), but fails to point to any factual allegations showing these issues existed *at the time of Arlo's IPO*. (*See* Opp. at 19:8–21:6). This is fatal to Plaintiff's prospectus claims. *See In re Resonant Inc. Secs. Litig.*, 2016 WL 1737959, at *6–8 (C.D. Cal. Feb. 8, 2016) (dismissing Section 10(b) and Section 11 claims where only conclusory allegations of contemporaneous knowledge were pled).

Plaintiff appears to contend that knowledge at the time of the IPO can be inferred from: (1) Ms. Gorjanc's subsequent statement during the October 25 earnings call that "we don't have a big new [product] hitting in channel all of Q4" (Opp. at 19:12–20:07) and (2) the 54-day separation between the IPO and the start of the fourth quarter. (*Id.* at 20:8–13). This argument combines Plaintiff's misreading of the disclosure record with nothing more than rank speculation. First, Ms. Gorjanc's "all of Q4" statement referred to having a new product in channel for the entire duration of the fourth quarter, not for any part of the fourth quarter: "[N]ormally, we would have a new product in the market for *all of Q4* . . . [but] we don't have a big new one hitting in channel *all of Q4* like we would

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

normally have, like we had Pro 2 last year . . . ***introduced in September***." (Exh. B at 6; *see* Mot. at 15:19–16:3). Plaintiff also takes Ms. Gorjanc's statement – "[i]f I have a brand new product out in Q4, you can bet I'm not going to be promoting that" – out of context, as this was made later during the call in response to a completely different question regarding projected gross margin. (Exh. B at 10). Second, Plaintiff still fails to explain how Ms. Gorjanc's statement and the start of the fourth quarter in October somehow show Defendants knew about the purported "problems innovating new products" at the beginning of August, or that they would be unable to release a product during the holidays – much less that Arlo would subsequently issue lower-than-expected margin guidance.

Plaintiff also argues that the prospectus failed to disclose "no new product was forthcoming for the entire 2018 holiday season" (Opp. at 20:14–21:6), but again fails to identify any factual allegations in the Complaint indicating that this was known at the time of the IPO. *See In re: Resonant Inc. Secs. Litig.*, 2016 WL 1737959, at *7 ("If subsequent developments make a statement in a public filing false or misleading, this does not mean that a defendant committed a misrepresentation when the defendant initially made the public filing."). Plaintiff's Item 303 arguments are similarly unavailing. (Opp. at 17:15–19:7). As Plaintiff acknowledges, in order to state a Section 11 claim predicated on an Item 303 disclosure, the "trend, demand, commitment, event or uncertainty" must be "***both presently known to management*** and reasonably likely to have material effects on the registrant's financial condition or results of operation." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296–97 (9th Cir. 1998) (affirming dismissal of Section 11 claim). But again, no plausibly pled fact suggests Defendants knew or should have known at the time of the IPO about an issue with Arlo Ultra's battery or the scope and magnitude of any such issues, including the effect on Arlo Ultra's release. *Medina v. Tremor Video, Inc.*, 640 F. App'x 45, 48 (2d Cir. 2016) (suppositions of what Defendants "would have" known in August 2018 do not permit an inference that something was actually "known"). Plaintiff's baseless conjecture cannot serve as the basis for his securities claims.

    **2.**    **Plaintiff's attempts to contrive a materially false or misleading statement from Arlo's prospectus fail.**

Plaintiff's IPO claims also fail because Arlo's purported omissions did not render any statements in the prospectus false or misleading when made. (Mot. at 10:13–15:4). For a statement

