# Exhibit B

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN JOSE DIVISION**

11

12

SPENCER WONG, Individually and on Behalf of All Others Similarly Situated,

13

Plaintiff,

14

v.

15

ARLO TECHNOLOGIES, INC.; MATTHEW McRAE; CHRISTINE M. GORJANC; PATRICK C.S. LO; ANDREW W. KIM; NETGEAR, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GUGGENHEIM SECURITIES LLC; RAYMOND JAMES & ASSOCIATES, INC.; COWEN AND COMPANY, LLC; and IMPERIAL CAPITAL, LLC,

16

17

18

19

20

21

Defendants.

22

Case No.  5:19-cv-00372-BLF

**STIPULATION AND AGREEMENT OF SETTLEMENT**

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

# TABLE OF CONTENTS

**Page**

I.      BACKGROUND ................................................................................................ 1

II.     PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT ...................................... 3

III.    DEFENDANTS' DENIALS OF LIABILITY ................................................................ 4

IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT .......................... 5

        DEFINITIONS ................................................................................................ 5

        CAFA NOTICE .............................................................................................. 12

        CLASS CERTIFICATION ................................................................................. 12

        RELEASES AND BAR ORDER ......................................................................... 13

        SETTLEMENT CONSIDERATION..................................................................... 15

        USE OF SETTLEMENT FUND AND ADMINISTRATION OF ESCROW
            ACCOUNT ............................................................................................. 16

        USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION
            ACCOUNT ............................................................................................. 17

        PLAN OF ALLOCATION ................................................................................. 18

        ADMINISTRATION OF THE SETTLEMENT ....................................................... 19

        DISTRIBUTION OF THE SETTLEMENT ............................................................ 21

        TAXES .......................................................................................................... 22

        ATTORNEYS' FEES AND EXPENSES ............................................................... 23

        TERMS OF ORDER FOR NOTICE AND HEARING............................................. 24

        TERMS OF ORDER AND JUDGMENT .............................................................. 25

        EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION................... 25

        OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY....................................... 27

        NOT A CLAIMS-MADE SETTLEMENT............................................................. 27

        LIMITATIONS ON USE OF THIS STIPULATION................................................. 27

        MISCELLANEOUS PROVISIONS ..................................................................... 29

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

- i -

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

This Stipulation and Agreement of Settlement dated June 11, 2020 ("Stipulation") is submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408. Subject to the Court's approval, this Stipulation is entered into, between, and among Lead Plaintiff Matis Nayman (the "Plaintiff"), individually and on behalf of each member of the proposed Settlement Class (defined below) and Defendants Arlo Technologies, Inc. ("Arlo" or the "Company"), Matthew McRae, Christine M. Gorjanc, Patrick C.S. Lo, Andrew W. Kim (together with Arlo, the "Arlo Defendants"); NETGEAR, Inc. ("NETGEAR"); and Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., Guggenheim Securities LLC, Raymond James & Associates, Inc., Cowen and Company, LLC, and Imperial Capital, LLC (the "Underwriter Defendants") (together with the Arlo Defendants and NETGEAR, the "Defendants"), by and through their respective counsel, and sets forth a settlement (the "Settlement") of the above-captioned action (the "Action").[1] The Settlement is intended to fully, finally, and forever resolve, discharge, and settle the Action and the Settled Claims (including Unknown Claims) upon and subject to the terms and conditions set forth herein.

## I.     BACKGROUND

*The State Actions*

On December 11, 2018, Philip Aversa filed a complaint in Superior Court of California, Santa Clara County (*Aversa v. Arlo Technologies, Inc. et al.,* No. 18-CV-339231) (the "*Aversa* Action") against Arlo Technologies, Inc., Matthew McCrae, Christine M. Gorjanc, Patrick C.S. Lo, Andrew W. Kim, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities LLC, Guggenheim Securities LLC, Raymond James & Associates, Inc., Cowen and Company LLC, and Imperial Capital, LLC (the same defendants as named in this Action with the exception of NETGEAR), asserting claims under the Securities Act of 1933 arising out of Arlo's August 2018 initial public offering. From January 9, 2019 through February 22, 2019, additional purported stockholders of Arlo (collectively with Mr. Aversa, the "State Court Plaintiffs") filed complaints

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

CooleY LLP
Attorneys at Law
San Diego

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-cv-00372-BLF

1  in Santa Clara Superior Court asserting the same or similar claims as those alleged in the *Aversa*
2  Action (with some adding NETGEAR as a defendant).  Those cases are:

3  - *Pham v. Arlo Technologies, Inc., et al.*, No. 19-CV-340741 (the "*Pham* Action")
4    (filed January 9, 2019).
5  - *Patel v. Arlo Technologies, Inc., et al.,* No. 19-CV-340758 (the "*Patel* Action")
6    (filed January 10, 2019).
7  - *Perros v. NETGEAR, Inc., et al.,* No. 19-CV-342071 (the "*Perros* Action") (filed
8    February 1, 2019).
9  - *Vardanian, et al. v. Arlo Technologies, Inc., et al.,* No. 19-CV-342318 (the "*VML*
10   Action") (filed February 8, 2019).
11 - *Hill, et al. v. Arlo Technologies, Inc., et al.,* No. 19-CV-343033 (the "*HKTR*
12   Action") (Filed February 22, 2019).

13 On April 26, 2019, the Santa Clara Superior Court consolidated each of the lawsuits listed
14 above into a single case (the "State Court Action"), appointed Glancy Prongay & Murray LLP and
15 Robbins Geller Rudman & Dowd LLP as lead counsel, and designated Bottini & Bottini, Inc.,
16 Robbins Arroyo LLP, Hedin Hall LLP, Bragar Eagel & Squire, P.C., and Levi Korsinsky, LLP as
17 members of the executive committee.

18 On May 1, 2019, the State Court Plaintiffs filed a consolidated complaint.  On May 6, 2019,
19 NETGEAR (joined by the Arlo Defendants and the Underwriter Defendants) moved to stay the
20 State Court Action pending resolution of this Action.  On June 21, 2019, the court granted the
21 motion "[t]o serve the interest of judicial efficiency, and to avoid the possibility of unseemly
22 conflicts[.]"  The court explained that the state and federal cases were "very similar" and arose "out
23 of the same facts and circumstances."

24 Counsel for the State Court Plaintiffs were not involved in the negotiation of this Stipulation
25 and Agreement of Settlement but the State Court Action asserts the same or similar claims to this
26 Action.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-cv-00372-BLF

*The Federal Action*

This Action commenced on January 22, 2019. On March 25 and 26, 2019, multiple individuals and entities sought appointment to serve as lead plaintiff under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4. On May 6, 2019, this Court appointed Matis Nayman to serve as Lead Plaintiff, Keller Lenkner LLC to serve as Lead Counsel, and Browne George Ross LLP to serve as Liaison Counsel.

Lead Plaintiff filed an Amended Complaint on June 7, 2019. The Amended Complaint asserted claims under the Securities Act of 1933 and the Securities Exchange Act of 1934. On August 6, 2019, Defendants moved to dismiss the Amended Complaint for failure to state a claim. Defendants argued that, among other things, Plaintiff failed to plead a materially false or misleading statement or scienter.

On December 19, 2019 this Court granted Defendants' motion with leave to amend— ordering Plaintiff to file an amended complaint on or before January 30, 2020. The deadline was later extended to February 13, 2020. Between January 16, 2020 and February 11, 2020, the parties continued to discuss settlement. The parties reached an agreement in principle on February 11, 2020, subject to negotiation of an appropriate stipulation of settlement and to court approval. The next day, the parties sought to stay proceedings so that they could file a stipulation and motion for preliminary approval of class-wide settlement. On February 14, 2020, Lead Plaintiff filed a Second Amended Complaint. On February 14, 2020, this Court entered an order staying proceedings.

## II.   PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Lead Counsel have conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Action. Specifically, the investigation included, among other things: (i) consultation with, and analysis by, damages experts; (ii) detailed reviews of Arlo's public filings, annual reports, press releases, and other publicly available information; (iii) review of analysts' reports and articles relating to Arlo; and (iv) research of the applicable law with respect to the claims asserted in the complaints filed in the litigation and the potential defenses thereto.

Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

However, Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this Action against Defendants, such as motions to dismiss, discovery, expert reports, motions for summary judgment, trial, and appeals.  Plaintiff is entering into this Settlement in view of, among other things, the significant funds the Settlement will provide to Settlement Class Members and the avoidance of the uncertainties, burden, risk, and expense of further litigation against the Defendants.  Plaintiff and Lead Counsel are mindful of the inherent problems of proof of, and possible defenses to, the securities law violations asserted in the Action.  Based on the foregoing, and in acknowledgement of this Court's rulings to this point, Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation confer substantial benefits upon the Settlement Class; are fair, reasonable, and adequate to the Settlement Class; and that it is in the best interests of the Settlement Class to settle the claims asserted in the Second Amended Complaint against the Defendants.

As set forth in ¶¶ 59–60 below, and pursuant to the Federal Rules of Evidence, this Stipulation shall in no event be construed as or deemed to be evidence of any admission or concession by the Plaintiff or any Settlement Class Member or Lead Counsel that any of the claims lack merit, that any of the Defendants' defenses to the claims have merit, or that damages recoverable in the action would not have exceeded the Settlement Fund amount.

## III.    DEFENDANTS' DENIALS OF LIABILITY

The Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made in the Action.  They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws or have otherwise misled investors as alleged in the Action.  Each Defendant has denied and continues to deny specifically each and all of the claims alleged in the Action; all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions, alleged in the Action; the allegations that any of the Defendants made any material misstatements or omissions; and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action.  In addition, the Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

Nonetheless, the Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting. The Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth in ¶¶ 59–60 below, and pursuant to the Federal Rules of Evidence, this Stipulation shall in no event be construed as or deemed to be evidence of any admission or concession by the Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for himself and all Settlement Class Members), on the one hand, and the Defendants, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to them from the Settlement set forth herein, the Action and the Settled Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to the Defendants, upon and subject to these terms and conditions set forth herein:

### DEFINITIONS

1.     In addition to the other defined terms herein, the following definitions shall apply in this Stipulation:

(a)     "Action" means *Wong v. Arlo Technologies, Inc., et al.,* No. 5:19-cv-00372-BLF (N.D. Cal. 2019).

(b)     "Amended Complaint" means the Amended Complaint (Dkt. No. 55) filed in the Action on June 7, 2019.

(c)     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim to the Settlement Administrator, in accordance with the requirements established by the Court, which is approved for payment from the Settlement Fund.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-cv-00372-BLF

(d)    "Claimant" means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(e)    "Class Period" means the period from August 3, 2018, to December 2, 2018, both dates inclusive.

(f)    "Defendant Claims" means any and all claims, rights, causes of action, and liabilities of every nature and description, whether known or Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action or against the Defendants, which any of the Defendants could pursue against the Plaintiff, Lead Counsel, or any Settlement Class Member or their attorneys, agents, experts, or investigators. Defendant Claims do not include any claims relating to the enforcement of the Settlement, any claims against any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court, or any claims for indemnification between or among the Defendants.

(g)    "Defendants" means Defendants Arlo Technologies, Inc. ("Arlo" or the "Company"); Matthew McRae, Christine M. Gorjanc, Patrick C.S. Lo, and Andrew W. Kim (together with Arlo, the "Arlo Defendants"); NETGEAR, Inc. ("NETGEAR"); and Merrill Lynch, Pierce, Fenner & Smith, Inc., Deutsche Bank Securities Inc., Guggenheim Securities LLC, Raymond James & Associates, Inc., Cowen and Company, LLC, and Imperial Capital, LLC (collectively the "Underwriter Defendants").

(h)    "Derivative Action" means *Pinto v. Aggarwal, et al.*, No. 5:19-CV-03354 (N.D. Cal. 2019); and any other related derivative action filed on behalf of Arlo prior to the date of this Stipulation.

(i)    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 52 below have been met and have occurred, at which time the Settlement contemplated by this Stipulation shall become effective.

(j)    "Escrow Account" means the escrow account or accounts to be established by Lead Counsel at Angeion Group LLC, into which the Settlement Consideration shall be wired, transferred, or otherwise paid pursuant to ¶ 10 below.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1    (k)    "Escrow Agent" means Angeion Group LLC.

2    (l)    "Final" means, with respect to any order of court, including, without

3    limitation, the Judgment, that such order represents a final and binding determination of all issues

4    within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an

5    order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing

6    any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed

7    and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has

8    been affirmed in all material respects and the prescribed time, if any for commencing any further

9    appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to

10   alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal

11   as of right, discretionary appeal, interlocutory appeal, petition for writ of *certiorari*, or other

12   proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any

13   appeal or other proceeding pertaining solely to an order or the part of an order adopting or approving

14   a Plan of Allocation or solely to any order or the part of an order issued solely with respect to an

15   application for attorneys' fees and expenses pursuant to ¶¶ 44-48 herein shall not in any way delay

16   or preclude the Judgment from becoming Final.

17   (m)    "Individual Defendants" means Matthew McRae, Christine M. Gorjanc,

18   Patrick C.S. Lo, and Andrew W. Kim.

19   (n)    "Judgment" means the Judgment and Order of Final Approval to be entered

20   by the Court following the settlement fairness hearing ("Settlement Hearing") approving the

21   Settlement, substantially in the form attached hereto as Exhibit 5.

22   (o)    "Net Settlement Fund" means the Settlement Fund, less (i) any taxes; (ii) any

23   Notice and Administration Costs; and (iii) any attorneys' fees, litigation expenses, and awards of

24   reasonable costs and expenses to Plaintiff awarded by the Court.

25   (p)    "Notice" means the Notice of Proposed Settlement of Class Action, Motion

26   for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, in all material respects in the

27   form attached hereto as Exhibit 2.

28   (q)    "Notice and Administration Costs" means the costs, fees, and expenses that

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

are incurred by the Settlement Administrator and/or the Escrow Agent in connection with administering the Settlement, including but not limited to: (i) providing notices to the Settlement Class; (ii) administering the claims process, (iii) engaging in Settlement-related communications with Settlement Class Members, and (iv) overseeing the administration of the Escrow Account.

