HEDIN HALL LLP
David W. Hall
Four Embarcadero Center
Suite 1400
San Francisco, CA 94104
Telephone: 415/766-3534
415/402-0058 (fax)
dhall@hedinhall.com

*Attorneys for California State Plaintiff Athanasios Perros*

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: 858/914-2001
858/914-2002 (fax)
fbottini@bottinilaw.com
achang@bottinilaw.com

*Attorneys for California State Plaintiff Chirag Patel*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SPENCER WONG, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ARLO TECHNOLOGIES, INC.; MATTHEW McRAE; CHRISTINE M. GORJANC; PATRICK C.S. LO; ANDREW W. KIM; NETGEAR, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GUGGENHEIM SECURITIES LLC; RAYMOND JAMES & ASSOCIATES, INC.; COWEN AND COMPANY, LLC; and IMPERIAL CAPITAL, LLC,

Defendants.

Case No. 5:19-cv-0372

Class Action

**California State Plaintiffs' Notice of Motion and Motion to Intervene and to Set a Schedule for Opposition to Preliminary Approval; Memorandum of Points and Authorities in Support Thereof**

Date: February 11, 2021
Time: 9:00 a.m.
Courtroom: 3, 11th Floor
Judge: Honorable Beth L. Freeman

## Table of Contents

NOTICE OF MOTION AND MOTION ..... 2

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

QUESTION PRESENTED ..... 2

INTRODUCTION ..... 2

ARGUMENT ..... 5

I. The California State Plaintiffs Should Be Allowed to Intervene as of Right Under Rule 24(a) ..... 5

A. The California State Plaintiffs Have a Significantly Protectable Interest in This Action ..... 6

B. The California State Plaintiffs' Interests Are Not adequately Protected by the Federal Plaintiff ..... 7

C. A Disposition on Preliminary Approval Will Impair or Impede the California State Plaintiffs' Ability to Protect Their Significantly Protectable Interests ..... 8

D. The Motion Is Timely ..... 8

II. The California State Plaintiffs Should Be Granted Permissive Intervention Under Rule 24(b) ..... 9

A. The California State Plaintiffs Will Not Expand the Court's Jurisdiction ..... 10

B. The California State Plaintiffs Share Common Questions of Law or Fact with Those Asserted in This Action ..... 10

C. Granting Permissive Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights ..... 11

CONCLUSION ..... 11

i

California State Plaintiffs' Motion to Intervene and to Set a Schedule for Opposition to Preliminary Approval
Case No. 5:19-cv-0372

## Table of Authorities

### Cases

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) .......... 7

*California ex rel. Lockyer v. United States*,
450 F.3d 436 (9th Cir. 2006) .......... 6

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) .......... 6, 7

*Cnty. of Fresno v. Andrus*,
622 F.2d 436 (9th Cir. 1980) .......... 6

*Cunningham v. David Special Commitment Ctr.*,
158 F.3d. 1035 (9th Cir. 1998) .......... 8

*Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*,
642 F.3d 728 (9th Cir. 2011) .......... 10

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998) .......... 6

*Freedom from Religion Found., Inc. v. Geithner*,
644 F.3d 836 (9th Cir. 2011) .......... 10

*In re Arlo Techs. Inc. S'holder Litig.*,
No. 18CV339231,
Order re: Motions to Stay (Cal. Super. Ct. Cnty. of Santa Clara June 21, 2019) .......... 3

*In re Estate of Ferdinand E. Marcos Human Rights Litig.*,
536 F3d 980 (9th Cir. 2008) .......... 6

*Kootenai Tribe of Idaho v. Veneman*,
313 F.3d 1094 (9th Cir. 2002) .......... 10

