**BROWNE GEORGE ROSS LLP**
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
  croth@bgrfirm.com
Ryan D. Evans (State Bar No. 295600)
  revans@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

**KELLER LENKNER LLC**
Ashley C. Keller
  ack@kellerlenkner.com
Aaron M. Zigler
  amz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5222

*Counsel for Matis Nayman and*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SPENCER WONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARLO TECHNOLOGIES, INC.; MATTHEW McRAE; CHRISTINE M. GORJANC; PATRICK C.S. LO; ANDREW W. KIM; NETGEAR, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GUGGENHEIM SECURITIES LLC; RAYMOND JAMES & ASSOCIATES, INC.; COWEN AND COMPANY, LLC; and IMPERIAL CAPITAL, LLC,<br><br>Defendants. | Case No. 5:19-cv-00372-BLF<br><br>**CLASS ACTION**<br><br>**NOTICE AND MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REIMBURSEMENT OF PLAINTIFF'S COSTS AND EXPENSES**<br><br>DATE: March 11, 2021<br>TIME: 1:30 p.m.<br>CTRM: 3, 5th Floor<br>JUDGE: Honorable Beth L. Freeman |

**PLEASE TAKE NOTICE** that, pursuant to an Order of the Court issued on September 24, 2020 ("Preliminary Approval Order"), on March 11, 2021, at 1:30 p.m., at the United States District Court for the Northern District of California, Courtroom 3, 5th floor of the San Jose Courthouse, 280 S. 1st Street, San Jose, CA 95113, before the Honorable Beth L. Freeman, Plaintiff will move pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure for an order awarding attorneys' fees, reimbursement of litigation expenses, and reimbursement of Plaintiff's costs and expenses.

**PLEASE TAKE FURTHER NOTICE** that this motion is supported by the accompanying Memorandum of Points and Authorities; the Declaration of Aaron M. Zigler in Support of Plaintiff's Motions for Final Approval of Settlement and Attorneys' Fees, Reimbursement of Expenses, and Reimbursement of Plaintiff's Costs and Expenses [ECF No. 140-3], and the Declaration of Matis Nayman [ECF No. 140-2].

Dated: February 9, 2021                             **KELLER LENKNER LLC**

                                                    /s/ Aaron M. Zigler

                                                    Aaron M. Zigler
                                                    *Counsel for Lead Plaintiff*
                                                    *Matis Nayman and the Settlement Class*

**BROWNE GEORGE ROSS LLP**
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
  croth@bgrfirm.com
Ryan D. Evans (State Bar No. 295600)
  revans@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

**KELLER LENKNER LLC**
Ashley C. Keller
  ack@kellerlenkner.com
Aaron M. Zigler
  amz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5222

*Counsel for Matis Nayman and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SPENCER WONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARLO TECHNOLOGIES, INC.; MATTHEW McRAE; CHRISTINE M. GORJANC; PATRICK C.S. LO; ANDREW W. KIM; NETGEAR, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GUGGENHEIM SECURITIES LLC; RAYMOND JAMES & ASSOCIATES, INC.; COWEN AND COMPANY, LLC; and IMPERIAL CAPITAL, LLC,<br><br>Defendants. | Case No. 5:19-cv-00372-BLF<br><br>**CLASS ACTION**<br><br>**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REIMBURSEMENT OF PLAINTIFF'S COSTS AND EXPENSES**<br><br>DATE: <u>March 11, 2021</u><br>TIME: <u>1:30 p.m.</u><br>CTRM: <u>3, 5th Floor</u><br>JUDGE: Honorable Beth L. Freeman |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. **The Requested Attorneys' Fees are Fair and Reasonable and Should be Approved** ................................................................................................. 2

        a. Standard for Approval of Attorneys' Fees in the Ninth Circuit ................................................................................................. 2

        b. An Award of 25% of the Settlement Fund is Reasonable ......................... 3

            i. The Settlement Achieved ................................................................. 3

            ii. The award is in line with awards in similar cases ........................... 4

            iii. The risks in the Litigation support the award. ............................... 5

            iv. The award is supported by the skill required and the quality and efficiency of the work. ................................................. 7

            v. The contingent nature of the case and the financial burden carried by Lead Counsel. ...................................................... 8

            vi. The reaction of the Settlement Class supports the requested award. ................................................................................ 8

            vii. A lodestar cross-check shows the fee request is reasonable. ........................................................................................ 9