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

to be "misleading" under the securities laws, the statement must lead investors in the "wrong direction." *See OmniVision*, 937 F. Supp. 2d at 1101 ("[I]t is not enough to allege that [a] statement is incomplete; rather, the plaintiff must state facts showing that, due to its incompleteness, the statement affirmatively led the plaintiff in a wrong direction (rather than merely omitted to discuss certain matters).").  Critically, while Plaintiff repeatedly contends Arlo's "normal procedure" was to launch a new product each fourth quarter in advance of the holiday season and Arlo failed to disclose it would "deviate" from this practice in 2018 (*see* Opp. at 5:27–6:15, 17:4–6, 18:14–16, 19:5–7, 20:15–18, 22:23–25, 23:15–21, 24:8–13), ***Arlo never made any such representation in its IPO materials***. To the contrary, the prospectus provides only that "[h]istorically, we have generated higher revenue in the third and fourth quarters of each year . . . relating to the beginning of the school year and holiday season." (Exh. A at 80; *see also* ¶¶ 9, 45, 81).  Plaintiff attempts to twist this disclosure – which refers to both the third and fourth quarters, and to the beginning of the school year as well as the holiday season – into a promise that a new product would be launched in advance of the holiday season every year.  But Arlo made no such promise.  In fact, ***the prospectus does not mention Arlo Ultra at all*** – never mind promise a launch date or that any future product would be free from bugs or defects.  Arlo regularly launched products in other quarters.  For example, the prospectus highlights the launch of the Arlo Go in the first quarter of 2017, Arlo Baby in the second quarter of 2017, and Arlo Security Light in the second quarter of 2018.  (*See* ¶ 44; Exh. A at 112–113).

Plaintiff also argues throughout his Opposition that "Defendants misrepresented that Arlo was not having problems innovating new products, and, therefore, problems generating revenue in its Registration Statement," but Plaintiff fails to allege a single fact regarding the nature of these purported "problems," when they occurred, or when Arlo supposedly became aware of them.[3]  (*See* Opp. at 2:9–12, 6:16–19, 17:2–4, 17:8–14, 19:9–11).  Without facts giving some indication of what "problems" Arlo was supposedly experiencing at the time of the IPO, Plaintiff cannot meet his burden to plausibly

---

[3] Plaintiff notes two earlier Arlo products previously experienced battery issues, but fails to allege when these alleged issues occurred, and whether they were ongoing and caused by Arlo – let alone that they had any effect on the development of any planned products.  (Opp. at 10:16–25; *see* ¶ 69).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

allege a materially false statement or omission even under the baseline of Rule 8, much less the applicable heightened requirements of Rule 9(b). *See Twombly*, 550 U.S. at 556 (plaintiff must plausibly allege enough "factual matter (taken as true) to suggest" that the required element is satisfied). Nor does Plaintiff allege how Arlo's mystery "problems" possibly constituted a known "trend or uncertainty" at the time of the IPO that was required to be disclosed under Item 303 (Opp. at 17:15–19:7), especially when Arlo never promised it would release any new product, including for the entire duration of the fourth quarter of 2018. (*See id.* at 18:11–18).

As set forth in the motion to dismiss, none of the statements in the prospectus on which Plaintiff purports to base his claims were materially false or misleading because, as a matter of law, they were: (i) accurate statements about past performance, (ii) non-actionable puffery or opinions, and/or (iii) forward-looking statements protected by the "bespeaks caution" doctrine. (*See Mot.* at 11:8–14:28).

**Accurate statements of historical fact.** (¶¶ 77–79, 81–85). Accurate statements about past performance are "not actionable as a matter of law." *Melot v. JAKKS Pac., Inc.*, 2014 WL 12589334, at \*10 (C.D. Cal. June 6, 2014); *Steckman v. Hart Brewing, Inc.*, 1996 WL 881659, at \*3 (S.D. Cal. Dec. 24, 1996) ("By disclosing its historical results for all completed periods in its Prospectus . . . Pyramid did not assume an obligation to make guarantees about subsequent periods."), *aff'd*, 143 F.3d 1293 (9th Cir. 1998). Plaintiff does not allege these statements concerning historical facts or past performance are untrue; thus he has not pled that these statements were misleading. (*See Mot.* at 11:8–23). Plaintiff does not even attempt to contest this portion of the motion. (*See Opp.* at 21:7–24:16).