(r)     "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(s)     "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in Exhibit 2, or such other plan of allocation as the Court may approve.

(t)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit 1, to be entered by the Court preliminarily approving the Settlement and directing that notice be provided to the Settlement Class.

(u)     "Proof of Claim" means the Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit 4, which a putative Settlement Class Member must complete and timely submit to the Settlement Administrator if that Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(v)     "Publication Notice" means the Summary Notice of Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit 3, which is to be published in a national business publication or via a national business newswire, as in the normal course of class action settlement notices, and be posted also on the Settlement Administrator's website.

(w)     "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Settlement Administrator to be compensable under the Plan of Allocation.

(x)     "Released Persons" means, collectively, each and all of (i) the Defendants, the members of each Individual Defendant's immediate family, any entity in which any Defendant or member of any Individual Defendant's immediate family has, or had during the Class Period, a

Cooley LLP
Attorneys at Law
San Diego

8

Stipulation and Agreement of
Settlement
5:19-cv-00372-BLF

controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his family; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

(y)　"Second Amended Complaint" means the Second Amended Complaint (Dkt. No. 114) filed in the Action on February 14, 2020.

(z)　"Settlement" means this Stipulation and Agreement of Settlement and the settlement contained herein.

(aa)　"Settlement Administrator" means the firm of the Angeion Group LLC which, subject to Court approval, shall administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit 2 hereto, arranging for publication of the Notice in the form of Exhibit 3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

(bb)　"Settlement Administration Account" means an interest-bearing account to be maintained by Lead Counsel with the Escrow Agent for payment of the expenses incurred by the Settlement Administrator in administering the Settlement.

(cc)　"Settlement Amount" means one million two hundred and fifty thousand dollars ($1.25 million).

(dd)　"Settlement Class" means all persons or entities who purchased or otherwise acquired Arlo common stock during the period from August 3, 2018 through December 2, 2018, inclusive (the "Class Period"), including stock purchased in or traceable to the public offering of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

Arlo common stock conducted on or around August 7, 2018 (the "IPO"), and were damaged thereby.  Excluded from the Settlement Class are (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of Arlo and their families; (iii) any entity in which the Arlo Defendants or NETGEAR have or had a controlling interest; (iv) any entity in which the Underwriter Defendants have or had a majority interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ee)    "Settled Claims" means the Settlement Class Claims and the Defendant Claims.

(ff)    "Settlement Class Claims" means all claims, rights, liabilities, and causes of action of every nature and description, including Unknown Claims, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that Plaintiff or any other member(s) of the Settlement Class asserted or could have asserted in any forum (i) that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part to, the allegations, transactions, facts, matters, occurrences, representations, or omissions referred to in any of the complaints filed in the Action and/or that relate to the purchase, sale, acquisition, or retention of Arlo common stock during the Class Period; or (ii) that are related the administration of the Settlement.  Notwithstanding the foregoing, "Settlement Class Claims" does not include any claims asserted on behalf of the Company in the Derivative Actions.

(gg)    "Settlement Class Member" means a Person who is a member of the Settlement Class that does not exclude himself, herself, or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(hh)    "Settlement Consideration" means the Settlement Amount that the Arlo Defendants shall pay or cause to be paid into the Escrow Account within fifteen (15) business days of the later of (i) the Court granting preliminary approval of the settlement; or (ii) the receipt by Defendants' counsel of complete payment instructions, including a W-9 form and wire transfer instructions required by certain of the Arlo Defendants' insurance carriers.

(ii)    "Settlement Fund" means the Settlement Consideration plus any and all

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1    interest accrued thereon in the Escrow Account.

2           (jj)    "Settlement Fund Distribution Order" means an order entered by the Court

3    authorizing and directing distribution, in whole or in part, of the Net Settlement Fund to the

4    Authorized Claimants.

5           (kk)    "Settling Parties" means Plaintiff, on behalf of himself and the Settlement

6    Class Members, and the Defendants.

7           (ll)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind on any

8    income earned by the Settlement Fund; (ii) any taxes or tax detriments that may be imposed upon

9    the Defendants or their counsel with respect to any income earned by the Settlement Fund for any

10   period during which the Settlement Fund does not qualify as a "qualified settlement fund" for

11   federal or state income tax purposes, provided that any such taxes or tax detriments are reported to

12   Lead Counsel and the Escrow Agent at least fourteen (14) days before distribution of the Net

13   Settlement Fund to the Settlement Class Members; and (iii) the reasonable and necessary costs and

14   expenses incurred in connection with determining the amount of, and paying, any taxes owed by

15   the Net Settlement Fund (including, without limitation, the reasonable and necessary costs and

16   expenses of tax attorneys and accountants).

17          (mm)    "Unknown Claims" means collectively, any and all Settlement Class Claims

18   that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his,

19   her, or its favor, and any Defendant Claims that any Defendant does not know or suspect to exist

20   in his, her, or its favor; including those, which, if known by him, her, or it, might have affected his,

21   her, or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various

22   releases set forth herein, or might have affected his, her, or its decision not to object to this

23   Settlement or not exclude himself, herself, or itself from the Settlement Class.  Unknown Claims

24   include, without limitation, those claims in which some or all of the facts composing the claim may

25   be unsuspected or undisclosed, concealed, or hidden.  The parties stipulate and agree that this

26   provision is to be interpreted to the broadest extent permitted by any applicable law, regulation, or

27   rule.  With respect to any and all Settled Claims, the parties stipulate and agree that, upon the

28   Effective Date, the parties shall expressly waive and each of the Settlement Class Members shall

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1  be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights, and

2  benefits of California Civil Code § 1542 and all provisions, rights, and benefits conferred by any

3  law of any state or territory of the United States, or principle of common law, which is similar,

4  comparable, or equivalent to California Civil Code § 1542.  California Civil Code § 1542 provides:

5
6  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**
7
8

9  The parties expressly acknowledge, and the Settlement Class Members shall be deemed to have,

10  and by operation of the Judgment shall have, acknowledged that the waiver and release of Unknown

11  Claims constituting Settled Claims was separately bargained for and a material element of the

12  Settlement.

13  **CAFA NOTICE**

14  2.      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar

15  days after this Stipulation is filed with the Court, the Arlo Defendants shall complete service on the

16  appropriate federal and state government officials of all notices required under the Class Action

17  Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel as to completion of such

18  service.

19  **CLASS CERTIFICATION**

20  3.      In the Order and Final Judgment, the Settlement Class shall be certified for the

21  purposes of the Settlement only and for no other purpose.  In the event that the Settlement is not

22  finally approved by the Court, the parties reserve all their rights on all issues, including whether a

23  class should be certified.  For settlement purposes only, in connection with the Order and Final

24  Judgment, Defendants consent to certification of this Action as a class action pursuant to Rules

25  23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class as set

26  forth above in ¶ 1(dd).  Following the execution of this Stipulation, Plaintiff, with the consent of

27  Defendants, shall apply to the Court for entry of the Preliminary Approval Order in the form

28  attached as Exhibit 1 hereto, which will certify the aforementioned Settlement Class.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12

STIPULATION AND AGREEMENT OF SETTLEMENT
5:19-cv-00372-BLF

**RELEASES AND BAR ORDER**

4.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to the Defendants, and shall fully and finally release any and all Settled Claims (including Unknown Claims) against the Defendants and all Released Persons.

5.      Upon the Effective Date, Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claims (including Unknown Claims), against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant hereto and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  The foregoing provisions shall not apply to any Person who would be a member of the Settlement Class but timely excludes himself, herself, or itself.

6.      By entering into this Stipulation, Plaintiff represents and warrants that he has not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Settlement Class Claims to any other Person, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Defendant Claims to any other Person.

7.      The Proof of Claim form to be executed by Claimants shall release all Settlement Class Claims (including Unknown Claims) against all Released Persons and shall be substantially in the form attached hereto as Exhibit 4.

8.      Upon the Effective Date, Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiff in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family and (b) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiff, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

9.      It is understood that Plaintiff and the other Settlement Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Settlement Class Claims or Defendant Claims (including Unknown Claims), but each of the Plaintiff and the Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled, and released any and all Settled Claims. Plaintiff and Defendants acknowledge,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1   and the Settlement Class Members by operation of law and of the Judgment shall be deemed to

2   have acknowledged, that the foregoing waiver of Settled Claims that are Unknown Claims (and the

3   inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant

4   Claims) was separately bargained for and is a material element of the Settlement.

5                           **SETTLEMENT CONSIDERATION**

6            10.     As full and complete consideration for the Settlement, the Arlo Defendants shall pay

7   or cause to be paid the Settlement Amount into the Escrow Account within fifteen (15) business

8   days of the later of (i) the Court granting preliminary approval of the settlement; or (ii) receipt by

9   Arlo's counsel from Lead Counsel of complete and accurate wiring instructions, payment address,

10  and a complete and accurate W-9 form.

11           11.     Other than the obligation of the Arlo Defendants to pay or cause to be paid the

12  Settlement Amount into the Escrow Account, under no circumstances will any Released Person

13  have any obligation to make any payment pursuant to this Settlement set forth herein, and no

14  responsibility, or liability or obligation whatsoever to anyone, with respect to the Settlement Fund,

15  the Net Settlement Fund, the Escrow Account, the Settlement Administrator, the Settlement

16  Administrator's actions, any transaction executed or approved by the Escrow Agent, the

17  maintenance, administration, investment, or distribution of the Settlement Fund or the Net

18  Settlement Fund, the establishment or administration of the Plan of Allocation, the determination,

19  administration, or calculation of claims, the payment or withholding of Taxes, the administration

20  of the Settlement, or any losses incurred in connection with such matters.  The Released Persons

21  shall have no further or other liability or obligations to Plaintiff, Lead Counsel, or any Settlement

22  Class Member with respect to the Settlement Class Claims, except as expressly stated herein.

23  Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold

24  from distribution to Authorized Claimants all funds necessary to pay all Notice and Administration

25  Costs and all other fees, costs, and expenses associated with administration of the Settlement and

26  the Settlement Fund; neither the Defendants nor their counsel nor any other Released Person is

27  responsible therefor, nor shall they have any liability whatsoever with respect thereto, above and

28  beyond the Arlo Defendants' obligation to pay the Settlement Amount into the Escrow Account as

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

set forth above.  The Settlement Fund shall indemnify and hold harmless all Released Persons for any costs of administration of the Settlement and the Settlement Fund of any kind whatsoever (including, without limitation, costs associated with any such indemnification).  NETGEAR and the Underwriter Defendants shall not be required to make, and shall have no responsibility for, any payments under this Settlement.

12.     The interest earned on the Settlement Fund pursuant to ¶ 14 below shall be for the benefit of the Settlement Class if the Settlement and Judgment become Final. If the Judgment does not become Final or the Settlement is terminated, the interest earned on the Settlement Fund shall be returned to the Defendants.

**USE OF SETTLEMENT FUND AND ADMINISTRATION OF ESCROW ACCOUNT**

13.     Prior to any distribution of the Net Settlement Fund, the Settlement Fund shall be used to pay: (i) any Taxes; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, litigation expenses, and Plaintiff awards of reasonable costs and expenses awarded by the Court. Under no circumstances shall Plaintiff or any Settlement Class Member or Lead Counsel have any responsibility for payment of such costs.

14.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

insured by the FDIC or backed by the full faith and credit of the United States.

15.     The Escrow Agent will bear all responsibility and liability for managing the Settlement Fund for the benefit of the Settlement Class, and cannot assign or delegate its responsibilities without approval of Lead Counsel.  Statements of account will be provided to Lead Counsel on a monthly basis until the Judgment becomes Final.

16.     The Escrow Account will, to the extent possible, be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for ensuring that the Escrow Account complies with the requirements and regulations governing Qualified Settlement Funds, for filing all informational and other tax returns (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund, and for paying all Taxes owed with respect to the Settlement Fund.  The Released Persons shall not have any liability or responsibility for any such Taxes.  Upon written request, the Defendants will provide to the Escrow Agent the statement described in Treasury Regulation § 1.468B-1(j).  The Escrow Agent shall timely make such elections as may be advisable to carry out this paragraph, including making a "relation back election" as described in Treasury Regulation § 1.468B-2(k)(3), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all such actions as may be necessary or appropriate in connection therewith.

17.     In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to Arlo.  Plaintiff and the Settlement Class Members shall have no responsibility for the return of such consideration.  Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

**USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT**

18.     Before the Effective Date and without further order of the Court, up to two hundred

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-cv-00372-BLF

fifty thousand ($250,000 USD) of the Settlement Amount may be transferred from the Escrow Account to the Settlement Administration Account in order to pay reasonable, necessary, and actually incurred Notice and Administration Costs.  No other disbursements from the Escrow Account related to the Settlement will occur until the Judgment becomes Final, absent agreement of the Settling Parties and approval from the Court.

19.    After the Judgment becomes Final, any remaining monies in the Settlement Administration Account shall be transferred back to the Escrow Account.  In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Settlement Administration Account, including interest earned, shall be returned to Arlo except for any monies already paid, or then due to be paid for work already performed, for administration costs, including notice costs and Taxes. Plaintiff and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

20.    Without prior approval from the Court, Lead Counsel may pay the Settlement Administrator from the Settlement Administration Account for the reasonable and necessary costs and expenses associated with administering the Settlement, including without limitation identifying and notifying members of the Settlement Class.

**PLAN OF ALLOCATION**

21.    The Settlement Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation.  Plaintiff and Lead Counsel are responsible for formulation of the Plan of Allocation, and have designed it so as to base Recognized Claims on only purchases of Arlo stock that occurred during the Class Period.