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) .......... 9

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) .......... 11

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) .......... 6

*United States v. City of L.A.*,
288 F.3d 391 (9th Cir. 2002) .......... 8

*United States v. Stringfellow*, 783 F.2d 821 (9th Cir. 1986) .......... 8

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) .......... 10

**Statutes**

15 U.S.C. § 77k .......... 2

15 U.S.C. § 77l .......... *passim*

15 U.S.C. § 77o .......... 2

**Rules**

FED. R. CIV. P. 9(b) .......... 3

FED. R. CIV. P. 24 .......... *passim*

**NOTICE OF MOTION AND MOTION TO INTERVENE AND TO SET A SCHEDULE FOR OPPOSITION TO PRELIMINARY APPROVAL**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2021, at 9:00 a.m., before the Honorable Beth L. Freeman at the United States District Court, Northern District of California, San Jose Courthouse, in Courtroom 3, on the 11th Floor, located at 280 South 1st Street, San Jose, California 95113, Athanasios Perros and Chirag Patel, plaintiffs in related actions pending in state court, will and hereby do move this Court for an order:

- allowing them to intervene under Federal Rule of Civil Procedure 24;
- setting a schedule for them to oppose preliminary approval of the proposed settlement; and
- granting such further and other relief as the Court deems just and proper.

The California state plaintiffs' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support Thereof, and all papers and proceedings in this action.

Dated: September 16, 2020

HEDIN HALL LLP
David W. Hall

s/ David W. Hall
David W. Hall

Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: 415/766-3534
415/402-0058 (fax)
dhall@hedinhall.com

*Attorneys for Plaintiff Athanasios Perros*

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: 858/914-2001
858/914-2002 (fax)
fbottini@bottinilaw.com
achang@bottinilaw.com

*Attorneys for Plaintiff Chirag Patel*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**QUESTION PRESENTED**

Should the Court allow the California state plaintiffs to intervene in this action in order to submit an opposition to the pending motion for preliminary approval?

**INTRODUCTION**

This action is one of several securities class action pending in the wake of Arlo Technologies, Inc.'s disastrous initial public offering ("IPO"). The first was commenced in California state court. That first-filed action (the "California Action") alleges exclusively non-fraud, strict-liability claims under Sections 11, 12(a)(2), and 15 the Securities Act of 1933 (the "33 Act"). Numerous related actions were consolidated there, and now that first-filed, consolidated California Action represents the collective effort, experience, and resources of several of the most prominent securities class action firms nationwide ("California State Plaintiffs").

Months after California State Plaintiffs commenced the California Action, different plaintiffs filed this follow-on federal action alleging a narrower subset of 33 Act claims coupled with distinct fraud claims under the Securities Exchange Act of 1934 (the "34 Act"). With the most prominent national securities firms already coordinating together in the first-filed, consolidated California Action, only a handful of movants remained to seek appointment here under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and, as a result, the Court was left to appoint a firm with little to no relevant experience; notably: zero prior 33 Act lead counsel appointments, zero prior (much less successful) oppositions to 33 Act motions to dismiss, and zero prior 33 Act class action settlements (referred to herein as "Federal Plaintiff").

Recognizing these vulnerabilities, as well as the more onerous fraud standards this later federal action would necessarily face under the federal PSLRA, Defendants opted to move to stay the California Action, hoping to ice that first-filed, more broadly supported

action while they gamed what they saw as better odds in federal court. California State Plaintiffs opposed Defendants' forum-shopping motion to stay, *inter alia*, pointing out the severe risk of self-inflicted wounds by inexperienced counsel for Federal Plaintiff in the incomplete follow-on federal action, the more onerous standards that later-filed action would unnecessarily impose to the detriment of the class, the unique Section 12(a)(2) and *respondeat superior* claims alleged only in the first-filed California Action and that were not (and could not be) alleged in this follow-on federal action, as well as the perverse incentives that would be fostered by staying the first-filed California Action in favor of this largely copycat federal action. Nevertheless, against the weight of California authority, the Honorable Thomas E. Kuhnle granted Defendants' motion to stay. But Judge Kuhnle did so with an important caveat: Because the California Action alleges a unique "Section 12(a)(2) claim [that] cannot be resolved in the federal case due to a lack of standing," Judge Kuhnle's order prescribed that once the "federal court [] resolve[s] the claims set forth in that action, … the stay should be lifted so this Court can address the remaining claims." *In re Arlo Techs. Inc. S'holder Litig.*, No. 18CV339231, Order re: Motions to Stay, at 5 (Cal. Super. Ct. Cnty. of Santa Clara June 21, 2019).