    B. **Lead Counsel's Expenses are Reasonable and were Necessarily Incurred to Achieve the Benefit Obtained for the Class.** ............................... 10

    C. **Plaintiff Matis Nayman is Entitled to His Costs and Expenses.** ................... 11

III. CONCLUSION ................................................................................................................. 12

**TABLE OF AUTHORITIES**

**CASES**                                     **Page(s)**

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) .......................................................................................4

*In re Amgen Sec. Litig.*,
   No. CV 7-2536 PSG, 2016 WL 10571773 (C.D. Cal. Oct. 25, 2016)......................................9

*In re Apollo Grp., Inc. Sec. Litig.*,
   No. CV042147PHXJAT(LEAD), 2008 WL 3072731 (D. Ariz. Aug. 4, 2008),
   *rev'd and remanded*, No. 08-16971, 2010 WL 5927988 (9th Cir. June 23,
   2010) .........................................................................................................................................6

*Baker v. SeaWorld Entm't, Inc.*,
   No. 14-CV-02129-MMA-AGS, 2020 WL 4260712 (S.D. Cal. July 24, 2020).......................12

*Blum v. Stenson*,
   465 U.S. 886 (1984)..................................................................................................................4

*In re BP p.l.c. Sec. Litig.*,
   852 F. Supp. 2d 767 (S.D. Tex. 2012) .....................................................................................4

*In re Capacitors Antitrust Litig.*,
   No. 3:14-CV-03264-JD, 2017 WL 9613950 (N.D. Cal. June 27, 2017) ..................................7

*In re Charles Schwab Corp. Sec. Litig.*,
   No. 08-01510, 2011 WL 1481424 (N.D. Cal. Apr. 19, 2011) ..................................................8

*In re Cont'l Ill. Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992) ...............................................................................................9, 10

*Destefano v. Zynga, Inc.*,
   No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) .....................................10

*In re Equity Funding Corp. Sec. Litig.*,
   438 F. Supp. 1303 (C.D. Cal. 1977) ........................................................................................7

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
   307 F.3d 997 (9th Cir. 2002) ....................................................................................................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..................................................................................................5

*Hayes v. MagnaChip Semiconductor Corp.*,
   No. 14-CV-01160-JST, 2016 WL 6902856 (N.D. Cal. Nov. 21, 2016)................................11

**CASES (cont'd)**                                                                                                   **Page(s)**

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................................................ 3

*In re Heritage Bond Litig.*,
   No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ............................... 5, 6, 7

*Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) .............................................................................. 8, 11

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
   654 F.3d 935 (9th Cir. 2011) ................................................................................................ 3, 5

*In re King Resources,*
   420 F. Supp. 632 (D. Colo. 1976); ....................................................................................... 5, 6

*Kirchoff v. Flynn*,
   786 F.2d 320 (7th Cir. 1986) ..................................................................................................... 4

*Knight v. Red Door Salons, Inc.*,
   No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) .................................................. 7

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*,
   540 F.2d 102 (3d Cir. 1976) ....................................................................................................... 5

*In re M.D.C. Holdings Sec. Litig.*,
   No. CV89-0090 E (M), 1990 WL 454747 (S.D. Cal. Aug. 30, 1990) ....................................... 4

*In re Magma Design Automation, Inc. Sec. Litig.*,
   No. C 05-02394 CRB, 2009 WL 10696109 (N.D. Cal. Mar. 27, 2009) ................................. 11

*In re Media Vision Tech. Sec. Litig.*,
   913 F. Supp. 1362 (N.D. Cal. 1996) ....................................................................................... 10

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ..................................................................................................... 5

*Missouri v. Jenkins*,
   491 U.S. 274 (1989) ................................................................................................................... 2