**Nonactionable opinions or puffery.** (¶¶ 77–85). Plaintiff concedes "puffing" – i.e., "expressing an opinion rather than a knowingly false statement of fact" – is not misleading, as it is not "capable of objective verification." *Retail Wholesale*, 845 F.3d at 1275–76; *see In re Cutera Secs. Litig.*, 610 F.3d 1103, 1111 (9th Cir. 2010). Plaintiff argues that otherwise classic puffery (¶¶ 77–80, 82, 84–85) may still be actionable if it "go[es] beyond 'feel good' optimistic statements" when viewed in context, but fails to show that is the case here. (Opp. at 21:11–23:4). Once again, Plaintiff's cases are inapposite. In *Rodriguez v. Gigamon Inc.*, 325 F. Supp. 3d 1041 (N.D. Cal. 2018), the challenged statements went beyond the sort of "broad strokes" statements of "corporate optimism" that are not actionable because the "[d]efendants made *factual* statements" regarding the company's "product

Cooley LLP
Attorneys At Law
San Diego

8.

Reply ISO Defendants'
MTD the Amended Complaint
5:19-cv-00372-BLF

backlog, deferred service revenue, revenue and profitability" that were allegedly untrue. *Id.* at 1054–55. Similarly, in *Azar v. Yelp, Inc.*, 2018 WL 6182756 (N.D. Cal. Nov. 27, 2018), the defendants' assurance that "the fundamentals are in place and really strong" was not puffery because it was made in response "to a specific question about the local advertising program that [d]efendants allegedly knew was performing poorly." *Id.* at *12. The statements here, by contrast, are simple expressions of corporate optimism. (*See, e.g.*, ¶ 82 ["Best-in-Class Technology. Our engineers continually push the boundaries of innovation to develop products that leverage our cutting-edge technological capabilities . . . ."]). To the extent these statements include any factual content at all, Plaintiff does not plead any facts showing those portions were inaccurate. (Mot. at 12:25–13:3).

Plaintiff challenges numerous other opinion statements as well (¶¶ 77–85), but does not dispute such statements are actionable ***only*** where (i) "the speaker did not hold the belief she professed," (ii) "the supporting fact[s] [the speaker] supplied [are] untrue," or (iii) the statement omitted information "whose omission ma[de] the opinion statement . . . misleading to a reasonable person reading the statement fairly and in context." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) (citing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1327, 1332 (2015)). As set forth in Defendants' Motion, these statements are not actionable because Plaintiff fails to allege that any Defendants disbelieved these statements, disclosed any untrue facts as the basis for the statements, or omitted any material fact whose omission made the statements misleading to a reasonable investor. (*See* Mot. at 13:4–25; Opp. at 22:23–23:4).

Plaintiff also relies on *In re Allied Nevada Gold Corp. Securities Litigation*, 743 F. App'x 887 (9th Cir. 2018), but that case applied essentially the same standard: "statements of opinion may be actionably false where investors identify ***particular (and material) facts going to the basis for the issuer's opinion*** . . . whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." *Id.* at 887–88 (citing *Omnicare*, 135 S. Ct. at 1332–33); *see also Levy v. Gutierrez*, 2017 WL 2191592, at *20 (D.N.H. May 4, 2017) (applying same standard). Either way, Plaintiff has not identified any facts, let alone "particular" and "material" facts, indicating that the bases for Arlo's opinions in the prospectus were false. *But cf. Allied*, 743 F. App'x

at 888 ("[P]laintiff adequately alleged that defendants possessed knowledge during the class period that left them with no basis for their optimistic statements regarding production, finances, and the company's expansion plans.").