22.    The Plan of Allocation proposed in the Notice, as set forth in Exhibit 2 hereto, is not a necessary term of this Stipulation or the Settlement, and any change, modification, or alteration to the Plan of Allocation by the Court shall not be grounds for termination of the Settlement.  The Plan of Allocation is to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

**ADMINISTRATION OF THE SETTLEMENT**

23.     As part of the Preliminary Approval Order, Plaintiff shall seek appointment of the Settlement Administrator.  The Settlement Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Proofs of Claim, subject to the jurisdiction of the Court.  Other than Arlo's obligation to cooperate in the production of information with respect to the identification of Settlement Class Members as provided in ¶ 24 below, no Released Person shall have any involvement in, responsibility for, or liability or obligation whatsoever with respect to the selection of the Settlement Administrator, the Plan of Allocation, the administration of the Settlement, the management, disposition, investment, distribution, allocation, or disbursement of the Settlement Fund or the Net Settlement Fund, the determination, administration, calculation or payment of claims, the payment or withholding of Taxes, any nonperformance of the Settlement Administrator or any losses incurred in connection with any such matters.  No Person shall have any claim against the Released Persons or the Defendants' counsel arising from or relating to any of the foregoing, and Lead Plaintiff, Lead Counsel, and each Settlement Class Member hereby fully, finally, and forever releases, relinquishes, and discharges the Released Persons and Defendants' counsel from any and all such liability.

24.     Arlo shall cooperate in the production of information with respect to the identification of Settlement Class Members from Arlo's stock purchase records.

25.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Settlement Administrator to mail the Notice, in substantially the form as is appended as Exhibit 2, as the Court shall order, and the Proof of Claim form, in substantially the form as is appended as Exhibit 4 hereto, as the Court shall order, to those members of the Settlement Class as may be identified through reasonable effort.   Also in accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Settlement Administrator to publish the Publication Notice, in substantially the form appended as Exhibit 3 hereto, as the Court shall order.

26.     The Settlement Administrator shall, among other duties and obligations, receive

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

Proofs of Claim and determine whether they present valid clams in whole or part, work with Settlement Class Members as needed to help them supplement or clarify their Proofs of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of allocation as the Court approves).

27.    Any Settlement Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settlement Class Claims.

28.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions (subject to Court order) shall apply.

29.    Each Settlement Class Member shall be required to submit a valid Proof of Claim, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable.

30.    All Proofs of Claim must be submitted by the date specified in the Notice.  Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement and this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons with respect to any of the Settlement Class Claims.  Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class mail and addressed in accordance with the instructions provided in the Notice.  In all other cases, the Proof of Claim shall be deemed

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

20

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1   to have been submitted when actually received by the Settlement Administrator.

2       31.     Each Proof of Claim shall be submitted to and reviewed by the Settlement

3   Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation

4   the extent, if any, to which each Claimant is an Authorized Claimant.

5       32.     The administrative determinations of the Settlement Administrator accepting or

6   rejecting claims shall be presented to the Court on notice to the Settling Parties, for approval by the

7   Court in the Settlement Fund Distribution Order.

8       33.     The Settling Parties submit to the jurisdiction of the Court for purposes of

9   implementing and enforcing the Settlement embodied in this Stipulation.

10      34.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

11  with respect to the Claimant's claim, and the claim will be subject to investigation and discovery

12  under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be

13  limited to that Claimant's status as a Settlement Class Member and the validity of the amount of

14  the Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in

15  conjunction with the processing of the Proofs of Claim.

16      35.     Payment pursuant to this Stipulation shall be deemed final and conclusive against

17  all Settlement Class Members.  All Settlement Class Members whose claims are not approved by

18  the Court shall be barred from participating in the distribution from the Settlement Fund, but

19  otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the

20  terms of the Judgment to be entered in this Action and the releases provided for herein, and will be

21  barred from bringing any action against the Released Persons concerning the Settlement Class

22  Claims.

23      36.     All proceedings with respect to the administration, processing, and determination of

24  claims and all controversies relating thereto, including disputed questions of law and fact with

25  respect to the validity of claims, shall be subject to the jurisdiction of this Court.

26                          **DISTRIBUTION OF THE SETTLEMENT**

27      37.     The Settlement Administrator shall determine and allocate to each Authorized

28  Claimant that Authorized Claimant's proportionate share of the Settlement Fund based on each

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

21

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants.  The Defendants and the Released Persons shall have no involvement in reviewing, challenging, or approving the Proofs of Claim or in distributing the Net Settlement Fund.

38.     After the Effective Date, Lead Counsel shall apply to the Court for the Settlement Fund Distribution Order.

39.     The Net Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after:

(a)     All claims have been processed;

(b)     All matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and such resolution by the Court is Final; and

(c)     All costs of administration of the Settlement have been paid.

40.     After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Settlement Administrator, determines that it is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Settlement Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective, as approved by the Court.

## TAXES

41.     After the Judgment becomes Final, all costs and Taxes shall be paid out of the Escrow Account, and neither the Defendants nor any of the Released Persons, nor their counsel, shall have any supervisory authority or responsibility with respect to such payments.   Any remaining reasonable and necessary costs of administration, costs of notice to the Settlement Class,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

22

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

and Taxes shall be paid out of the Settlement Administration and Escrow Accounts without further order of the Court.  Under no circumstances shall Plaintiff or any Settlement Class Member or Lead Counsel have any responsibility for such costs or Taxes.

42.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the terms herein, and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Further, Taxes and all related expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Defendants nor their counsel nor any other Released Person is responsible therefor, nor shall they have any liability whatsoever with respect thereto, nor shall they be liable for any reporting requirements that may relate thereto.

43.    In all events, neither the Defendants nor their counsel, nor any other Released Person, shall have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund.  The Settlement Fund shall indemnify and hold all Released Persons harmless for any Taxes and related expenses on the Settlement Fund after deposit into the Settlement Fund Account of any kind whatsoever (including, without limitation, taxes payable by reason of any such indemnification).  Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

**ATTORNEYS' FEES AND EXPENSES**

44.    Lead Counsel may submit an application (the "Fee and Expense Application") for distributions from the Settlement Fund for (i) an award of attorneys' fees from the Settlement Fund; (ii) the reimbursement of actual costs and expenses, including the fees and expenses of any experts

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

23

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

or consultants, reasonably and actually incurred in connection with prosecuting the Action; and (iii) an award to Plaintiff for his reasonable costs and expenses.

45.     Lead Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid within ten (10) days of the award by the Court ("Fee and Expense Award"), notwithstanding any appeals that may be taken, subject to the obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Escrow Account plus interest earned thereon if the award is lowered or the Settlement is disapproved by a final order not subject to further review.  The Settlement is not conditioned upon any award of attorneys' fees and costs, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the judgment of dismissal.  Defendants and their insurance carriers shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or costs among any counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

46.     If the Effective Date does not occur or if this Stipulation is terminated, then any Fee and Expense Award is no longer payable.  In the event that any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of this Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

47.     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall within ten (10) business days from the date of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Class in the manner directed in the Final order.

48.     The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Consideration is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

## TERMS OF ORDER FOR NOTICE AND HEARING

49.     After this Stipulation has been fully executed, on the schedule previously set by the Court, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order by submitting the fully executed Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, and approve the mailing and publication of the Notice and Publication Notice, substantially in the form of Exhibits 1, 2, and 3 annexed hereto.

50.     Any Settlement Class Member who fails to comply with any of the provisions of ¶¶ 29-30 of this Stipulation shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing and/or to object to the Settlement or to this Stipulation, and shall be bound by all the terms of the Settlement and this Stipulation, and by all proceedings, orders, and judgments in the Action.

### TERMS OF ORDER AND JUDGMENT

51.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

52.     The Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a)     This Stipulation, and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Settling Parties, have been duly executed;

(b)     The Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 1;

(c)     The Court has approved the Settlement substantially as described herein, following the period set forth for notice under CAFA, and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

(d)     The Court has entered the Judgment, substantially in the form attached hereto as Exhibit 5, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate the Settlement, the date that such alternative judgment becomes Final;

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

25

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

(e)     The Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including pursuant to the side agreement described in ¶ 56 below); and

(f)     Plaintiff has not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation.

53.     Upon the occurrence of all of the events referenced in ¶ 52 herein, any and all remaining interest or right of the Defendants in or to the Settlement Fund shall be absolutely and forever extinguished.  Without limiting the foregoing, each Defendant shall have, in his or its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against him, her, or it.

54.     Plaintiff and Defendants shall each have the right to terminate his, her, or its participation in the Settlement by providing written notice of his, her, or its election to do so ("Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

(a)     The Court enters an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend;

(b)     The Court refuses to approve this Stipulation in any material respect without reasonable leave to amend;

(c)     The Court declines to enter the Judgment in any material respect; provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiff for his reasonable costs and expenses, and any change in the Judgment relating to these items shall not be considered a material change; or

(d)     The Judgment does not become Final.

55.     In the event of a termination (whether under ¶ 53 or ¶ 54), this Stipulation and releases provided for therein shall become null and void and of no further force and effect (except

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

26

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

for ¶¶ 11, 17, 19, 46, 53, 54, 55, 56, 57, 59, 60, 71, 74, 79, 81, 82, 83, and 84, which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the execution of this Stipulation, and the entry of any orders pursuant to this Stipulation. The Settling Parties shall thereafter proceed in all respects as if this Stipulation and any related orders had not been entered and shall work together to arrive at a mutually agreeable schedule for resuming litigation of the Action in light of such developments.

## OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY

56. Plaintiff and Arlo, by and through their respective counsel, are simultaneously executing a side agreement, which sets forth certain conditions under which this Stipulation may be withdrawn or terminated at the sole discretion of Arlo and which shall not be filed with the Court, except that it may be brought to the attention of the Court, in camera, in the event of a dispute between Plaintiff and Arlo or if so requested or as otherwise ordered by the Court. If the Court requires that the side agreement be filed, the Settling Parties shall jointly petition the Court to file it under seal and/or to redact the threshold set forth in its "blow provision" for the termination contemplated by this paragraph, with such protections deemed to be important by the Settling Parties, among other reasons, so as to not encourage or induce actions in opposition to the Settlement by serial objectors or their counsel.

57. The Settling Parties will otherwise keep confidential the terms of the side agreement.

## NOT A CLAIMS-MADE SETTLEMENT

58. This is not a claims-made settlement; there will be no reversion.

## LIMITATIONS ON USE OF THIS STIPULATION

59. This Settlement compromises claims that are contested and, as such, shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Plaintiff acknowledges that the Defendants have denied and continue to deny each and all claims of alleged wrongdoing, while the Defendants acknowledge that Plaintiff continues to maintain the validity of their lawsuit and the merits of their claims. The Parties acknowledge that Defendants make no admission of liability or wrongdoing.

60. This Stipulation, whether or not consummated and whether or not the Settlement is

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

27

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

approved by the Court, and all negotiations, discussions, drafts, and proceedings made or taken pursuant to or in connection with the Settlement are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)     Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiff in the Amended Complaint, the Second Amended Complaint, or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint, the Second Amended Complaint, or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

(b)     Against the Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiff in the Amended Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action;

(c)     Against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiff, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

(d)     Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1  represents the amount which could or would have been received after trial of the Action against

2  them;

3          (e)        Against the Plaintiff or any Settlement Class Member as evidence of, or

4  construed as evidence of, any presumption, concession, or admission by any of the Plaintiff or any

5  Settlement Class Member that any of their claims are without merit, or that any defenses asserted

6  by the Defendants have any merit, or that damages recoverable in the Action would not have

7  exceeded the Settlement Fund; and

8          (f)        As evidence of, or construed as evidence of, any presumption, concession,

9  or admission that the class definition as contemplated herein is appropriate in this Action, except

10  for purposes of this Settlement.

11                      **MISCELLANEOUS PROVISIONS**

12      61.    All of the Exhibits attached hereto are hereby incorporated by reference as though

13  fully set forth herein.  Notwithstanding the foregoing, in the event of a conflict or inconsistency

14  between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this

15  Stipulation shall prevail.

16      62.    The Settling Parties intend the Settlement to be a final and complete resolution of

17  all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiff

18  or the Settlement Class Members against the Defendants and all Released Persons concerning the

19  Settlement Class Claims and against the Plaintiff and Settlement Class Members by the Defendants

20  concerning the Defendant Claims.  Accordingly, the Settling Parties agree not to assert in any forum

21  that the litigation was brought by Plaintiff or defended by the Defendants in bad faith or without a

22  reasonable basis.  Moreover, none of the Defendants shall seek cost-shifting claims against any of

23  the Plaintiff of the Settlement Class Members, and none Plaintiff or Settlement Class Members

24  shall seek any cost-shifting claims against any of the Defendants. The Settling Parties agree that

25  the Settlement Consideration and the other terms of the Settlement were negotiated at arm's length

26  in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after

27  consultation with experienced legal counsel.

28      63.    This Stipulation may not be modified or amended except by a writing signed by all

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

29

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1    signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have

2    waived any provision (including this provision) except by a writing signed by that Settling Party or

3    its successor-in-interest.

4        64.    Neither the Settlement Class Members nor the Defendants shall be bound by this

5    Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a

6    basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria

7    for allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of

8    Allocation is modified on appeal.  Nor shall it be a basis to terminate this Stipulation if the Court

9    disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net

10   Settlement Fund.  Nor shall it be a basis to terminate this Stipulation if the Court denies, in whole

11   or in part, Lead Counsel's application for attorneys' fees and expenses or Plaintiff's application for

12   an award of reasonable costs and expenses.

13       65.    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiff

14   to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to

15   this Stipulation to effectuate its terms and also is expressly authorized to enter into any

16   modifications or amendments to this Stipulation on behalf of the Settlement Class which Lead

17   Counsel deems appropriate.

18       66.    Plaintiff and Lead Counsel represent and warrant that none of Plaintiff's claims or

19   causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in

20   any manner transferred in whole or in part.

21       67.    Each counsel or other Person executing this Stipulation or any of its Exhibits on

22   behalf of any party hereby warrants and represents that such Person has the full authority to do so

23   and that he, she, or it has the authority to take appropriate action required or permitted to be taken

24   pursuant to this Stipulation to effectuate its terms.