This later-filed federal action was thus allowed to leapfrog the first-filed California Action. And, as feared, its inexperienced Federal Plaintiff proceeded to shoot its claims in the foot. Muddling non-fraud claims under the 33 Act with the more difficult (but redundant) fraud claims under the 34 Act, Federal Plaintiff managed to subject even the non-fraud 33 Act claims to the heightened particularity standards of Rule 9(b) and the PSLRA. Indeed, not only did the Federal Plaintiff conflate distinct causes of action, they needlessly alleged that the "'Registration Statement … plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of conduct which operated as a *fraud and deceit*.'" Order Granting with Leave to Amend Defendants' Motion to Dismiss Lead Plaintiff's

Amended Complaint (ECF No. 103) at 9. Given these critical (yet avoidable) self-inflicted wounds, it was no surprise that the Court found Federal Plaintiff's sloppy pleading did "sound in fraud," was subject to "heightened pleading standard[s]," and thus was subject to dismissal for failure to "'state with particularity the circumstances constituting fraud.'" *Id.* at 10. Still, this Court graciously granted Federal Plaintiff leave to amend. *Id.* at 16.

Rather than take the opportunity to amend and remedy these self-inflicted wounds, inexperienced Federal Plaintiff took Defendants' bait to engage in a premature settlement process from the weakest possible position. The poison fruit of that untoward reverse-auction is now before the Court: a bad settlement that not only shortchanges the claims actually asserted here, but also attempts to release unique Section 12(a)(2) claims that were only pled in the California Action and cannot be litigated in this later-filed federal action, and thus could not have been meaningfully appraised during the negotiations that produced the sell-out settlement now before the Court.

The deficiencies of the proposed settlement are manifold. It bears all the hallmarks of a collusive reverse auction. The class cannot be certified. The Federal Plaintiff is inadequate in numerous respects. This Court should have the opportunity to consider these and all of its deficiencies in full before ruling on preliminary approval, and certainly before risking the waste and confusion of improper or misleading notice being sent out to potential class members.

Accordingly, California State Plaintiffs seek leave to intervene in this federal action pursuant to Rule 24 for the sole and limited purpose of filing an opposition to the motion for preliminary approval. Intervention is appropriate and the elements are easily met.

First, the California State Plaintiffs should be granted intervention as of right pursuant to Rule 24(a) as they have a "significantly protectable" interest that is related to the claims in this federal action and will suffer a practical impairment of such interest if not permitted to intervene and challenge the proposed settlement, settlement class, and

overbroad release. Indeed, the California State Plaintiffs are currently asserting a materially broader set of Securities Act claims than those alleged here — including unique Section 12(a)(2) claims — which have not been (and cannot be) litigated here. As a result, the Federal Plaintiff is not in a position to maximize the potential recovery of those California State Plaintiffs or any other class members alleging Section 12(a)(2) claims. At a minimum, this Court should have the benefit of these arguments before it rules on preliminary approval.

Alternatively, the California State Plaintiffs should be granted permissive intervention under Rule 24(b). As noted above, intervention will not expand this Court's jurisdiction, but rather only allow the Court to consider arguments on preliminary approval and preliminary class certification related to related causes of action. Intervention will also not unduly delay or prejudice any party, but rather ensure that all the actions move forward efficiently and protect the interests of all class members by preventing improper overbroad release of distinct claims, ensure adequate representation of all claims, and avoid the waste and confusion of misleading notice being prematurely sent to potential class members.

For all of these reasons, and consistent with the liberal construction of Rule 24 in favor of intervention, the motion should be granted.

## ARGUMENT

### I. The California State Plaintiffs Should Be Allowed to Intervene as of Right Under Rule 24(a)

Intervention as of right under Rule 24(a)(2) is appropriate upon satisfaction of a four-factor test: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest is not adequately represented by the parties to the action; (3) the applicant must be situated such that disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. FED. R.