*In re Omnivision Techs.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) .............................................................................. 4, 10

*Ontiveros v. Zamora*,
   303 F.R.D. 356 (E.D. Cal. 2014) ............................................................................................. 10

*In re Oracle Sec. Litig.*,
   852 F. Supp. 1437 (N.D. Cal. 1994) ......................................................................................... 9

**CASES (cont'd)** **Page(s)**

*In re Pac. Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ...................................................................................................5

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005)....................................................................................................8

*Robbins v. Koger Props., Inc.*,
    116 F.3d 1441 (11th Cir. 1997) ..............................................................................................6

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................................................11

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ................................................................................................2

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &*
    *Prod. Liab. Litig.*,
    No. 810ML02151JVSFMOX, 2013 WL 12327929 (C.D. Cal. July 24, 2013).........................5

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ....................................................................................2, 3, 4, 9

*In re Wash. Pub Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ..........................................................................................2, 5, 8

**STATUTES**

15 U.S.C. § 78u-4(a)(6) ...............................................................................................................2

**I.     INTRODUCTION**

Lead Plaintiff Matis Nayman ("Plaintiff") respectfully submits this memorandum in support of his motion for an award of attorneys' fees and for reimbursement of litigation costs and expenses incurred in prosecuting this action (the "Litigation"). The Settlement, if approved, will result in a cash Settlement Fund of $1,250,000. Lead Counsel respectfully requests that the Court award them 25% of the fund as well as reimbursement of litigation expenses in the amount of $21,345.03. The Court should grant Plaintiff's Counsel's requests.

Lead Counsel has been litigating this case for nearly two years without having received any compensation whatsoever. Though the case was highly risky from the start, Lead Counsel agreed to litigate on a contingency basis. The Litigation has endured for two years and required thousands of dollars of out-of-pocket expenses to effectively prosecute the matter.

Plaintiff's counsel, Keller Lenkner LLC ("Lead Counsel"), undertook this litigation on a wholly contingent basis. After spending over a year litigating this case, Plaintiff and Lead Counsel were able to secure a cash settlement of $1.25 million. Lead Counsel request that 25% of this amount be used to satisfy their attorneys' fees and that they be entitled to reimbursement of costs and expenses they incurred along the way. In total, Lead Counsel invested over 850 hours of attorney time in the matter which, based on counsels' current hourly rates, equates to a lodestar value of more than $730,000.00. The requested fee of 25% of the Settlement Fund will compensate Lead Counsel for their time, effort, and results. Not only is it fair, but it also falls squarely in line with the Ninth Circuit precedent concerning the "benchmark" fee award in complex class action litigation.

Lead Counsel should also be reimbursed for $21,345.03 in litigation expenses they incurred over the past two years. The expenses and costs incurred by Lead Counsel are modest and include money they expended towards printing, process servers, advertisements and filing fees. Each of these expenses were reasonably necessary for the purposes of litigating this matter. Thus, Lead Counsel's request for reimbursement is appropriate.

Finally, Lead Counsel also seek reimbursement of Plaintiff Matis Nayman's costs and expenses incurred during the Litigation under 15 U.S.C. § 78u-4(a)(4). Plaintiff Nayman spent

numerous hours assisting Lead Counsel in this action. To compensate him for his reasonable costs and expenses, Lead Counsel respectfully requests that he be awarded $5,000.

## II. ARGUMENT

### A. The Requested Attorneys' Fees are Fair and Reasonable and Should be Approved

#### a. Standard for Approval of Attorneys' Fees in the Ninth Circuit

It is well settled in the Ninth Circuit that district courts have the discretion to apply either the percentage-of-recovery method or the lodestar method in determining attorneys' fees in a common fund case. *In re Wash. Pub Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) ("*WPPSS*"). In recent years, the percentage-of-recovery method has become the prevailing method for awarding fees in common fund cases in this Circuit and throughout the United States.[1] *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("a reasonable fee under the common fund doctrine is calculated as a percentage of the recovery"). Nevertheless, in employing the percentage-of-recovery method, courts often perform a lodestar cross-check on the reasonableness of the requested fee. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (affirming use of percentage method to calculate attorneys' fees and application of lodestar method as cross-check). No matter which method is chosen, the fees awarded in common fund cases must be fair and reasonable under the circumstances of a particular case. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989).