Read fairly and in context, the challenged statements also would not be misleading to a reasonable investor because Arlo repeatedly *warned* about "potential quality problems, including defects or errors" with "current and future products and services." (Exh. A at 10, 22, 31–32). Moreover, contrary to Plaintiff's claim otherwise (Opp. at 23:1–4), the challenged statements *do* include language identifying them as opinions. (*See, e.g.*, ¶¶ 77, 79 ["[W]e *plan*"]; ¶¶ 78, 84–85 ["We *believe*"]; ¶ 80 ["We *expect*"]). Thus, none of these statements are actionable. *See Omnicare*, 135 S. Ct. at 1330 ("The reasonable investor understands a statement of opinion in its full context.")

**Protected forward-looking statements.** (¶¶ 77–80, 83–84). Plaintiff concedes the "bespeaks caution" doctrine allows the court to determine "defendants' forward-looking representations contained enough cautionary language or risk disclosure to protect the defendant against claims of securities fraud" as a matter of law on a motion to dismiss. *In re Worlds of Wonder Secs. Litig.*, 35 F.3d 1407, 1413–14 (9th Cir. 1994). Plaintiff argues the bespeaks caution doctrine should not apply because Arlo's forward-looking statements "serve to confuse a reasonable investor" and are not "specifically tailored to the alleged misrepresentations." (Opp. at 23:21–23). But Plaintiff fails to explain how such "confusion" could reasonably arise. In addition to being innocuous, the challenged statements were forward-looking and accompanied by ample cautionary language concerning the possibility of "defects or errors," or possible supply shortages for batteries and other components. (Exh. A at 10, 22, 31–32, 34–35). Plaintiff cites *In re SunEdison, Inc. Securities Litigation*, 300 F. Supp. 3d 444, 466 (S.D.N.Y. 2018), but the court there applied the bespeaks caution doctrine and *dismissed* plaintiff's Securities Act claims regarding the strength of the company's liquidity based on similar cautionary language. *Id.* 464–66.

Plaintiff's other authorities are similarly inapposite. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005), acknowledges the bespeaks caution doctrine properly applies "to forward-looking statements, such as estimates of future performance or economic projections" – just like those at issue here. *Id.* at 947; *Gray v. First Winthrop Corp.*, 82 F.3d 877, 883

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

(9th Cir. 1996) (same). And while *Flecker v. Hollywood Entertainment Corp.*, 1997 WL 269488, at *6 (D. Or. Feb. 12, 1997), held none of the risk disclosures at issue warned of possible misrepresentations regarding prior revenues and accounting manipulation, the disclosures here contemplate the very issue raised by Plaintiff: a product delay based on a defect. (Exh. A at 31, 34).

Plaintiff also contends "Defendants' risk disclosures themselves were materially false and misleading," but identifies only a single risk disclosure at issue – "[i]f we do not effectively manage our sales channel inventory and product mix, we may incur costs associated with excess inventory, or lose sales from having too few products . . . ." (¶ 83) – and still fails to point to any allegations of fact showing the content of this disclosure was somehow false. (*See* Mot. at 14:19–28; Opp. at 24:5–13). In any event, this forward-looking statement falls squarely within the bespeaks caution doctrine. *In re Turnstone Sys. Secs. Litig.*, 2003 U.S. Dist. LEXIS 26709, at **98–99, *124 (N.D. Cal. Feb. 4, 2003) (risk factors were "clearly not actionable" but "protected by the 'bespeaks caution' doctrine" even if they were); *see also Bondali v. Yum! Brands, Inc.*, 620 F. App'x 483, 491 (6th Cir. 2015) ("[A] reasonable investor would be unlikely to infer anything regarding the current state of a corporation's . . . operations from a statement intended to educate the investor on future harms.").

\*\*\*

In sum, Plaintiff's Opposition does nothing to alter the conclusion that the Complaint does not include any well-pled allegation that Arlo's August 2018 prospectus contained a material misrepresentation or omission. The Court should dismiss the Section 10(b) claim to the extent it is based on that document, and dismiss the Section 11 claim entirely.