25       68.    The headings herein are used for the purpose of convenience only and are not meant

26   to have legal effect.

27       69.    The administration and consummation of the Settlement as embodied in this

28   Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

Cooley LLP
Attorneys at Law
San Diego

30

Stipulation and Agreement of
Settlement
5:19-cv-00372-BLF

1    purpose of, among other things, entering orders providing for the implementation and enforcement

2    of the terms of this Stipulation, including, without limitation, the releases provided for herein, and

3    any awards of attorneys' fees and expenses to Lead Counsel, and enforcing the terms of this

4    Stipulation.

5          70.    The waiver by one Settling Party of any breach of this Stipulation by any other

6    Settling Party shall not be deemed a waiver by the waiving Settling Party of any other prior or

7    subsequent breach of this Stipulation or a waiver by any other Settling Party of any breach of this

8    Stipulation.  Without further order of the Court, the Settling Parties may agree to reasonable

9    extensions of time to carry out any of the provisions of this Stipulation, unless such extensions

10   conflict with an Order of the Court, in which case the Settling Parties shall move the Court to amend

11   any such Order.

12         71.    Other than the side agreement discussed in ¶ 56, this Stipulation and its Exhibits

13   constitute the entire agreement among the Settling Parties concerning this Settlement, and no

14   representations, warranties, or inducements have been made by any Settling Party concerning this

15   Stipulation and its Exhibits other than those contained and memorialized in such documents.

16         72.    This Stipulation may be executed in one or more counterparts, and the counterparts

17   when executed may be made into a composite which shall constitute one integrated original

18   agreement.

19         73.    This Stipulation shall be binding upon, and inure to the benefit of, the Settling

20   Parties hereto and their successors, heirs, and assigns, including any corporation or other entity into

21   or with which any Settling Party or Released Person merges, consolidates, or reorganizes.

22         74.    This Stipulation shall not be construed more strictly against one Settling Party than

23   another merely by virtue of the fact that this Stipulation, or any part of it, may have been prepared

24   by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length

25   negotiations between the Settling Parties, and all Settling Parties have contributed substantially and

26   materially to the preparation of this Stipulation.

27         75.    The Settling Parties warrant that, in entering into this Settlement, they have relied

28   solely upon their own knowledge and investigation, and not upon any promise, representation,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

31

1  warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation

2  or any of the incorporated Settlement documents.  It is understood by the Settling Parties that,

3  except for the matters expressly represented herein, the facts or law with respect to which this

4  Stipulation is entered into may turn out to be other than or different from the facts and law now

5  known to each Settling Party or believed by such party to be true; each Settling Party therefore

6  expressly assumes the risk of the facts or law turning out to be so different, and agrees that this

7  Stipulation shall be in all respects effective and not subject to termination by reason of any such

8  different facts or law.

9      76.    Lead Counsel and the Defendants' counsel agree to cooperate fully with one another

10  in seeking Court approval of the Preliminary Approval Order, this Stipulation and the Settlement,

11  and to use best efforts to promptly agree upon and execute all such other documentation as may be

12  reasonably required to obtain final approval by the Court of the Settlement.

13      77.    Pending preliminary and final approval of the Court of the Settlement, as set forth

14  in this Stipulation and its attached Exhibits, all proceedings in the Action shall be stayed.

15      78.    No part of the Settlement Consideration shall be used to pay the settlement of any

16  other action arising from the facts and circumstances at issue in the Action.

17      79.    No Person shall have any claim against Plaintiff, Lead Counsel, the Settlement

18  Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on

19  distribution determinations or claim rejections made substantially in accordance with this

20  Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the

21  case of fraud or willful misconduct.  No person shall have any claim under any circumstances

22  against the Defendants or the Released Persons, based on any distributions, determinations, claim

23  rejections, or the design, terms, or implementation of the Plan of Allocation.

24      80.    All dollar amounts in this Stipulation are in U.S. dollars.

25      81.    The construction, interpretation, operation, effect, and validity of this Stipulation

26  and any ancillary documents necessary to effectuate it shall be governed by, construed, and

27  enforced in accordance with the internal, substantive laws of the State of California without giving

28  effect to that State's choice-of-law or conflicts-of-laws principles, except to the extent that federal

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

32

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

law requires that federal law governs.  Any dispute relating to this Stipulation shall be brought exclusively in the United States District Court for the Northern District of California, and each of the Settling Parties agrees not to contest subject matter jurisdiction or personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this Court.

82.     Whether or not this Stipulation is approved by the Court and whether or not this Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with this Stipulation confidential.

83.     All agreements made and Court Orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

84.     No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

85.     If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, email, or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

| If to Class Counsel: | KELLER LENKNER LLC<br>Aaron M. Zigler<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606<br>Telephone: (312) 741-5220<br>Facsimile: (312) 971-3502<br>amz@kellerlenkner.com |
|---|---|
| If to Counsel for the Arlo Defendants: | COOLEY LLP<br>Koji F. Fukumura<br>Peter M. Adams<br>Craig TenBroeck |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

33

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

| | |
|---|---|
| | 4401 Eastgate Mall<br>San Diego, CA 92121<br>Telephone: (858) 550-6000<br>Facsimile: (858) 550-6420<br>kfukumura@cooley.com<br>padams@cooley.com<br>ctenbroeck@cooley.com |
| If to Counsel for NETGEAR, Inc. | WILSON SONSINI GOODRICH &<br>ROSATI<br>Boris Feldman<br>Catherine Moreno<br>Dylan G. Savage<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 493-9300<br>Facsimile: (650) 493-6811<br>boris.feldman@wsgr.com<br>cmoreno@wsgr.com<br>dsavage@wsgr.com |
| If to Counsel for the Underwriter Defendants: | DAVIS POLK & WARDWELL LLP<br>Neal A. Potischman<br>1600 El Camino Real<br>Menlo Park, California 94025<br>Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111<br>neal.potischman@davispolk.com<br><br>Dana M. Seshens<br>Craig J. Bergman<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile (212) 701-5800<br>dana.seshens@davispolk.com<br>craig.bergman@davispolk.com |

| | |
|---|---|
| 1 | Dated: June 11, 2020 |

**COOLEY LLP**

/s/ Koji F. Fukumura

KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
CRAIG TENBROECK (287848)
(ctenbroeck@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000
Fax: (858) 550-6420

*Attorneys for Defendants Arlo Technologies, Inc., Matthew McRae, Christine M. Gorjanc, Patrick C.S. Lo, and Andrew Kim*

Dated: June 11, 2020

**DAVIS POLK & WARDELL LLP**

/s/ Neal A. Potischman

NEAL A. POTISCHMAN  (254862)
(neal.potischman@davispolk.com)
1600 El Camino Real
Menlo Park, CA  94025
Phone: (650)752.2000
Fax: (650)752.2111
DANA M. SESHENS (*pro hac vice*)
(dana.seshens@davispolk.com)
CRAIG J. BERGMAN (*pro hac vice*)
(craig.bergman@davispolk.com)
450 Lexington Avenue
New York, NY  10017
Phone: (212) 450-4000
Fax: (212) 701-5800

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., Guggenheim Securities LLC, Raymond James & Associates, Inc., Cowen and Company, LLC, and Imperial Capital, LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

35

STIPULATION AND AGREEMENT OF
SETTLEMENT
5:19-CV-00372-BLF

1    Dated: June 11, 2020             **WILSON SONSINI GOODRICH & ROSATI**

2

3

4                              /s/ Boris Feldman

5                              BORIS FELDMAN (128838)
                                 (boris.feldman@wsgr.com)

6                              CATHERINE MORENO (264517)
                                 (cmoreno@wsgr.com)

7                              DYLAN SAVAGE (310452)
                                 (dsavage@wsgr.com)

8                              650 Page Mill Road
                                 Palo Alto, CA 94304

9                              Phone: (650) 493-9300
                                 Fax: (650) 564-5100

10                             *Attorneys for Defendant NETGEAR, INC.*

11

12    Dated: June 11, 2020             **KELLER LENKNER LLC**

13                              /s/ Aaron M. Zigler

14                              AARON M. ZIGLER (327318)

15                              (amz@kellerlenkner.com)
                               150 N. Riverside Plaza, Suite 4270

16                              Chicago, IL 60606
                               Phone: (312) 741-5220

17                             *Attorney for Plaintiff and Lead Counsel for the Class*

18

19

20

21

22

23

24

25

26

27

28

# Exhibit
# 1

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12  SPENCER WONG, Individually and on Behalf          Case No.  5:19-cv-00372-BLF
    of All Others Similarly Situated,

13                                                    **[PROPOSED] PRELIMINARY**
                        Plaintiff,                    **APPROVAL ORDER**

14
            v.
15
    ARLO TECHNOLOGIES, INC.; MATTHEW
16  McRAE; CHRISTINE M. GORJANC;
    PATRICK C.S. LO; ANDREW W. KIM;
17  NETGEAR, INC.; MERRILL LYNCH,
    PIERCE, FENNER & SMITH INC.;
18  DEUTSCHE BANK SECURITIES INC.;
    GUGGENHEIM SECURITIES LLC;
19  RAYMOND JAMES & ASSOCIATES, INC.;
    COWEN AND COMPANY, LLC; and
20  IMPERIAL CAPITAL, LLC,

21                      Defendants.

22

23

24

25

26

27

28

1    WHEREAS:

2    (A)    On May 6, 2019, the Court appointed Matis Nayman as Lead Plaintiff (the

3    "Plaintiff") and Keller Lenkner LLC as Lead Counsel;

4    (B)    The operative Second Amended Complaint (Dkt. No. 114) was filed on February

5    14, 2020, asserting claims against Arlo Technologies, Inc. ("Arlo" or the "Company"), Matthew

6    McRae, Christine M. Gorjanc, Patrick C.S. Lo, Andrew W. Kim (together with Arlo, the "Arlo

7    Defendants"); NETGEAR, Inc. ("NETGEAR"); and Merrill Lynch, Pierce, Fenner & Smith

8    Incorporated, Deutsche Bank Securities Inc., Guggenheim Securities LLC, Raymond James &

9    Associates, Inc., Cowen and Company, LLC, and Imperial Capital, LLC (the "Underwriter

10   Defendants") (together with the Arlo Defendants and NETGEAR, the "Defendants");

11   (C)    Plaintiff, on behalf of himself and the Settlement Class, and Defendants (together,

12   the "Parties") have agreed to a settlement of all claims asserted in the Action against all Defendants

13   and have entered into a Stipulation and Agreement of Settlement dated June 11, 2020 (the

14   "Stipulation") setting forth the terms and conditions for the proposed Settlement;

15   (G)    Plaintiff has applied to the Court under Fed. R. Civ. P. 23(e) for an order approving

16   the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this

17   Action as to the Defendants;

18   (H)    The Court having reviewed and considered Plaintiff's Motion for Preliminary

19   Approval of Settlement and all papers submitted in support thereof, the Stipulation and the attached

20   exhibits, and finding that substantial and sufficient grounds exist for entering this Preliminary

21   Approval Order:

22   **NOW, THEREFORE, IT IS HEREBY ORDERED:**

23   1.    All capitalized terms used herein shall have the same meaning as in the Stipulation.

24   2.    This Court has jurisdiction over the subject matter of this Action and over all parties

25   to this Action, including Settlement Class Members.

26   3.    The Court preliminarily approves the Settlement and the proposed Plan of

27   Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and

28   fairness hearing (the "Settlement Hearing") as described below.  The Court preliminarily finds that

the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiff or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

**Class Certification**

4.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only, the Court hereby preliminarily certifies the following Settlement Class: all persons or entities who purchased or otherwise acquired Arlo common stock during the period from August 3, 2018 through December 2, 2018, inclusive (the "Class Period"), including stock purchased in or traceable to the public offering of Arlo common stock conducted on or around August 7, 2018 (the "IPO"), and were damaged thereby.

5.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only, the Court appoints Lead Plaintiff Matis Nayman as Class Representative for the Settlement Class, and Lead Counsel Keller Lenkner LLC as Class Counsel for the Settlement Class.

6.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and for the purposes of the Settlement only, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this action.

7.      If the Stipulation is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class shall be void and of no further effect, and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order and before

execution of the Stipulation without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8.     The Court approves the appointment of Angeion Group LLC as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9.     The Court approves the appointment of Angeion Group LLC as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims, and approves the payment of reasonable administration costs to the Settlement Administrator from the proceeds of the Settlement, not to exceed $250,000 without further Court order.

**Stay Order**

10.     The Court orders the stay of any pending litigation and enjoins Plaintiff, all other Settlement Class Members, and anyone who acts or purports to act on their behalf, from commencing or prosecuting, in any court, arbitration, or other tribunal, any action which asserts any Settlement Class Claims against any of the Released Persons.

**Form and Timing of Notice**

11.     The Court hereby approves, as to form and content, the proposed (i) Notice, (ii) Publication Notice, and (iii) Proof of Claim, substantially in the form of Exhibits 2, 3, and 4 to the Stipulation.

12.     Per the terms of the Stipulation, Arlo shall cooperate in the production of information with respect to the identification of Settlement Class Members from Arlo's shareholder transfer records.

13.     Within 20 days of entry of this Order, the Settlement Administrator shall:

      a.     cause to be mailed, to all reasonably identifiable Persons who purchased Arlo's common stock during the Class Period, the Notice and a Proof of Claim substantially in the forms attached to the Stipulation as Exhibits 2 and 4;

      b.     cause the Notice and Proof of Claim to be posted on the Settlement Administrator's website; and

c.      cause the Publication Notice to be published once in the national media periodical Investor Business Daily, and will publish the Notice and other materials on a website to be developed for the Settlement.