CIV. P. 24(a); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Rule 24(a)(2)'s requirements "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

### A. The California State Plaintiffs Have a Significantly Protectable Interest in This Action

To warrant intervention as a matter of right, a movant must first show they have a "significantly protectable interest" in the action. Such an interest is considered "significantly protectable" if it is protected under some law and is related to the plaintiff's claims. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (citing *Donnelly*, 159 F.3d at 409). The Ninth Circuit has made clear that Rule 24(a)(2) does not require a proposed intervenor's interest to be specifically legal or equitable. *Cnty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Rather, the Ninth Circuit has held that a non-speculative, economic interest may be sufficient to support intervention if the interest is concrete and related to the action's underlying subject matter. *See, e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). In short, the "significantly protectable" interest test requires a case-by-case, fact-based analysis, and the Ninth Circuit has viewed this test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F3d 980, 985 (9th Cir. 2008).

Here, there can be no question that the California State Plaintiffs — appointed to represent and protect the interests of the first-filed, overlapping class, and with a fiduciary obligation to do so — have a "significantly protectable" interest in this matter. They are pursuing the very claims that the Federal Plaintiff now seeks to certify and sell out those claims for a unacceptable *de minimis* settlement. Indeed, because the Federal Plaintiff is asserting a more limited and less valuable scope of '33 Act claims than those at issue in

the California Action, the California State Plaintiffs have a manifest interest in this case and the scope of the Court's determination of class certification.

### B. The California State Plaintiffs' Interests Are Not Adequately Protected by the Federal Plaintiff

To satisfy the second factor, a "minimal" showing of inadequate representation is all that is required. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The California State Plaintiffs meet their minimal burden by showing the existing party has an interest adverse to theirs, and the mere fact that the existing party seeks similar relief does not mean it will adequately protect the intervenors' interests. *Citizens for Balanced Use*, 647 F.3d. at 898.

In evaluating adequacy of representation, courts in the Ninth Circuit evaluate three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* at 898. "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086.

Here, the Federal Plaintiff will not assert the same Securities Act claims that are already being pursued in the California Action, nor has he demonstrated that he is "willing" to do so. To the contrary, the Federal Plaintiff cannot represent the unique Section 12(a)(2) claims because he plainly lacks standing to assert those claims. As Judge Kuhnle already recognized, the federal complaint does not assert the same scope of claims as the California Action, which are far broader. Similarly, intervention will permit the Court to consider arguments raised by the California State Plaintiffs that the Federal Plaintiff has apparently neglected. Indeed, in seeking to certify a class to sell out claims that cannot be brought here but are already being pursued in the California Action,

Federal Plaintiff has already demonstrated its inadequacy to represent the California State Plaintiffs and similar situated potential class members.

**C. A Disposition on Preliminary Approval Will Impair or Impede the California State Plaintiffs' Ability to Protect Their Significantly Protectable Interests**

Intervention is appropriate when disposition of the pending action may "as a practical matter impair or impede the movant's ability to protect its interest." FED. R. CIV. P. 24(a); *Cunningham v. David Special Commitment Ctr.*, 158 F.3d. 1035, 1038 (9th Cir. 1998). "[T]he relevant inquiry is whether [a disposition] 'may' impair rights 'as a practical matter' rather than whether the decree will 'necessarily' impair them." *United States v. City of L.A.*, 288 F.3d 391, 401 (9th Cir. 2002).

For the same reasons discussed above, the outcome of the pending motion for preliminary approval could certainly "impair or impede" the ability of the California State Plaintiffs to protect the interests of the putative class at issue in the California Action. As will be explained in detail in California State Plaintiffs' forthcoming Opposition to Preliminary Approval, the California State Plaintiffs assert broader claims and remedies than those claims asserted here in the federal action. Thus, certification of the broad proposed settlement class on the basis of only those more-limited claims in the federal action would impair the California State Plaintiffs' and California Action class members' interests. *See United States v. Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986), *vacated on other grounds* 480 U.S. 370 (1987) (if prospective intervenor seeks to obtain remedies that differ from those sought by original plaintiffs, it is reasonable to conclude that disposition of the litigation may impair the prospective intervenor's ability to protect its interest).