Courts in the Ninth Circuit have typically considered the following factors when reviewing a proposed fee award: 1) the results achieved; 2) awards made in similar cases; 3) the risk of litigation; 4) the skill required and the quality of the work; 5) the contingent nature of the fee and the financial burden carried by the plaintiffs; 6) the reaction of the class to the proposed fee and expense request; and 7) whether the percentage appears reasonable in light of a lodestar cross-

---

[1] The PSLRA has also indicated its preference for a percentage analysis when awarding attorneys' fees in securities class actions. See 15 U.S.C. § 78u-4(a)(6) ("Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class")

check.  *Vizcaino*, 290 F.3d at 1048-50.  As discussed below, each of these factors supports the requested award of attorneys' fees herein.

### b. An Award of 25% of the Settlement Fund is Reasonable

#### i. *The Settlement Achieved*

Lead Counsel has succeeded in obtaining a $1,250,000 cash settlement.  As a result of this Settlement, Class members will receive immediate compensation for their losses and avoid the substantial risks of no recovery had the Litigation been litigated and Defendants' anticipated motion to dismiss been again granted, or later at summary judgment, trial or on subsequent appeal, or if any judgment would have been uncollectable.

Courts have consistently recognized that the results achieved is a major and perhaps the most important factor to be considered in determining an appropriate fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"); *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 942 (9th Cir. 2011) ("Foremost among these considerations, however, is the benefit obtained for the class."). However, as described in detail in the Plaintiff's Memorandum and Points of Authority in Support of Final Approval of the Settlement, filed herewith, Plaintiff faced numerous obstacles in this litigation.  The largest obstacle in this litigation was showing Defendants' knowledge of the falsity of their statements.  The Court's Order on Defendants' Motion to Dismiss shows the substantial risks Plaintiff faced in meeting his pleading requirements. The expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through a subsequent motion to dismiss, potential appeals, summary judgment, discovery, trial and post-trial appeals would be substantial.  Plaintiff, with Lead Counsel, carefully considered the likelihood of success against Defendants, the likely total damages that could be recovered against Defendants, the risks to quantifying such damages, as well as the uncertain outcome and risk of any litigation, especially in complex actions such as this, the difficulties and delays inherent in such litigation, and the dismissal with prejudice in this case.  Given the high risk of again being dismissed, a recovery for the Class of $1,250,000, which amounts to approximately 2.35% of the Class's overall damages, is a fair result for the Class, guaranteeing that the Class receives some compensation for

their losses. *See* Declaration of Aaron M. Zigler in Support of Plaintiffs' Motion for Final Approval of Settlement and Motion for Attorneys' Fees, Reimbursement of Expenses, and Reimbursement of Plaintiff's Costs and Expenses (the "Zigler Decl."), ECF No. 140-3, ¶ 21.

The recovery here merits an attorney fee award of 25% of the Settlement Fund. It is also commensurate with the results obtained in other cases where class counsel was awarded 25% of a common fund. Notably, Lead Counsel obtained the recovery at hand in spite of the pleading burdens that initially confronted Plaintiff; specifically, the Private Securities Litigation Reform Act of 1995. *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012) ("The Court is acutely aware that federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading."). This warrants a higher fee.