**B.      Plaintiff Fails to Identify an Actionable Misrepresentation or Omission in Arlo's Earnings Call on October 25, 2018.**

Plaintiff continues to mischaracterize what Ms. Gorjanc said during Arlo's earnings call on October 25, 2018. (Opp. at 28:18–26). As set forth above, Ms. Gorjanc's "all of Q4" statement referred to having a new product in channel for the entire duration of the fourth quarter, not for any part of the fourth quarter: "[N]ormally, we would have a new product in the market for *all of Q4* . . . [but] we don't have a big new one hitting in channel *all of Q4* like we would normally have, like we had Pro 2 last year . . . *introduced in September*." (Exh. B at 6). Plaintiff provides no authority for

Cooley LLP
Attorneys At Law
San Diego

his claim the Court cannot consider what Ms. Gorjanc actually said on a motion to dismiss (Opp. at 28:23–26) – especially when the relevant passage is quoted verbatim in Plaintiff's complaint. (¶ 68). Ninth Circuit precedent is clear the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," as they are here. *Steckman*, 143 F.3d at 1295–96.

Plaintiff also doubles down on the initial confusion sown in the Complaint, and argues Ms. Gorjanc "lied" in the October 25 earning's call, while at the same time contending Ms. Gorjanc's statements were actually corrective of purported misstatements in the prospectus. (*See* Mot. at 15:7–16:3; Opp. at 28:27–29:8). This still makes no sense. Plaintiff fails to identify anything "materially false or misleading" about Ms. Gorjanc's October 2018 statements, and Plaintiff's argument that the prospectus was misleading fails for the reasons identified above. Even if Ms. Gorjanc's statement *were* misleading (it is not), and she "blamed the reduced guidance on the fact that no new products were being released in the 2018 fourth quarter," when Arlo actually had intended to release Arlo Ultra in November (¶ 92), under Plaintiff's theory this should have artificially *deflated* stock prices – not *inflated* them. (*Cf.* ¶ 119 ["The market price of Arlo securities declined sharply upon public disclosure of the facts alleged herein . . . ."]). Thus, Plaintiff fails to allege Ms. Gorjanc's October 2018 statements were "materially false or misleading."

### C. Plaintiff Fails to Identify an Actionable Misrepresentation or Omission in Arlo's Press Release on November 30, 2018.

Plaintiff concedes the November 30 press release did not misrepresent Arlo Ultra's features. (Opp. at 27:28–28:1). While Plaintiff argues Arlo's press release created a duty to disclose every glitch encountered during testing and instantly predict the effect on a company's revenue (*see* Opp. at 26:13–20, 27:23–25), this is not (and cannot be) the law. *See 3226701 Canada, Inc. v. Qualcomm, Inc.*, 2017 WL 971846, at *10 (S.D. Cal. Jan. 27, 2017) (allegations that microprocessor "was still showing signs of overheating and abnormal rates of crashing" late in development did not render misleading a company's "vague statements regarding the [product's] features and design, or assertions regarding its future inclusion in commercial devices"); *In re Siebel Sys., Inc. Secs. Litig.*, 2005 WL 3555718, at *4 (N.D. Cal. Dec. 28, 2005) ("That a new program has kinks does not make a positive

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

statement about the program false. If that were the case, the federal securities laws would prevent software companies from making any positive statements about new software."). Arlo disclosed this information one business day later. (¶ 66). Nothing further was required.

## IV. PLAINTIFF'S FAILURE TO ADEQUATELY PLEAD SCIENTER IS AN INDEPENDENT BASIS TO DISMISS THE SECTION 10(B) CLAIM.

As an initial matter, Defendants absolutely argue Plaintiff's Section 10(b) allegations "are not detailed, reliable, or credible" (Opp. at 24:21–22), and should be dismissed as a result. (*See, e.g.*, Mot. at 6:15–17:14). However, Plaintiff's Section 10(b) claim should also be dismissed on the independent basis that Plaintiff fails to plead "[p]ersuasive, effective, and cogent" facts giving rise to a "strong inference" of scienter, as required under Section 10(b). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24 (2007); *In re Silicon Graphics, Inc. Secs. Litig.*, 183 F.3d 970, 974 (9th Cir. 1999). Plaintiff acknowledges the high bar he faces in sufficiently alleging scienter (Opp. at 24:25–25:5), but nevertheless argues he meets his burden by alleging "specific misrepresentations in Arlo's November 30, 2018 Press Release [and] in Arlo's October 25, 2018 Earnings Call," which supposedly support a strong inference of scienter when "reviewed as a whole." (*Id.* at 25:25–28).