14.      The Settlement Administrator shall make reasonable efforts to give notice to nominees, such as brokerage firms, who purchased or otherwise acquired Arlo securities for the beneficial interest of other persons during the Class Period. Such nominees who purchased or otherwise acquired Arlo securities for the beneficial interest of other persons during the Class Period are hereby directed to, within fourteen (14) days after receipt of the Notice, either (i) request from the Settlement Administrator sufficient copies of the Notice and Proof of Claim to forward to their beneficial owners, and within ten (10) days of receipt of those copies of the Notice and Proof of Claim, forward them to such beneficial owners; or (ii) provide the Settlement Administrator with lists of the names and addresses of the beneficial owners. Promptly upon receipt of any such information from nominee purchasers, the Settlement Administrator shall cause the Notice and Proof of Claim to be mailed to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners.

15.      Before the Settlement Hearing, Class Counsel shall file with this Court proof of publication of the Publication Notice as well as a declaration describing the Settlement Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

16.      This Court preliminarily finds that the form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions:

a.      Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

b.      Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the

Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; (v) their right to submit a claim as part of the Settlement; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

c.   Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d.   Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

**Participation and Opt Out**

17.   Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice.  Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted postmarked no later than _____, 2020.  Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the Settlement and all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.   Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for

exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than _____, 2020. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing.

19.     Upon receiving any Request for Exclusion, Class Counsel or the Settlement Administrator shall promptly provide copies of such request(s) to Defendants' counsel within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing.

**Settlement Hearing; Right to Appear and Object**

20.     The Settlement Hearing shall take place before the undersigned, United States District Judge Beth Labson Freeman, in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, CA 95113, on _____, 2020, at ___:__ _.m., to determine:

a.     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

b.     Whether a Judgment as provided in the Stipulation should be entered herein;

c.     Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

d.     Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

e.     Whether the application for an award of reasonable costs and expenses to be submitted by Plaintiff should be approved; and

f.     Such other matters as the Court may deem necessary or appropriate.

21.     The Plan of Allocation, Class Counsel's application for an award of attorneys' fees, and Plaintiff's award of reasonable costs and expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal relating solely to the Plan of

Allocation, solely to Class Counsel's application for an award of attorneys' fees and expenses, or solely to Plaintiff's application for an award of reasonable costs and expenses shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

22.     The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

23.     Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than _____, 2020, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection.  Such Settlement Class Member shall also provide documentation sufficient to establish the date, number of shares, and dollar amount of all purchases acquisitions, sales, or dispositions of Arlo common stock on or after August 3, 2018.  Settlement Class Members wishing to appear in person at the Settlement Hearing must submit a Notice of Intention to Appear with the objection. If the objector desires to present evidence at the Settlement Hearing, the objector must identify any witnesses they may call and any evidence they intend to introduce at the hearing.  If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection.  Objection materials must be sent to the following:

| **Clerk of the Court** | **Class Counsel** |
|---|---|
| United States District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3489 | Aaron Zigler<br>KELLER \| LENKNER<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, IL 60606 |
| **Attorneys for Underwriter Defendants** | **Attorneys for Arlo Defendants** |
| Neal A. Potischman<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, California 94025 | Koji F. Fukumura<br>Peter M. Adams<br>Craig TenBroeck<br>COOLEY LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121 |
| **Attorneys for NETGEAR, INC.**<br><br>Boris Feldman<br>Catherine Moreno<br>Dylan G. Savage<br>WILSON SONSINI, GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304 | |

24.     Class Counsel shall file all papers, including memoranda or briefs in support of the Settlement, the Plan of Allocation, an award of attorneys' fees and reimbursement of expenses, and Plaintiff's award of reasonable costs and expenses no later than _____, 2020.  Reply papers in support of the Settlement and in response to any objections shall be filed no later than _____, 2020.

25.     The Court reserves the right to adjourn or continue the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind.  The Court may approve the Settlement with modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class.

26.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim.  Any member of the Settlement Class who fails to opt out of the

Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Second Amended Complaint, or which could have been alleged, or which otherwise were at issue in the Action.

**Other Provisions**

27.     Upon payment of the Settlement Consideration to the Escrow Account by or on behalf of the Arlo Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

28.     Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Arlo's shareholder transfer records, in no event shall the Defendants or any of the Released Persons have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Persons shall have any obligation or liability to the Plaintiff, Lead Counsel, or the Settlement Class in connection with such administration.

29.     No Person shall have any claim against Plaintiff, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

30.     The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Second Amended Complaint and the Action and have represented that they

entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.  This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

a.     Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiff in the Second Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Second Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b.     Against the Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiff in the Second Amended Complaint or the Action or of any lack of merit to the claims or the Second Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Second Amended Complaint or the Action;

c.     Against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or

proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiff, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d.   Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

e.   Against the Plaintiff or any Settlement Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

f.   As evidence of, or construed as evidence of, any presumption, concession, or admission that the class definition as ordered herein is appropriate in this Action, except for purposes of this Settlement.

31.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

32.   The Court retains jurisdiction over the Action to consider matters arising out of, or connected with, the Settlement.

1    **IT IS SO ORDERED.**

2

3

4    Dated:   _____, 2020

5                                                              _____
                                                              Hon. Beth Labson Freeman
                                                              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit

# 2

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12   SPENCER WONG, Individually and on Behalf    Case No.  5:19-cv-00372-BLF
     of All Others Similarly Situated,
13                                                **[PROPOSED] NOTICE AND PLAN OF**
                    Plaintiff,                    **ALLOCATION**
14
            v.
15
     ARLO TECHNOLOGIES, INC.; MATTHEW
16   McRAE; CHRISTINE M. GORJANC;
     PATRICK C.S. LO; ANDREW W. KIM;
17   NETGEAR, INC.; MERRILL LYNCH,
     PIERCE, FENNER & SMITH INC.;
18   DEUTSCHE BANK SECURITIES INC.;
     GUGGENHEIM SECURITIES LLC;
19   RAYMOND JAMES & ASSOCIATES, INC.;
     COWEN AND COMPANY, LLC; and
20   IMPERIAL CAPITAL, LLC,

21                    Defendants.

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING</u>

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING A PROPOSED CLASS ACTION SETTLEMENT.**

***<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>***

If you purchased common stock of Arlo Technologies, Inc. ("Arlo") between August 3, 2018 through December 2, 2018, inclusive ("Class Period"), you could get a payment from a class action settlement. [1]

The Settlement, if approved by the Court, would provide **$1,250,000** in cash for the benefit of the Settlement Class (described below).

The Settlement resolves claims by Matis Nyman ("Lead Plaintiff") in a class action against Arlo, certain of its current and former officers and directors, certain investment banks that served as underwriters in Arlo's initial public offering, and a former Arlo stockholder.  Lead Plaintiff alleges that Defendants made materially false or misleading statements concerning Arlo's ability to innovate new products and the availability of such products.

Defendants Arlo; Matthew McRae; Christine M. Gorjanc; Patrick C.S. Lo; Andrew W. Kim (the "Individual Defendants," and together with Arlo, the "Arlo Defendants"); and Merrill Lynch, Pierce, Fenner & Smith Incorporated; Deutsche Bank Securities Inc.; Guggenheim Securities LLC; Raymond James & Associates, Inc.; Cowen and Company, LLC; and Imperial Capital, LLC (the "Underwriter Defendants"); and NETGEAR, Inc. ("Netgear") deny all allegations of misconduct. Defendants also deny that Lead Plaintiff or any member of the Settlement Class suffered damages. The Court has not decided in favor of any party in the litigation.

Class Counsel intends to seek attorneys' fees not to exceed 25% of the Settlement Fund, as well as for reimbursement of litigation expenses, which will include a reimbursement request for Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  If approved by the Court, these amounts will be deducted from the $1,250,000 amount.  The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs, and an award of reasonable costs and expenses to Lead Plaintiff would be approximately $0.0684 per allegedly damaged share.

The parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the litigation.  The issues on which the parties disagree are many, but include the extent to which certain public statements made by defendants – that Lead Plaintiff claims were false or misleading – influenced (if at all) the price of Arlo's common stock.

---

[1] Capitalized terms used in this Notice that are not otherwise defined shall have the same meaning ascribed to them in the Stipulation and Agreement of Settlement dated June 11, 2020, which is available on the website established for the Settlement at www.ArloSecuritiesLitigation.com.

The Court has not yet approved the Settlement.  Payments will be made only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**If you are a member of the Settlement Class, your legal rights will be affected by this Settlement whether you act or do not act.  Read this notice carefully.**

## YOUR LEGAL RIGHTS AND OPTIONS WITH REGARD TO THIS SETTLEMENT

| | |
|---|---|
| SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY _____, 2020 | This is the only way to get a payment.  (See Question 9.) |
| EXCLUDE YOURSELF FROM THE CLASS BY _____, 2020 | You will get no payment and cannot object or speak at the hearing.  This is the only way you can ever be a part of any other lawsuit against Defendants concerning the subject matter of this case.  (See Question 11.) |
| OBJECT BY _____, 2020 | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the request for attorneys' fees.  You can still submit a Proof of Claim form.  If the Court approves the Settlement, you will be bound by it.  (See Question 13.) |
| ATTEND THE FINAL APPROVAL HEARING ON _____, 2020 | Ask to speak in Court about the fairness of the Settlement. If the Court approves the Settlement, you will be bound by it.  (See Question 21.)  The Court may postpone the hearing without prior notice on the date scheduled for the hearing. |
| DO NOTHING | You will get no payment AND give up your rights to bring your own individual action.  (See Question 15.) |

These rights and options, and the deadlines to exercise them, are explained
in further detail later in this Notice.

**Further Information:**  Lead Plaintiff and the Settlement Class are represented by Aaron Zigler of Keller Lenkner LLC.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Class Counsel at Arlo Securities Litigation, c/o Keller Lenkner LLC, 150 N. Riverside Plaza, Suite 4270, Chicago, IL 60606, (312) 776-2920, arloclaims@klclientservices.com, or the Settlement Administrator at Arlo Securities Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19130, (844) 983-1303, info@ArloSecuritiesLitigation.com.

## WHAT THIS NOTICE CONTAINS

1.   Why did I receive this Notice?................................................................ 3
2.   Why is this lawsuit called a "class action"?........................................... 4
3.   What is this lawsuit about and what has happened? ............................... 4
4.   What are the reasons for the Settlement?................................................ 5
5.   Who is included in the Settlement Class?............................................... 5

[PROPOSED] NOTICE OF SETTLEMENT
5:19-CV-00372-BLF

6.   Who is not included in the Settlement Class?........................................................ 5

7.   If I am not sure whether I am included in the Settlement Class, is there someone I can contact? .................................................................................................................... 5

8.   What are the Settlement's benefits?...................................................................... 6

9.   How can I receive a payment? .............................................................................. 6

10.  What am I giving up to receive a payment or remain in the Settlement Class? ................. 6

11.  Can I exclude myself from the Settlement Class?  How do I exclude myself? .................. 8

12.  If I don't exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?................................................................................................ 8

13.  How do I tell the Court I object to the proposed Settlement?............................... 8

14.  What is the difference between objecting and excluding myself?........................ 9

15.  What happens if I do nothing at all? ....................................................................... 9

16.  Do I have a lawyer in this case?.............................................................................. 9

17.  How will the lawyers be paid?............................................................................. 10

18.  Can I hire my own lawyer?................................................................................... 10

19.  When and where will the Court decide whether to approve the Settlement? .................. 10

20.  Do I have to come to the hearing? ...................................................................... 11

21.  May I speak at the hearing? ................................................................................. 11

22.  How will the Net Settlement Fund be distributed among Settlement Class Members? What is the Plan of Allocation? ....................................................................................... 11

23.  How do I get more information about the Proposed Settlement? ....................... 12

| 1.   Why did I receive this Notice? |
| --- |

You have received this Notice because the because you or someone in your family may have purchased or acquired the publicly traded common stock of Arlo from August 3, 2018, through December 2, 2018, inclusive, including stock purchased in the public offering of Arlo common stock conducted on or around August 7, 2018.

You have a right to know about a proposed settlement of a class action lawsuit and about all of your options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, a Settlement Administrator appointed by the Court will make payments to members of the Settlement Class who submit valid claims.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The case is known as *Wong v. Arlo Technologies, Inc., et al.*, Case No.  5:19-cv-00372-BLF (the "Action").  The Court in charge of the case is the United States District Court for the Northern District of California.  The presiding judge is the Honorable Beth Labson Freeman.  The Court did not decide in favor of either side.  Instead, the parties have agreed to a settlement.

| 2.   Why is this lawsuit called a "class action"? |
|---|

A class action is a type of lawsuit in which similar claims of a large number of individuals or entities are prosecuted together, which allows for the efficient and consistent resolution of common claims among a group of persons in a single proceeding.  In a class action, the court appoints one or more people, known as the class representatives, to sue on behalf of all people with similar claims, commonly known as the class members.  A class action allows the claims of all class members to be heard even though the amount involved may not be large enough for the individual class member to incur the expense of bringing his or her own action.  The Court here has certified the lawsuit as a class action for the purposes of this settlement and has appointed Lead Plaintiff Matis Nayman as the class representative and the law firm of Keller Lenkner LLC as Class Counsel.

| 3.   What is this lawsuit about and what has happened? |
|---|

Arlo is a consumer electronics company that makes home security cameras, security lights, and doorbells.  On or around August 7, 2018, Arlo conducted an initial public offering of its common stock (the "IPO").

Lead Plaintiff alleges that Defendants violated the federal securities laws during and after the IPO.  Specifically, Lead Plaintiff asserts claims under section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and section 11 and 15 of the Securities Act of 1933 (the "Securities Act").

Lead Plaintiff alleges that Defendants made materially false or misleading statements and/or failed to disclose material facts concerning Arlo's ability to develop new products (including a camera called "Arlo Ultra") and when new products would be available.  Lead Plaintiff alleges that the price of Arlo's stock was artificially inflated as a result of Defendants' actions and that investors suffered injury as a result.  Defendants deny all allegations of misconduct, deny that they made any false or misleading statements, deny that Arlo's stock price was artificially inflated, and deny that investors suffered damage.