**D. The Motion Is Timely**

A motion for intervention must be timely. When assessing timeliness, the Ninth Circuit considers three factors: (1) the stage of the proceedings; (2) any prejudice to

existing parties; and (3) the length of, and reason for, any delay. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

Here, the motion is certainly timely. California State Plaintiffs were never served with Federal Plaintiff's motion for preliminary approval. Neither Federal Plaintiff nor Defendants (who have appeared in the California Action) provided any notice to Perros or Patel of the motion for preliminary approval. It was through sheer serendipity that California State Plaintiff even became aware of this proposed settlement before preliminary approval is decided. Moreover, there can be no claim of prejudice. Intervention is sought for the sole purpose of allowing the Court to consider all oppositions to the motion for preliminary approval, and the California State Plaintiffs timely filed opposition upon this Court granting leave to intervene and setting a briefing schedule. Thus, Federal Plaintiff will also have the opportunity to respond to each of the objections raised in California State Plaintiffs' opposition to preliminary approval.

## II. The California State Plaintiffs Should Be Granted Permissive Intervention Under Rule 24(b)

The Court can also exercise its discretion and allow permissive intervention under Rule 24(b). For permissive intervention, the applicant need only show that: (1) independent grounds for jurisdiction exist; (2) the motion is timely[1]; and (3) the applicant's claim or defense shares a common question of law or fact with the main action. FED. R. CIV. P. 24(b); *League of United*, 131 F.3d at 1308. Further, in exercising its discretion, the court should consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

///

///

[1] The factor of "timeliness" applies to both intervention as of right, and permissive intervention, and is discussed above.

**A. The California State Plaintiffs Will Not Expand the Court's Jurisdiction**

Permissive intervention requires independent grounds for jurisdiction. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). This requirement ensures that intervention is not sought as a means to inappropriately expand the district courts' jurisdiction. *Id*. Here, intervention is sought only to appear and argue against preliminary settlement approval and preliminary class certification, not to seek to allege additional claims or defenses or bases for jurisdiction. This Court already has jurisdiction and, as intervenors, the California State Plaintiffs do not rely upon any different jurisdictional basis. *See Freedom*, 644 F.3d at 844 (federal question supports intervention so long as intervenor not asserting new state-law claims).

**B. The California State Plaintiffs Share Common Questions of Law or Fact with Those Asserted in This Action**

Permissive intervention requires an applicant to "ha[ve] a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The existence of a common question is liberally interpreted. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108–09 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). All that is required is "that [the proposed intervenor's] claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe*, 313 F.3d at 1108. Unlike intervention as of right, a proposed intervenor need not specify any particular personal or pecuniary interest in the subject of the litigation. *See Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011).

Here, the California State Plaintiffs are asserting 33 Act claims arising out of the Arlo IPO, which claims overlap with those asserted by the Federal Plaintiff. Thus, the actions share common questions of law and fact. Indeed, the Federal Plaintiff is now

seeking certification of a settlement class and overbroad settlement release that would serve to release unique claims being pursued by the California State Plaintiffs.

### C. Granting Permissive Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights

Once the conditions for granting permissive intervention are met, intervention rests in the sound discretion of the court. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the original parties' rights. FED. R. CIV. P. 24(b)(3).

As discussed above, allowing intervention for the sole purpose of opposing preliminary approval and preliminary class certification will not cause any delay, much less unnecessary delay. Indeed, consistent with the schedule set by the Court, the Federal Plaintiff will have the opportunity to respond in writing and at oral argument. If anything, intervention would promote interests of fairness and equity, allowing the Court to resolve issues relating to the unfairness of the proposed settlement, overbreadth of the proposed settlement release, and proper scope of class certification with the benefit of briefing from all interested parties. *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

## CONCLUSION

Intervention meets the requirements of Rule 24, and will assist the Court in resolving the important issue of preliminary approval and preliminary class certification with the benefit of complete briefing from all those with a significant interest in the case. For all these reasons, the California State Plaintiffs respectfully request that the Court grant their motion to intervene in this action and hold any the pending motion for preliminary approval in abeyance until after California State Plaintiffs are afforded an opportunity to file an opposition to preliminary approval.

///

///

Dated: September 16, 2020

Respectfully submitted,

HEDIN HALL LLP
David W. Hall

s/ David W. Hall
David W. Hall

Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: 415/766-3534
415/402-0058 (fax)
dhall@hedinhall.com

*Attorneys for California State Plaintiff Athanasios Perros*

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: 858/914-2001
858/914-2002 (fax)
fbottini@bottinilaw.com
achang@bottinilaw.com

*Attorneys for California State Plaintiff Chirag Patel*