### ii. *The award is in line with awards in similar cases.*

Lead Counsel requests a fee of 25% of the Settlement. The Ninth Circuit has held that a fee award of 25% of the settlement fund is an appropriate starting point or benchmark for determining class action fees, though "in most common fund cases, the award exceeds that benchmark." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047-48 (N.D. Cal. 2007); *see Vizcaino*, 290 F.3d at 1048-50.[2]

Further, if this were not a class action, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. *See*, *e.g.*, *Blum v. Stenson*, 465 U.S. 886, 903 n.20 (1984) ("In tort suits, an attorney might receive one third of whatever amount the Plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery."); *In re M.D.C. Holdings Sec. Litig.*, No. CV89-0090 E (M), 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery."); *Kirchoff v. Flynn*, 786 F.2d 320, 323 (7th Cir. 1986) (40% contractual award if case had gone to trial). Thus, as the customary contingent fee in

---

[2] *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-79 (N.D. Cal. 1989) (awarding 32.8% of the fund, and upon surveying securities cases nationwide noting, "This court's review of recent reported cases discloses that nearly all common fund awards range around 30%").

1    the private marketplace—30% to 40% of the fund recovered—is even greater than the percentage-
2    of-recovery fee requested in this case, Counsel's request is quite reasonable.

3          Accordingly, Plaintiff's Counsel's fee request is consistent with fee awards granted in
4    similar actions in the Ninth Circuit and is warranted under the facts and circumstances of this case
5    based upon the analysis presented herein. *See, e.g.*, *Jones*, 654 F.3d at 942 ("[C]ourts typically
6    calculate 25% of the fund as the 'benchmark' for a reason-able fee award. . . ."); *In re Mego Fin.*
7    *Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) (upholding fee award of 25%); *Hanlon v. Chrysler*
8    *Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund
9    as a benchmark award for attorney fees."); *In re Toyota Motor Corp. Unintended Acceleration*
10   *Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 810ML02151JVSFMOX, 2013 WL 12327929,
11   at *28 (C.D. Cal. July 24, 2013) (citing *Hanlon*); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT,
12   2005 WL 1594403, at *18 (C.D. Cal. June 10, 2005) (awarding 33 1/3% of the class fund as a fee).

13         Lead Counsel's efforts were performed, and the results achieved, on a wholly contingent
14   basis in the face of determined opposition.  Under these circumstances, it necessarily follows that
15   Lead Counsel is entitled to the award of a reasonable percentage fee based on the benefit conferred
16   and the common fund obtained.  Thus, not surprisingly, "courts in this circuit, as well as other
17   circuits, have awarded attorneys' fees of over 25% or more in complex class actions." *Heritage*,
18   2005 WL 1594403, at *18 (awarding fee of 33 1/3% of common fund); *see also In re Mego Fin.*
19   *Corp. Sec. Litig.*, 213 F.3d at 463 (affirming award of attorneys' fees of 33 1/3%); *In re Pac.*
20   *Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (33% of total recovery).  Under all of the
21   circumstances present here, a 25% fee of the Settlement Fund is fair and reasonable.

22         *iii.   The risks in the Litigation support the award.*

23         Numerous cases have recognized that risk is an important factor in determining a fair fee
24   award.  *See, e.g.*, *Wash. Pub. Power*, 19 F.3d at 1299-1301; *Lindy Bros. Builders, Inc. v. Am.*
25   *Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 117 (3d Cir. 1976).  Uncertainty that an
26   ultimate recovery would be obtained is highly relevant in determining risk.  *Wash. Pub. Power*, 19
27   F.3d at 1300; *Lindy*, 540 F.2d at 117.  As the court aptly observed in *In re King Resources*:
28         The litigation also involved unique and substantial issues of law in
           the technical area of SEC Rule 10b-5 . . . difficult, complex and oft-

> disputed class action questions, and difficult questions regarding computation of damages.
>
> * * *
>
> In evaluating the services rendered in this case, appropriate consideration must be given to the risks assumed by Plaintiff's counsel in undertaking the litigation. The prospects of success were by no means certain at the outset, and indeed, the chances of success were highly speculative and problematical.