There are three main reasons that Plaintiff fails to adequately plead scienter. First, Plaintiff fails to allege scienter for "each defendant separately," as required. *Jackson v. Fischer*, 2015 WL 1143582, at *18 (N.D. Cal. Mar. 13, 2015). Second, and also fatal, Plaintiff fails to make "particular allegations which strongly imply Defendants' contemporaneous knowledge" of any of the purported "problems." *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1402788, at *9 (N.D. Cal. Mar. 29, 2013); *see Wollrab v. Siebel Sys., Inc.*, 261 F. App'x 60, 61 (9th Cir. 2007) (affirming dismissal on this basis); *In re Stratasys Ltd. S'holder Sec. Litig.*, 864 F.3d 879, 883 (8th Cir. 2017) (same). Third, Plaintiff fails to allege any insider stock sales, suggesting "that there was no insider information from which to benefit." *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1067 (9th Cir. 2008); *Webb v. Solarcity Corp.*, 884 F.3d 844, 856 (9th Cir. 2018) ("[A] lack of stock sales can detract from a scienter finding."). To the contrary, Defendants Mr. Lo and Ms. Gorjanc **purchased** stock in connection with the IPO (Exhs. D & E), which is "not consistent with scienter" and "support[s] an inference of innocence." *Webb*, 884 F.3d at 856; *Bao v. Solarcity Corp.*, 2016 WL 54133, at *7 (N.D.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

1    Cal. Jan. 5, 2016) ("This weighs against an inference of scienter.").

2    Plaintiff's haphazard scienter arguments are misleading and conclusory, not "cogent" and

3    "compelling." (*See* Opp. at 26:1–29:11). To start, Plaintiff argues the "temporal proximity" between

4    Arlo's purportedly misleading November 30 press release and subsequent December 3 disclosure

5    "creates both specific evidence of scienter and a strong inference of scienter," but points to no factual

6    allegations explaining why this is so. (*Id.* at 26:1–27:2, 28:6–12). As Plaintiff's cited authority makes

7    clear, temporal proximity "***without more***" is insufficient to establish scienter, and Plaintiff fails to

8    identify anything "more" at play here. *See Ronconi v. Larkin*, 253 F.3d 423, 437 (9th Cir. 2001)

9    (affirming dismissal because "the temporal proximity of the statements, in and of itself, is insufficient"

10   to establish scienter). Further, while Plaintiff summarily argues "Defendants knew there was a

11   problem with the release of Arlo Ultra on November 30" (Opp. at 28:6), Plaintiff fails to identify any

12   factual allegations in this regard. *See Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1079

13   (C.D. Cal. 2012) ("Speculation regarding what Defendants must have known is not an adequate

14   substitute for allegations purporting to show what Defendants actually knew.").

15   Next, even if Arlo Ultra was supposedly a "key product" (Opp. at 27:10–14), corporate

16   management's "general awareness of the day-to-day workings of the company's business does not

17   establish scienter . . . absent some additional allegation of ***specific information*** conveyed to

18   management and related to the fraud." *Metzler*, 540 F.3d at 1068. Plaintiff fails to allege any

19   additional "specific information" supposedly tipping Arlo's management off to the purported fraud,

20   and even knowledge of the technical problems at issue is insufficient to establish scienter without

21   allegations Defendants "believed that they made false or misleading statements." *In re Rigel Pharm.,*

22   *Inc. Secs. Litig.*, 697 F.3d 869, 883 (9th Cir. 2012); *see also In re NVE Corp. Secs. Litig.*, 551 F. Supp.