Lead Plaintiff commenced this action on January 22, 2019, and filed an amended complaint on June 7, 2019.  On August 6, 2019, Defendants filed a motion to dismiss the amended complaint, which triggered a stay of discovery.  On December 19, 2019, the Court granted the motion to dismiss, but gave Lead Plaintiff leave to amend.  On February 13, 2020, Lead Plaintiff filed a Second Amended Complaint.  The parties engaged in arms'-length negotiations and reached an agreement in principle to settle the Action for $1,250,000, subject to the execution of formal settlement documents.  On June 11, 2020, the parties signed a Stipulation and Agreement of Settlement setting forth the terms and conditions of the proposed Settlement.

On June 12, 2020, Lead Plaintiff filed a motion for preliminary approval of the Settlement.  On _____, the Court entered an order preliminarily approving the proposed Settlement, authorizing the mailing of this Notice to potential Settlement Class Members, and scheduling a hearing to consider whether to grant final approval of the Settlement (the "Settlement Hearing").

[PROPOSED] NOTICE OF SETTLEMENT
5:19-CV-00372-BLF

1

| 4. | What are the reasons for the Settlement? |

2

3

4

5

6

7

Lead Plaintiff and Class Counsel believe that their claims have merit, and that their legal advocacy and diligent factual investigation have led to a fair and reasonable Settlement. Lead Plaintiff and Class Counsel have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this one. Lead Plaintiff and Class Counsel also investigated extensively the financial condition of Arlo, its ability to continue to litigate or pay a judgment in the Action, and the likelihood that a favorable judgment at trial may ultimately not be recoverable, as well as the extent of the Company's applicable insurance and the likely depletion of that insurance as a result of continued litigation. In light of the foregoing, Lead Plaintiff and Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class, and believe that the Settlement is fair, adequate, reasonable, and in the best interests of the Class.

8

9

10

11

Defendants deny all allegations of wrongdoing and liability and deny that any members of the Settlement Class were damaged. Nonetheless, Defendants have concluded that further litigation could be protracted, expensive, and distracting, and that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation. By entering into the Stipulation, Defendants in no way admit or acknowledge any wrongdoing or liability.

12

**5.  Who is included in the Settlement Class?**

13

14

The Court has certified the following "Settlement Class," subject to certain exceptions identified below:

15

16

17

18

All persons or entities who purchased or otherwise acquired Arlo common stock during the period from August 3, 2018, through December 2, 2018, inclusive (the "Class Period"), including stock purchased in or traceable to the public offering of Arlo common stock conducted on or around August 7, 2018, who were damaged thereby.

**6.  Who is not included in the Settlement Class?**

19

20

21

22

23

Some people are excluded from the Settlement Class by definition. They include: (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of Arlo and their families; (iii) any entity in which the Arlo Defendants or NETGEAR have or had a controlling interest; (iv) any entity in which the Underwriter Defendants have or had a majority interest; and (v) any person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

24

**7.  If I am not sure whether I am included in the Settlement Class, is there someone I can contact?**

25

26

27

28

If you are uncertain about whether you are included in the Settlement Class, you may contact the Settlement Administrator at  Arlo Securities Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19130, info@ArloSecuritiesLitigation.com, or you may contact Class Counsel at the address and telephone number listed in paragraph 16 of this Notice. You can also fill out and return a Proof of Claim to see if you qualify.

**[PROPOSED] NOTICE OF SETTLEMENT**
**5:19-CV-00372-BLF**

| 8. | What are the Settlement's benefits? |
|----|--------------------------------------|

If the Settlement is approved by the Court, Arlo will pay $1,250,000 in cash to a Settlement Fund.  A portion of the Settlement Fund will be used to pay Court-approved attorneys' fees and expenses, any award of costs and expenses to the class representative, and the costs of notice and claims administration.  The remaining amount (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims ("Authorized Claimants"), in accordance with the Plan of Allocation described below.

If you are an Authorized Claimant, your share of the Net Settlement Fund will depend on several things, including: how many Settlement Class Members submit timely and valid claim forms; the total amount of recognized losses of other Settlement Class Members; how many shares of Arlo common stock that you purchased; the prices and dates of those purchase; and the prices and dates of any sales.

| 9. | How can I receive a payment? |
|----|-------------------------------|

To qualify for a payment, you must be a Settlement Class Member, send in a valid Proof of Claim by _____, and properly document your claim as requested in the form.  The Settlement Administrator will determine whether you are an Authorized Claimant.

A Proof of Claim form is included with this Notice.  If you did not receive a form, you can obtain one on the internet at the website www.ArloSecuritiesLitigation.com.  You can also ask for a form by calling the Settlement Administrator toll-free at (844) 983-1303.

Read the instructions carefully, fill out the form, include all requested documentation, sign the form, and then mail or submit it to the Settlement Administrator so that it is **postmarked no later than _____, 2020.**

| 10. | What am I giving up to receive a payment or remain in the Settlement Class? |
|-----|-----------------------------------------------------------------------------|

Unless you exclude yourself from the Settlement Class, you will remain in the Settlement Class and you will be bound by the terms of the Settlement, regardless of whether you receive a payment.  Upon the "Effective Date," you will release all "Settlement Class Claims," including "Unknown Claims" against all "Released Persons."

**"Settlement Class Claims"** means all claims, rights, liabilities, and causes of action of every nature and description, including Unknown Claims, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that Plaintiff or any other member(s) of the Settlement Class asserted or could have asserted in any forum (i) that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part to, the allegations, transactions, facts, matters, occurrences, representations, or omissions referred to in any of the complaints filed in the Action and/or that relate to the purchase, sale, acquisition, or retention of Arlo common stock during the Class Period; or (ii) that are related the administration of the Settlement.  Notwithstanding the foregoing, "Settlement Class Claims" does not include any claims asserted on behalf of the Company in any derivative action.

**[PROPOSED] NOTICE OF SETTLEMENT**
**5:19-CV-00372-BLF**

"**Released Persons**" means collectively, each and all of (i) the Defendants, the members of each Individual Defendant's immediate family, any entity in which any Defendant or member of any Individual Defendant's immediate family has, or had during the Class Period, a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his family; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

"**Unknown Claims**" means collectively, any and all Settlement Class Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor, and any Defendant Claims that any Defendant does not know or suspect to exist in his, her, or its favor; including those, which, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden. The parties stipulate and agree that this provision is to be interpreted to the broadest extent permitted by any applicable law, regulation, or rule. With respect to any and all Settled Claims, the parties stipulate and agree that, upon the Effective Date, the parties shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights, and benefits of California Civil Code § 1542 and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The parties expressly acknowledge, and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, acknowledged that the waiver and release of Unknown Claims constituting Settled Claims was separately bargained for and a material element of the Settlement.

Please consult the Stipulation, filed with the Court and posted at www.ArloSecuritiesLitigation.com, for additional defined terms.

1

| 11. Can I exclude myself from the Settlement Class?  How do I exclude myself? |

2

3

To exclude yourself from the Settlement Class, or "opt out," you must mail a signed letter stating that you request to be "excluded from the Settlement Class in the *Arlo Securities Litigation*." To be valid, the letter must state: (1) your name, address, telephone number, signature, and email address, (2) and the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Arlo common stock on or after August 3, 2018.

4

5

6

You must submit your exclusion request so that it is **postmarked no later than _____, 2020, at** Arlo Securities Litigation, Attn: Exclusion Requests, 1650 Arch Street, Suite 2210, Philadelphia, PA 19130.  You cannot exclude yourself by telephone or email.

7

8

If you ask to be excluded, you will not receive a payment, you cannot object to the Settlement, and you will not be legally bound by any judgment in this case.

9

10

| 12. If I don't exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |

11

12

No.  Unless you exclude yourself from the Settlement Class, you give up any rights to sue the Released Persons for the claims being released in this Settlement.  If you have a pending lawsuit, **speak to your lawyer in that case immediately**.  You must exclude yourself from the Settlement Class to continue your own lawsuit.

13

14

| 13. How do I tell the Court I object to the proposed Settlement? |

15

16

If you are a Settlement Class Member and you object to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, you can ask the Court to deny final approval by filing an objection.  The Court can only approve or deny the Settlement, not change its terms.  If the Court denies approval, settlement payments will not be sent out and the lawsuit will continue.

17

18

19

To object, you must send a signed letter stating that you object to the Settlement in *Wong v. Arlo Technologies, Inc., et al.*, Case No. 19-cv-00372-BLF.  The letter must include: (1) your name, address, telephone number, signature, and email address, (2) and the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Arlo common stock on or after August 3, 2018; and (3) a description of the specific part of the Stipulation or Settlement to which you object and all grounds for your objection, including any evidence you wish to bring to the Court's attention and any legal support known to you or your counsel.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any future objection.

20

21

22

23

24

25

Your objection must be submitted to the Court either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, and mailed to Class Counsel and Defendants' Counsel, **so that it is received on or before _____, 2020**:

26

27

28

**[PROPOSED] NOTICE OF SETTLEMENT**
**5:19-CV-00372-BLF**

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Office of the Clerk United States District Court Northern District of California 450 Golden Gate Avenue San Francisco, CA 94102-3489 | KELLER LENKNER LLC Aaron M. Zigler 150 N. Riverside Plaza Suite 4270 Chicago, IL 60606 | **For the Arlo Defendants:**<br><br>COOLEY LLP Koji F. Fukumura 4401 Eastgate Mall San Diego, CA 92121<br><br>**For the Underwriter Defendants:**<br><br>DAVIS POLK & WARDWELL LLP Neal A. Potischman 1600 El Camino Real Menlo Park, CA 94025<br><br>**For NETGEAR:**<br><br>WILSON SONSINI GOODRICH & ROSATI Boris Feldman 650 Page Mill Road Palo Alto, CA 94304 |

Even if you object, you **must** still submit a Proof of Claim to be eligible for a cash payment from the Settlement.  If you do not submit a claim form, you will not receive a payment.

### 14. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or the fee and expense application. You can still recover from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

### 15. What happens if I do nothing at all?

You may do nothing at all.  If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Settlement Class Claims against the Released Persons.

### 16. Do I have a lawyer in this case?

The Court ordered that the firm of Keller Lenkner LLC represent the Settlement Class, including you.  These lawyers are called Class Counsel.  You will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for

fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

> You may contact Class Counsel at:
> Arlo Securities Litigation
> c/o Keller Lenkner LLC
> 150 N. Riverside Plaza, Suite 4270
> Chicago, IL
> (312) 776-2920
> arloclaims@klclientservices.com

---

**17. How will the lawyers be paid?**

---

At the Settlement Hearing, Class Counsel will request the Court to award attorneys' fees of not more than 25% of the Settlement Amount, plus expenses, plus interest thereon.  Lead Plaintiff may apply for reimbursement of his costs and expenses in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

To date, Class Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiff and the Settlement Class, nor have Class Counsel been paid their expenses.  The fee requested by Class Counsel will compensate counsel for its efforts in achieving the Settlement for the benefit of the Settlement Class, and for its risk in undertaking this representation on a wholly contingent basis.  Class Counsel believes that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Lead Plaintiff.

---

**18.  Can I hire my own lawyer?**

---

Yes.  If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2020, and must serve copies of such appearance on the attorneys listed in Question 13.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel.

---

**19. When and where will the Court decide whether to approve the Settlement?**

---

The Court will hold a Settlement Hearing on _____, 2020 at ____ at the United States District Court for the Northern District of California, Courtroom 3, 5th floor of the San Jose Courthouse, 280 S. 1st Street, San Jose, CA 95113.

At the hearing the Court will consider: (1) whether the Settlement and plan to distribute the proceeds is fair, reasonable, and adequate and should be approved; (2) whether to approve any application by Lead Counsel for an award of attorneys' fees and expenses and the application of Lead Plaintiff for an award of his expenses.

**The Court may adjourn the Settlement Hearing from time to time and without further notice to the Settlement Class. Settlement Class Members should check the Settlement website**

[PROPOSED] NOTICE OF SETTLEMENT
5:19-CV-00372-BLF

**or the Court's PACER site (see below) to confirm that the date of the Settlement Hearing has not been changed.**

| 20. Do I have to come to the hearing? |
|---|

No.  Class Counsel will answer questions the Court may have.  However, you are welcome to come at your own expense.  If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you mailed your objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 21. May I speak at the hearing? |
|---|

If you object to the Settlement, the Plan of Allocation, or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter stating that you intend to appear at the settlement hearing in *Wong v. Arlo Technologies, Inc., et al.*, Case No. 19-cv-00372-BLF.  Your letter should comply with all the requirements set forth in Question 13 above for submitted a writing objection, and it must be received no later than _____, 2020 by the Clerk of the Court, Class Counsel and the Defendants' Counsel at the addresses listed in Question 13.

If you desire to present evidence at the Settlement Hearing, you must identify any witnesses you may call to testify and exhibits you intend to introduce into evidence at the Settlement Hearing. Your letter must also identify all attorneys who will appear on your behalf, and your attorneys must file a notice of intent to appear.

You cannot speak at the hearing if you exclude yourself.

| 22. How will the Net Settlement Fund be distributed among Settlement Class Members? What is the Plan of Allocation? |
|---|

Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund.  At this time, it is not possible to make any determinations as to how much the members of the Settlement Class who make timely approved claims may receive from the Settlement.  After approval of the Settlement by the Court and upon satisfaction of the other conditions of the Settlement, the Settlement Fund will be distributed to the Authorized Claimants in accordance with a plan of allocation approved by the Court.  The plan of allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the plan of allocation shall not affect the validity or finality of the proposed Settlement.

A proposed plan of allocation ("Plan of Allocation") is described below.  Under that Plan of Allocation, if you make a timely and valid claim by _____, your share of the Net Settlement Fund will depend on several things, including: how many Settlement Class Members submit timely and valid claim forms; the total amount of recognized claims of other Settlement Class Members; how many shares of Arlo common stock that you purchased; the prices and dates of those purchase; and the prices and dates of any sales.