420 F. Supp. 632, 636-37 (D. Colo. 1976); *see also In re Heritage*, 2005 WL 1594403, at *21 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Here, the Court has already dismissed the Litigation without prejudice, with the significant possibility that Defendants' anticipated motion to dismiss the Second Amended Complaint would also be granted and the Class would recover nothing at all. While Plaintiff believes he has alleged enough facts in the Second Amended Complaint to adequately allege a meritorious claim, there is no guarantee this Court would agree. Further, even if Plaintiff prevailed on the motion to dismiss, then on class certification, summary judgment, and on the issue of liability at trial, significant additional risks would remain in establishing the existence of damages. Moreover, even success at trial does not negate the considerable risk of non-payment for class members and counsel who undertake securities fraud class actions on a contingency basis. *See, e.g., In re Apollo Grp., Inc. Sec. Litig.*, No. CV042147PHXJAT(LEAD), 2008 WL 3072731, at *6 (D. Ariz. Aug. 4, 2008), *rev'd and remanded*, No. 08-16971, 2010 WL 5927988 (9th Cir. June 23, 2010) (district court vacated $280 million jury verdict for plaintiffs and entered judgment in favor of defendants); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (verdict of $81 million for plaintiffs reversed and judgment entered for defendant).

Given these particular risks (in addition to others relating to class certification, credibility of experts, appeals, etc.) that Plaintiff faced in the Litigation, an evaluation of the risk of litigation supports the requested fee award.

> *iv. The award is supported by the skill required and the quality and efficiency of the work.*

The third factor to consider in determining what fee to award is the skill required and quality of work performed. *Heritage*, 2005 WL 1594403, at *19; *In re Capacitors Antitrust Litig.*, No. 3:14-CV-03264-JD, 2017 WL 9613950, at *5 (N.D. Cal. June 27, 2017). The "prosecution and management of a complex national class action requires unique legal skills and abilities." *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009). From the outset, Lead Counsel engaged in a concerted effort to obtain the maximum recovery for the Class. Lead Counsel demonstrated that, despite the barriers erected by the PSLRA, they would work to try to develop sufficient evidence to support a convincing case.

Lead Counsel has extensive experience in the specialized field of class action litigation. Plaintiff's Counsel's supporting declaration includes details describing Lead Counsel's background and experience prosecuting class actions. *See* Zigler Decl., ¶¶ 4-6, 17. Lead Counsel's efforts in efficiently obtaining a recovery for the Class in light of the significant risk of no recovery at all is the best indicator of their abilities. Lead Counsel brought significant experience to bear in achieving this Settlement.

From the outset, Lead Counsel vigorously pursued the prosecution of this Litigation to obtain the maximum recovery for the Class, including extensive investigation into the allegations against Defendants, reviewing public documents available about Arlo Technologies, conferring with experts and consultants concerning the specialized issues in the case, and representing Plaintiff and the Class in a mediation before the Honorable Jay C. Gandhi. As a result, Lead Counsel was able to allege the factual and legal information needed to successfully entice Defendants to negotiate the Settlement before the Court.

Moreover, the quality and vigor of opposing counsel is also important in evaluating the services rendered by Lead Counsel. *See, e.g., Heritage*, 2005 WL 1594403, at *20; *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977). Here, Defendants were represented by Cooley, LLP; with respect to NETGEAR, Inc., Wilson Sonsini Goodrich & Rosati, P.C.; and by Davis Polk and Wardwell LLP with respect to Merrill Lynch, Pierce, Fenner & Smith

Inc., Deutsche Bank Securities Inc., Guggenheim Securities LLC, Raymond James & Associates, Inc., Cowen And Company, LLC, and Imperial Capital, LLC. Defendants' counsel are each large, prominent law firms with substantial experience in securities class actions. In the face of knowledgeable and solid opposition, Lead Counsel was able to develop a case that was sufficiently strong to encourage Defendants to settle the case on favorable terms for the Settlement Class. Lead Counsel's diligent efforts should be rewarded.