23   2d 871, 884 (D. Minn. 2007) (technical problems are "part and parcel of any attempt to commercialize

24   new technology."). *Flynn v. Sientra, Inc.*, 2016 WL 3360676 (C.D. Cal. June 9, 2016), is easily

25   distinguished because there the operations of the company's "sole manufacturer" had previously "been

26   flagged by several regulatory agencies" regarding a product which accounted for "all of its net sales."

27   *Id.* at *14–15. Here, there are no allegations establishing Arlo Ultra sales would comprise a significant

28   portion of Arlo's overall net sales (let alone ***all*** of them), or any regulatory inquiries.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

Plaintiff also argues Defendants had a duty to disclose any purported "problems" with Arlo Ultra at the time of the press release, and to instantaneously predict the corresponding effect on Arlo's revenue, but again provides no authority establishing any such requirement (which, in reality, would be impossible to adhere to). (Opp. 27:15–22). *S.E.C. v. StratoComm Corp.*, 2 F. Supp. 3d 240 (N.D.N.Y. 2014), is inapposite because the "press release" there contained ***affirmative misrepresentations*** regarding the company's ongoing business activities which plaintiffs alleged were false. *Id.* at 257. By contrast, Plaintiff concedes the November 30 press release does not contain any affirmative misrepresentations (for example, false statements about Arlo Ultra's features), and contends only that the press release ***omitted*** material information which Defendants were purportedly under a duty to disclose. (Opp. at 27:28–28:5). In any event, even if there were some duty to disclose information regarding any purported "problems" with Arlo Ultra and the projected effects on revenues together with the press release (there is not), Defendants substantially satisfied any such duty by disclosing this information one business day later.[4] (¶ 66).

Whether viewed in isolation or as a whole, Plaintiff fails to plead facts demonstrating a "strong inference" of scienter, as required. *In re Silicon Graphics, Inc. Secs. Litig.*, 183 F.3d at 974. The most compelling inference to be drawn from the alleged facts is Arlo simply encountered a quality issue at the eleventh hour, and rather than risk its reputation by releasing a flawed product, delayed Arlo Ultra's release by a few weeks. That is an unfortunate and ordinary business setback, but it is not fraud.

## V. PLAINTIFF FAILS TO ALLEGE A CONTROL PERSON CLAIM.

Again, because the Complaint does not state a primary violation of the securities laws, the "control person" claims under Section 15 or Section 20(a) necessarily fail. *See Rigel*, 697 F.3d at 886 ("Section 20(a) and section 15 both require underlying primary violations of the securities laws.").

## VI. CONCLUSION

For the reasons stated above, the Complaint should be dismissed without leave to amend.

---

[4] Plaintiff advances no additional scienter arguments in connection with the October 25 conference call (Opp. at 29:9–11), and his allegations fail to establish a "cogent" and "compelling" inference of scienter for the same reasons set forth above.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF

Dated: October 4, 2019

Respectfully submitted,

**COOLEY LLP**

s/ *Koji F. Fukumura*

KOJI F. FUKUMURA

*Attorneys for Defendants Arlo Technologies, Inc.,
Matthew McRae, Christine M. Gorjanc, Patrick C.S.
Lo, and Andrew Kim*

**DAVIS POLK & WARDWELL LLP**

s/ *Neal A. Potischman*

NEAL A. POTISCHMAN

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner
& Smith Incorporated, Deutsche Bank Securities Inc.,
Guggenheim Securities LLC, Raymond James &
Associates, Inc., Cowen and Company, LLC, and
Imperial Capital, LLC*

**WILSON SONSINI GOODRICH & ROSATI**

s/ *Boris Feldman*

BORIS FELDMAN

*Attorneys for Defendant NETGEAR, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

REPLY ISO DEFENDANTS'
MTD THE AMENDED COMPLAINT
5:19-CV-00372-BLF