**[PROPOSED] NOTICE OF SETTLEMENT**
**5:19-CV-00372-BLF**

| 23. How do I get more information about the Proposed Settlement? |
| --- |

This Notice contains only a summary of the terms of the proposed Settlement and does not describe all the details of the Stipulation.  For precise terms and conditions of the Settlement, please see the Stipulation available at www.ArloSecuritiesLitigation.com, by contacting Class Counsel at Arlo Securities Litigation, c/o Keller Lenkner LLC, 150 N. Riverside Plaza, Suite 4270, Chicago, IL 60606, (312) 776-2920, arloclaims@klclientservices.com , by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk on the 2nd floor of the Court for the United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

## PROPOSED PLAN OF ALLOCATION

A proposed Plan of Allocation has been prepared by Lead Plaintiff and Class Counsel.  The objective of the Plan of Allocation is to distribute equitably the Settlement proceeds to the members of the Settlement Class who allegedly suffered losses as a result of the alleged violations of the federal securities law.

Under the Plan of Allocation, a Settlement Class Member who submits a timely and valid Proof of Claim, in accordance with the requirements established by the Court and which is approved for payment from the Settlement Fund, shall be deemed an "Authorized Claimant."  The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon a recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each share of Arlo common stock purchased or otherwise acquired during the Class Period (i.e., August 3, 2018 through December 2, 2018, inclusive), including stock acquired pursuant and/or traceable to Arlo's initial public offer on or about August 7, 2018 (the "IPO").  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all shares of Arlo common stock.

The calculation of Recognized Loss will depend upon several factors, including when shares of Arlo common stock were purchased or otherwise acquired, and for what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.  The calculations of Recognized Loss are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover at trial.  Nor are the calculations of Recognized Loss intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The calculations of Recognized Loss are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  The Settlement Administrator will use its best efforts to administer and distribute the New Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation reflects the assumption that the price of Arlo common stock was artificially inflated during the Class Period.  The computation of the estimated alleged artificial inflation in the price of Arlo's common stock is based on certain misrepresentations alleged by Lead Plaintiff and the decline in the price of Arlo common stock in reaction to public

announcements that allegedly corrected the alleged misrepresentations.  Lead Plaintiff and Class Counsel have determined that such price declines occurred on October 26, 2018, and December 3, 2018 (the "Corrective Disclosure Dates").

Federal securities laws allow investors to recover for losses caused by disclosures that corrected Defendants' misleading statements or omissions.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, Arlo common stock purchased or otherwise acquired during the Class Period must have been held until its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.  Accordingly, if Arlo common stock was sold before October 26, 2018 (the earliest Corrective Disclosure Date), the Recognized Loss for such shares is $0.00, and any loss suffered is not compensable under the federal securities laws.  Likewise, if Arlo common stock was purchased and sold between the two Corrective Disclosures Dates (i.e., October 26, 2018 and December 3, 2018), the Recognized Loss for such shares is $0.00.

The Recognized Loss per Share of Arlo common stock will be calculated as set forth below.

1) For each share of Arlo common stock purchased or otherwise acquired before the close of trading on October 25, 2018, and sold before or at the close of trading on October 25, 2018, the Recognized Loss will be $0.00;

2) For each share of Arlo common stock purchased or otherwise acquired before or at the close of trading on October 25, 2018, and sold after the close of trading on October 25, 2018, but before or at close of trading on December 2, 2018, the Recognized Loss will be the lesser of:
   a. $1.78;
   b. $16.00 minus the sale price; or
   c. the purchase price minus the sale price;

3) For each share of Arlo common stock purchased or otherwise acquired before or at the close of trading on October 25, 2018, and sold after the close of trading on December 2, 2018, but fore or at the close of trading on December 10, 2018, the Recognized Loss will be the lesser of:
   a. $4.53;
   b. the purchase price (or $16.00, whichever is less) minus the sale price; or
   c. the purchase price minus the "bounce back" sale price set forth in Table 1;

4) For each share of Arlo common stock purchased or otherwise acquired before or at the close of trading on October 25, 2018, and sold after the close of trading on December 10, 2018, or not sold at all, the Recognized Loss will be the lesser of:
   a. $4.53;
   b. the purchase price (or $16.00, whichever is less) minus the sale price (or $9.86, whichever is more); or
   c. the purchase price minus the "bounce back" sale price set forth in Table 1;

5) For each share of Arlo common stock purchased or otherwise acquired after the close of trading on October 25, 2018, and sold before or at the close of trading on December 2, 2018, the Recognized Loss will be $0.00;

6) For each share of Arlo common stock purchased or otherwise acquired after the close of trading on October 25, 2018, but before or at the close of trading on December 2, 2018, and sold after the close of trading on December 2, 2018, but before or at the close of trading on December 10, 2018, the Recognized Loss will be the lesser of:
   a. $2.75;
   b. the purchase price minus the sale price; or
   c. the purchase price minus the "bounce back" sale price set forth in Table 1;

7) For each share of Arlo common stock purchased or otherwise acquired after the close of trading on October 25, 2018, but before or at the close of trading on December 2, 2018, and sold after the close of trading on December 10, 2018, or not sold at all, the Recognized Loss will be the lesser of:
   a. $2.75;
   b. the purchase price minus the sale price (or $9.86, whichever is higher); or
   c. the purchase price minus the "bounce back" sale price set forth in Table 1.

Table 1 ("Bounce Back" Sale Price)

| Date/Price | | Date/Price | |
|---|---|---|---|
| 2018-12-03 | 9.28 | 2019-01-17 | 9.11 |
| 2018-12-04 | 9.04 | 2019-01-18 | 9.06 |
| 2018-12-06 | 9.01 | 2019-01-22 | 9.01 |
| 2018-12-07 | 9.02 | 2019-01-23 | 8.96 |
| 2018-12-10 | 9.13 | 2019-01-24 | 8.91 |
| 2018-12-11 | 9.25 | 2019-01-25 | 8.85 |
| 2018-12-12 | 9.29 | 2019-01-28 | 8.80 |
| 2018-12-13 | 9.34 | 2019-01-29 | 8.75 |
| 2018-12-14 | 9.40 | 2019-01-30 | 8.70 |
| 2018-12-17 | 9.43 | 2019-01-31 | 8.67 |
| 2018-12-18 | 9.46 | 2019-02-01 | 8.64 |
| 2018-12-19 | 9.48 | 2019-02-04 | 8.60 |
| 2018-12-20 | 9.49 | 2019-02-05 | 8.58 |
| 2018-12-21 | 9.48 | 2019-02-06 | 8.47 |
| 2018-12-24 | 9.46 | 2019-02-07 | 8.36 |
| 2018-12-26 | 9.49 | 2019-02-08 | 8.26 |
| 2018-12-27 | 9.56 | 2019-02-11 | 8.16 |
| 2018-12-28 | 9.63 | 2019-02-12 | 8.07 |
| 2018-12-31 | 9.64 | 2019-02-13 | 7.98 |
| 2019-01-02 | 9.67 | 2019-02-14 | 7.90 |
| 2019-01-03 | 9.64 | 2019-02-15 | 7.81 |
| 2019-01-04 | 9.61 | 2019-02-19 | 7.73 |
| 2019-01-07 | 9.58 | 2019-02-20 | 7.66 |
| 2019-01-08 | 9.52 | 2019-02-21 | 7.60 |
| 2019-01-09 | 9.45 | 2019-02-22 | 7.53 |
| 2019-01-10 | 9.39 | 2019-02-25 | 7.47 |
| 2019-01-11 | 9.33 | 2019-02-26 | 7.41 |
| 2019-01-14 | 9.26 | 2019-02-27 | 7.35 |

| 2019-01-15 | 9.20 | 2019-02-28 | 7.30 |
| 2019-01-16 | 9.15 | 2019-03-01 | 7.25 |
| | | after | 7.25 |

For purpose of the above calculations, a purchase or sale of common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees, taxes, and commissions. If a Settlement Class Member made more than one purchase/acquisition or sale of Arlo common stock during the Class Period, all purchases/acquisitions and sales of common stock will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Arlo common stock at the beginning of the Class Period, and then against purchases/acquisitions of Arlo common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. A Recognized Loss cannot be less than zero.

The payment you will receive will reflect your proportionate share of the Net Settlement Fund. The Settlement Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her, it its Recognized Claim as compared to the Recognized Claim of all Authorized Claimants.

Any amounts remaining in the Net Settlement Fund after all distributions of the Net Settlement Fund to Authorized Claimants have been made pursuant to this Plan of Allocation, including without limitation such Authorized Claimants' uncashed or returned distributions within ninety (90) days of distribution, shall be disbursed per Class Counsel's direction, as approved by the Court, in the form of an additional distribution to members of the Class. Defendants retain no interest in or right to any residual amount remaining in the Settlement Fund.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you hold or held securities covered by the Action on behalf of a beneficial owner or in "street name," you are directed by the Court to provide this Notice to the beneficial owner. You may obtain additional copies of this Notice by contacting the Angeion Group, the Settlement Administrator, at the address or telephone number below. As an alternative, you may provide the Settlement Administrator with mailing lists of beneficial owners. Please contact the Settlement Administrator immediately upon receipt of this Notice.

If you verify and provide details about your assistance with either of these options, you may be reimbursed for the actual expense you incur to send the Notices, including postage and/or the reasonable cost of determining the names and addresses of beneficial owners. The Settlement Administrator will send you a form for the verification. Send any requests for reimbursement, along with appropriate supporting documentation, to: Arlo Securities Litigation, Attn: Broker Requests, 1650 Arch Street, Suite 2210, Philadelphia, PA 19130, info@ArloSecuritiesLitigation.com (preferred).

[PROPOSED] NOTICE OF SETTLEMENT
5:19-CV-00372-BLF

1

**PLEASE DO NOT CALL THE COURT OR COURT CLERK FOR INFORMATION.**

2

3    Dated: _____

4    By Order of the United States District Court, Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] NOTICE OF SETTLEMENT
5:19-CV-00372-BLF

# Exhibit

# 3

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10         **SAN JOSE DIVISION**

11

12   | SPENCER WONG, Individually and on Behalf of All Others Similarly Situated, | Case No.  5:19-cv-00372-BLF |

13   |                                     | **[PROPOSED] SUMMARY NOTICE OF PROPOSED SETTLEMENT OF ACTION AND SETTLEMENT HEARING** |

Plaintiff,

14

v.

15

ARLO TECHNOLOGIES, INC.; MATTHEW

16   McRAE; CHRISTINE M. GORJANC;
PATRICK C.S. LO; ANDREW W. KIM;

17   NETGEAR, INC.; MERRILL LYNCH,
PIERCE, FENNER & SMITH INC.;

18   DEUTSCHE BANK SECURITIES INC.;
GUGGENHEIM SECURITIES LLC;

19   RAYMOND JAMES & ASSOCIATES, INC.;
COWEN AND COMPANY, LLC; and

20   IMPERIAL CAPITAL, LLC,

21                  Defendants.

22

23

24

25

26

27

28

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ARLO COMMON STOCK DURING THE PERIOD FROM AUGUST 3, 2018, THROUGH DECEMBER 2, 2018, INCLUSIVE, INCLUDING STOCK PURCHASED IN OR TRACEABLE TO THE PUBLIC OFFERING OF ARLO COMMON STOCK CONDUCTED ON OR AROUND AUGUST 7, 2018.

A hearing will be held on _____, 2020, at _____, before the Honorable Beth Labson Freeman in Courtroom 3, 5th floor of the United States District Court for the Northern District of California, San Jose Courthouse, 280 S. 1st Street, San Jose, CA 95113, to determine: (1) whether the proposed Settlement for $1,250,000.00 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement ("Stipulation"), filed with the Court; (3) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (4) whether the application of Lead Plaintiff for a reimbursement of reasonable costs and expenses should be approved; and (5) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with the Action should be approved.  **As set forth in the Stipulation, Defendants have the right to terminate the Settlement if certain conditions arise.**

If you purchased Arlo common stock during the period August 3, 2018 to December 2, 2018, inclusive, including stock purchased in or traceable to the public offering of Arlo common stock conducted on or around August 7, 2018, **your rights may be affected by this Settlement**. If you have not received the detailed Notice of Proposed Settlement of Class Action, you may obtain copies by writing to Arlo Securities Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 or at www.ArloSecuritiesLitigation.com.  You may also obtain a copy by accessing the Court docket for this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.   Settlement Class Members are required to submit a proof of claim by _____, 2020 to participate in the Settlement.  If you have already submitted a claim, there is no need to submit another in response to this advertisement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   **The exact recovery received by each Settlement Class Member is determined by the Plan of Allocation.  Under the Plan of Allocation, some Settlement Class Members will receive nothing but will nonetheless give up their right to pursue the released claims against released persons.  Please consider the above in light of all options available**.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  If you have any questions about this Notice, contact Lead Counsel, Arlo Securities Litigation, c/o Keller Lenkner LLC, 150 N. Riverside Plaza, Suite 4270, Chicago, IL 60606, by email at arloclaims@klclientservices.com, or by telephone at (312) 776-2920.**

DATED: _____

                      _____

                      BY THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] PUBLICATION NOTICE
5:19-CV-00372-BLF

# Exhibit
# 4

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                         **NORTHERN DISTRICT OF CALIFORNIA**

10                                **SAN JOSE DIVISION**

11

12   SPENCER WONG, Individually and on Behalf          Case No.  5:19-cv-00372-BLF
     of All Others Similarly Situated,
13                                                      [Proposed] Proof of Claim and
                      Plaintiff,                        Release
14
                 v.
15
     ARLO TECHNOLOGIES, INC.; MATTHEW
16   McRAE; CHRISTINE M. GORJANC;
     PATRICK C.S. LO; ANDREW W. KIM;
17   NETGEAR, INC.; MERRILL LYNCH,
     PIERCE, FENNER & SMITH INC.;
18   DEUTSCHE BANK SECURITIES INC.;
     GUGGENHEIM SECURITIES LLC;
19   RAYMOND JAMES & ASSOCIATES, INC.;
     COWEN AND COMPANY, LLC; and
20   IMPERIAL CAPITAL, LLC,

21                    Defendants.

22

23

24

25

26

27

28

## PROOF OF CLAIM AND RELEASE FORM

### GENERAL INSTRUCTIONS

You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action ("Notice") and the Stipulation and Agreement of Settlement ("Stipulation").  Both documents are available at www.ArloSecuritiesLitigation.com.  All capitalized terms used herein shall have the same meaning as defined in the Notice and the Stipulation.  By signing and submitting this Proof of Claim and Release ("Proof of Claim"), you will be certifying that you have read and understand the Notice and Stipulation, including the terms of the releases described therein and provided for herein.