> v. *The contingent nature of the case and the financial burden carried by Lead Counsel.*

The Ninth Circuit recognizes that the determination of a fair fee must include consideration of the contingent nature of the fee and the difficulties which were overcome in obtaining the settlement: "[i]t is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *WPPSS*, 19 F.3d at 1299 (citing Richard Posner, *Economic Analysis of Law*, § 21.9, at 534-35 (3d ed. 1986)); s*ee also In re Charles Schwab Corp. Sec. Litig.*, No. 08-01510, 2011 WL 1481424, at *9 (N.D. Cal. Apr. 19, 2011) ("Class counsel undertook the representation of the classes in this case on a contingent-fee basis, and no payment has been made to date for their services or for their litigation expenses."). In fact, contingent fees that may far exceed the typical non-contingent market value of the services are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs, who could not afford to pay on an hourly basis regardless of whether they win or lose. *Id.*

> vi. *The reaction of the Settlement Class supports the requested award.*

Courts often consider the reaction of the class when deciding whether to award the requested fee. *See, e.g., Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("[T]he lack of objection from any Class Member supports the attorneys' fees award."); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that a "low level of objection[s] is a rare phenomenon").

Here, the reaction of the Settlement Class to date also supports the requested fee. The Claims Administrator mailed a total of 17,628 copies of the Notice and the Proof of Claim to

1  potential Settlement Class Members and nominees informing them, *inter alia*, that: Plaintiff's
2  Counsel would request that the Court approve attorneys' fees of 25% of the Settlement;
3  reimbursement for expenses (exclusive of administration costs) for their work litigating the case
4  and negotiating the Settlement. *See* Zigler Decl., ¶ 17. Class Members were also advised of their
5  right to object to Plaintiff's Counsel's fee and expense request and, to date, no such objections
6  have been received. *Id.*

7                                    *vii. A lodestar cross-check shows the fee request is reasonable.*

8          As a "cross-check" on the reasonableness of a requested fee award, courts often compare
9  counsel's "lodestar" (a compilation of the hours performed at the various rates charged for the
10 professionals providing the services herein) with the fee request made under the percentage-of-
11 the-recovery method. *See, e.g., Vizcaino*, 290 F.3d at 1050; *Fischel v. Equitable Life Assurance*
12 *Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002). Moreover, "the lodestar calculation can be
13 helpful in suggesting a higher percentage when litigation has been protracted [and] may provide a
14 useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at
15 1050.

16         Lead Counsel's lodestar of $732,342.50 in billable time, which resulted in the requested
17 fee representing a negative multiplier of 0.43x, supports the fee request. Zigler Decl., ¶ 14. The
18 hourly rates charged by Lead Counsel range from $900 for partners and $550 for associates, which
19 is consistent with hourly rates approved in similar cases. *See e.g. In re Amgen Sec. Litig.*, No. CV
20 7-2536 PSG (PLAx), 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (approving rates of
21 $750-$985 for partners and $300-$725 for associates).

22         Importantly, under either the percentage of the benefit or the lodestar/multiplier approach,
23 the ultimate objective is an award that, in the Court's view, will fairly and reasonably compensate
24 Lead Counsel for their successful efforts on behalf of the Class. *See, e.g., In re Cont'l Ill. Sec.*
25 *Litig.*, 962 F.2d 566, 568 (7th Cir. 1992) (explaining that the goal of the fee-setting process "is to
26 determine what the lawyer would receive if he were selling his services in the market."); *In re*
27 *Oracle Sec. Litig.*, 852 F. Supp. 1437, 1450 (N.D. Cal. 1994) (quoting *In re Cont'l Ill.* with
28

approval). Lead Counsel submit that their request for an award of attorneys' fees and reimbursement of expenses is fair and reasonable and should be awarded in full.

### B. Lead Counsel's Expenses are Reasonable and were Necessarily Incurred to Achieve the Benefit Obtained for the Class.

The Court should also approve payment of Plaintiff's Counsel's expenses. "There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (quotation marks and citations omitted). "To that end, courts throughout the Ninth Circuit regularly award litigation costs and expenses—including photocopying, printing, postage, court costs, research on online databases, experts and consultants, and reasonable travel expenses—in securities class actions, as attorneys routinely bill private clients for such expenses in non-contingent litigation." *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *22 (N.D. Cal. Feb. 11, 2016) (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (noting that a prevailing plaintiff may be entitled to costs including, among other things, "postage, investigator, copying costs, hotel bills, meals," and messenger services)).