This Proof of Claim is directed to all persons or entities who purchased or otherwise acquired the common stock of Arlo Technologies, Inc. from August 3, 2018, through December 2, 2018, inclusive (the "Class Period"), including stock purchased in or traceable to the public offering of Arlo common stock conducted on or around August 7, 2018, and were damaged thereby (the "Settlement Class").  Certain persons and entities are excluded from the Settlement Class as defined in the Notice.

If you are a Settlement Class Member and wish to participate in the Settlement described in the Notice, you must complete, sign, and return this Proof of Claim.  If you fail to file a properly addressed (as set forth below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

Submission of this Proof of Claim does not assure that you will share in the proceeds of the Settlement of this Action.  To share in the proceeds, the Claims Administrator must determine, based on the information in your Proof of Claim, that you have a Recognized Claim as a result of your purchases of Arlo Technologies, Inc. ("Arlo") stock during the Class Period and that you are entitled to a distribution in accordance with a plan of allocation.  You may be requested to provide additional information.

**YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM, POSTMARKED ON OR BEFORE _____, TO THE SETTLEMENT ADMINISTRATOR AT:**

> **Arlo Securities Litigation**
> **Attn: Claims**
> **1650 Arch Street, Suite 2210**
> **Philadelphia, PA 19103**
>
> **Telephone: (844) 983-1303**
> **Email: info@ArloSecuritiesLitigation.com**
> **Website: www.ArloSecuritiesLitigation.com**

If you are NOT a Settlement Class Member as defined in the Notice, or you or someone acting on your behalf has submitted a request for exclusion from the Settlement Class, DO NOT

submit a Proof of Claim.  You may not participate in the Settlement.

If you are a Settlement Class Member and have not validly requested to be excluded from the Settlement Class, you will be bound by the terms of any Judgment entered in the Action, including the releases included in the Stipulation of Settlement, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## CLAIMANT IDENTIFICATION

Use Part I of this form entitled "Claimant Information" to identify each owner of Arlo stock on whose behalf the Proof of Claim is submitted.  If you purchased or otherwise acquired Arlo common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner.  If you purchased or otherwise acquired Arlo common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Proof of Claim.

If you own this stock with your spouse or someone else in joint ownership, please identify them on this Proof of Claim as a joint owner.  All joint owners must sign this Proof of Claim.

Executors, administrators, guardians, conservators and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and evidence of their authority must accompany this Proof of Claim and their titles or capacities must be stated.

One Proof of Claim should be submitted for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The last four digits of the Social Security Number (or taxpayer identification) number and telephone number of the owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## PROOF OF CLAIM

Use Part II of this form entitled "Schedule of Transactions in Arlo Stock" to supply all required details of your transactions in Arlo common stock.  List each transaction separately and in chronological order by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction, as well as the purchase and/or sales price, excluding commissions, taxes, and other fees.  The date of the transaction is the "trade" date, and not the "settlement" or "payment" date.

Only shares of Arlo common stock purchased or otherwise acquired during the Class Period (i.e., from August 3, 2018, through December 2, 2018, inclusive), are eligible under the Settlement. However, under the 90-day "bounce back" period (described in the Plan of Allocation set forth in the Notice), your sales of Arlo common stock during the period from December 3, 2018 through and including the close of trading on March 1, 2019 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.  **Failure to report all transaction and holding**

1

2

**information during the requested time period may result in the rejection of your claim.** Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.

3

4

5

6

7

**You must provide documentation for all of your transactions set forth in this Proof of Claim. Broker confirmations or brokerage statements reflecting your purchases or other documentation of your transactions in Arlo stock during the Class Period should be attached to your Proof of Claim. If you purchased Arlo stock through a broker, you should be able to obtain duplicate copies of confirmation or brokerage statements from that broker. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. Please do not send original documents; keep a copy of all documents that you send to the Claims Administrator.**

8

9

10

11

12

The Claims Administrator may request additional information as required to efficiently and reliably calculate the amount of your claim. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the Proof of Claim upon the production of additional information that it may, in its discretion, require to process the claim.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROOF OF CLAIM
5:19-CV-00372-BLF

**PROOF OF CLAIM**

Must Be Postmarked No Later Than:

_____

<u>Please Type or Print</u>

**PART I:      <u>CLAIMANT IDENTIFICATION</u>**

_____
**Beneficial Owner's Name (as it appears on your brokerage statement)**

_____
**Joint Beneficial Owner's Name (as it appears on your brokerage statement)**

**Street Address:**

_____

_____

**City: _____    State: _____    Zip: _____**

**Country: _____**

**Telephone No. (Day)**                    **Telephone No. (Evening)**

(____)_____                    (____)_____

**Email: _____**

__xxx__-_xx_-_____      OR      _____-_____
**Social Security Number (for individuals)      Employer Identification Number
(for estates, trusts, corps., etc.)**

_____
Representative or Custodian Name (if different from beneficial owner listed above)

Claimant holder of Arlo common stock is:

___Individual   ___Corporation   ___Joint Owners   ___IRA   ___Trust   ___Estate

Other_____

**PART II:**       **SCHEDULE OF TRANSACTIONS IN ARLO STOCK**

**1.**      Separately list each and every purchase of Arlo common stock from the opening of trading on August 3, 2018 through and including the close of trading on December 2, 2018 (must be documented):

| Trade Date (list chronologically by month/day/year) | Number of Shares Purchased | Purchase Price Per Share (excluding commissions, taxes and fees) | Total Purchase Price (excluding commissions, taxes, and fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**2.**      Separately list each and every sales of Arlo common stock from the opening of trading on August 3, 2018 through and including the close of trading on March 1, 2019 (must be documented):

| Trade Date (list chronologically by month/day/year) | Number of Shares Sold | Sale Price Per Share (excluding commissions, taxes and fees) | Total Sale Price (excluding commissions, taxes, and fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**3.**      State the total number of shares of Arlo common stock owned at the close of trading on March 1, 2019 (if none, enter "0"; if other than zero, must be documented): _____.

**If you need more space, attach separate, numbered sheets giving all of the required information in substantially the same form. Sign each additional sheet and print or type your name at the top.**

**PART III:**       **RELEASE OF CLAIMS AND CERTIFICATION**

**YOU MUST READ THE FOLLOWING RELEASE AND CERTIFICATION AND SIGN BELOW**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation of Settlement, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) spouses, heirs, executors, beneficiaries, administrators, successors, assigns, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claim against Defendants and the other Released Persons, and shall forever be barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims against any of the Released Persons.

**CERTIFICATION**

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. I (We) am (are) authorized to execute and deliver this Proof of Claim;

2. I (We) have read and understand the terms of the Notice and Stipulation, including the release provided for in the Stipulation and the terms of the Plan of Allocation;

3. The claimant(s) is a (are) members of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

4. The claimants(s) has not (have not) submitted a request for exclusion from the Settlement Class;

5. The claimant(s) submit (submits) to the jurisdiction of the United States District Court for the Northern District of California, San Jose Division, with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6. I (We) purchased or otherwise acquired the shares of Arlo common stock listed in the above schedule;

7. I (We) have not assigned the claim against Defendants or any of the other Released Persons to another;

8. I (We) agree to furnish additional information to Class Counsel or the Claims Administrator to support this claim if required to do so;

9. The claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Arlo common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

10. The claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.  **[Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the preceding sentence.]**

1           I declare under penalty of perjury under the laws of the State of _____ that

2  the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim was executed this ___ day of _____ 2020 in _____.

3                                                     (City, State)

4  _____

5  (Sign your name here)                          (Type or Print your name here)

6  _____

7  (Joint Owner sign your name here)        (Joint Owner type or print your name here)

8  _____

9  Capacity of person signing on behalf of Claimant, if other than an individual (Executor, President, Custodian, etc.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ACCURATE CLAIMS PROCESSING TAKES
A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Please remember to sign the Proof of Claim form.

2.  Remember to attach supporting documentation, and please sign and print/type your name on each additional sheet.

3.  Do not send original or copies of stock certificates.

4.  Keep a copy of your Proof of Claim form for your records.

5.  If you desire an acknowledgement of receipt of your Proof of Claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move after submitting your Proof of Claim form, please send your new address to the Claims Administrator.

[PROPOSED] PROOF OF CLAIM
5:19-CV-00372-BLF

# Exhibit 5

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                         **SAN JOSE DIVISION**

11

12   SPENCER WONG, Individually and on Behalf        Case No.  5:19-cv-00372-BLF
     of All Others Similarly Situated,
13                                                    **[PROPOSED] ORDER AND FINAL**
                         Plaintiff,                   **JUDGMENT**
14
              v.
15
     ARLO TECHNOLOGIES, INC.; MATTHEW
16   McRAE; CHRISTINE M. GORJANC;
     PATRICK C.S. LO; ANDREW W. KIM;
17   NETGEAR, INC.; MERRILL LYNCH,
     PIERCE, FENNER & SMITH INC.;
18   DEUTSCHE BANK SECURITIES INC.;
     GUGGENHEIM SECURITIES LLC;
19   RAYMOND JAMES & ASSOCIATES, INC.;
     COWEN AND COMPANY, LLC; and
20   IMPERIAL CAPITAL, LLC,

21                       Defendants.

22

23

24

25

26

27

28

On the day of _____, 2020, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 11, 2020 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Arlo Technologies, Inc. ("Arlo" or the "Company"), Matthew McRae, Christine M. Gorjanc, Patrick C.S. Lo, Andrew W. Kim (together with Arlo, the "Arlo Defendants"); NETGEAR, Inc. ("NETGEAR"); and Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., Guggenheim Securities LLC, Raymond James & Associates, Inc., Cowen and Company, LLC, and Imperial Capital, LLC (the "Underwriter Defendants") (together with the Arlo Defendants and NETGEAR, the "Defendants")[1];

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Order Preliminarily Approving Settlement (Dkt. No. ___) ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.     The Court has jurisdiction over the subject matter of this action (the "Action"), Plaintiff, all Settlement Class Members, and the Defendants, including all Settlement Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the

---

[1] Plaintiff, on behalf of himself and the Settlement Class, and Defendants are collectively referred to as the "Parties."

circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those listed on Exhibit A hereto.

4.      The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Settlement Class Members and the Defendants, and that the record is sufficiently developed and complete to have enabled Plaintiff and the Defendants to have adequately evaluated and considered their positions.  Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.      Except with respect to individual claims by persons who have validly and timely requested exclusion from the Settlement Class (listed on Exhibit A), all of the claims asserted in the Second Amended Complaint or the Action against the Defendants are hereby dismissed with prejudice.

6.      Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and

1    forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement

2    Class Claims (including Unknown Claims), against each and all of the Released Persons, and shall

3    have covenanted not to sue any Released Person with respect to any Settlement Class Claims

4    (including any Unknown Claims) except to enforce the releases and other terms and conditions

5    contained in this Stipulation or the Judgment entered pursuant hereto and (b) shall be forever

6    permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining,

7    enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the

8    Settlement Class Claims (including any Unknown Claims) against any Released Person in the

9    Action or in any other action or any proceeding, in any state, federal or foreign court of law or

10   equity, arbitration tribunal, administrative forum or other forum of any kind.

11          7.      Defendants, for themselves and on behalf of each of their respective spouses, heirs,

12   executors, beneficiaries, administrators, successors, assigns and any Person(s) (claiming now or in

13   the future) through or on behalf of any of them directly or indirectly: (a) shall be deemed to have,

14   and by operation of law and of the Judgment shall have, fully, finally and forever released,

15   relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including

16   Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other

17   Settlement Class Members, the members of each Settlement Class Member's immediate family,

18   any entity in which any member of any Settlement Class Member's immediate family has or had a

19   controlling interest (directly or indirectly), any estate or trust of which any Settlement Class

20   Member is the settlor or which is for the benefit of any Settlement Class Member and/or members

21   of his or her family and (b) shall be forever permanently barred, enjoined and restrained from

22   commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing,

23   either directly or in any other capacity, any of the Defendant Claims (including any Unknown

24   Claims) against the Plaintiff, Lead Counsel and their attorneys, and all other Settlement Class

25   Members in the Action or in any other action or any proceeding, in any state, federal or foreign

26   court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

27          8.      The Court finds that all parties and their counsel have complied with each

28   requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

9.      Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

        a.      against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiff in the Second Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Second Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

        b.      against the Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiff in the Second Amended Complaint or the Action or of any lack of merit to the claims or the Second Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Second Amended Complaint or the Action;

        c.      against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this

**[PROPOSED] ORDER AND FINAL JUDGMENT**
**5:19-CV-00372-BLF**

Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiff, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

      d.    against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

      e.    against the Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

      f.    as evidence of, or construed as evidence of, any presumption, concession, or admission that the class definition as ordered in the Preliminary Approval Order is appropriate in this Action, except for purposes of this Settlement.

10.    Notwithstanding the foregoing Paragraph 9, the Settling Parties and other Released Persons may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

11.    Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of

the Stipulation, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

12.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

13.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

14.     Any order approving or modifying the Plan of Allocation, Class Counsel's application or award of attorneys' fees and expenses, or Plaintiff's application or award for payment of reasonable costs and expenses, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

15.     In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

16.     In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to the Defendants.

1   Plaintiff and the Settlement Class Members shall have no responsibility for the return of such
2   consideration.

3

4       **IT IS SO ORDERED.**

5

6

7   Dated:   _____, 2020
8                                                        _____
                                                         Hon. Beth Labson Freeman
9                                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28