Lead Counsel also request that the Court grant their application for reimbursement of $21,345.03 in litigation costs and expenses reasonably and necessarily incurred in connection with the prosecution of this litigation. *See, e.g., Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.") (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)). The requested expenses are summarized by category in the Zigler Declaration. These expenses include, *inter alia*, the costs of Plaintiff's appearances, travel to hearings, consultant fees, and discovery services. Zigler Decl. at ¶ 19. Lead Counsel submit that these expenses were reasonably and necessarily incurred to achieve the result obtained for the Class. All of the various categories of expenses for which Lead Counsel seek reimbursement herein are the type of expenses routinely charged to hourly paying clients and, therefore, should be reimbursed out of the common fund. *See In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1371 (N.D. Cal. 1996); *Cont'l Ill.*,

1  962 F.2d at 570.  Lead Counsel incurred these expenses carefully and avoided duplication of effort
2  and expenses.
3        Lastly, the Notice to Class members informed them that Lead Counsel would seek
4  reimbursement of their expenses incurred in the prosecution of the Litigation.

### C.  Plaintiff Matis Nayman is Entitled to His Costs and Expenses.

6        The reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under
7  Section 21D(a)(4) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-
8  4(a)(4). Lead Counsel requests the Court reimburse Plaintiff Matis Nayman $5,000.
9        Further, this Circuit often awards lead plaintiffs awards which "are discretionary . . . and
10 are intended to compensate class representatives for work done on behalf of the class, to make up
11 for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize
12 their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563
13 F.3d 948, 958-959 (9th Cir. 2009) (internal citation omitted).  Courts evaluate incentive awards
14 using "relevant factors including the actions the plaintiff has taken to protect the interests of the
15 class, the degree to which the class has benefited from those actions, the amount of time and effort
16 the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation."
17 *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *9
18 (N.D. Cal. Nov. 21, 2016) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (citation
19 and internal quotations and alterations omitted)).
20       Here, the total request for $5,000 for Matis Nayman is reasonable because Lead Plaintiff
21 diligently and completely fulfilled his obligation by: (i) researching and collecting documents
22 relevant to the claims in this action; (ii) conferring with counsel concerning the issues and strategy
23 in the Litigation; (iii) reviewing court filings in the Litigation, including the amended complaints,
24 motion to dismiss briefings, and the relevant orders in the Litigation; (iv) conferring with counsel
25 and reviewing periodic reports concerning the work being done; and (v) conferring with counsel
26 with respect to settlement efforts.  *See* Declaration of Matis Nayman, ECF No.  140-2, ¶ 3.
27       Courts in this district have approved greater awards for similar contributions to a matter.
28 *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1173 (S.D. Cal. 2007) (Finding an

1 award of $40,000 reasonable on its face); *In re Magma Design Automation, Inc. Sec. Litig.*, No. C
2 05-02394 CRB, 2009 WL 10696109, at *3 (N.D. Cal. Mar. 27, 2009) (finding an award of $32,600
3 to be reasonable); *Baker v. SeaWorld Entm't, Inc.,* No. 14-CV-02129-MMA-AGS, 2020 WL
4 4260712, at *12 (S.D. Cal. July 24, 2020) (approving awards of $10,569.00 and $60,000.00).
5 Notice to Class members informed them that Plaintiff would seek reimbursement of his expenses
6 incurred in the prosecution of the Litigation, and Plaintiff has received no objections from the
7 Class as to the Settlement or Plaintiff's request for costs

### III.    CONCLUSION

For the reasons set forth above, Plaintiff and Lead Counsel respectfully request that the motion be granted in its entirety.

Dated: February 9, 2021                             **KELLER LENKNER LLC**

*/s/ Aaron Zigler*
Aaron Zigler
**KELLER LENKNER LLC**
Ashley C. Keller
  ack@kellerlenkner.com
Aaron M. Zigler
  amz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5222

**BROWNE GEORGE ROSS LLP**
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
  croth@bgrfirm.com
Ryan D. Evans (State Bar No. 295600)
  revans@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Counsel for Lead Plaintiff
Matis Nayman and the Class*