UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPENCER WONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARLO TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.  5:19-cv-00372-BLF<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CY PRES RECIPIENT AND DISTRIBUTION**<br><br>[Re: ECF No. 161] |

Before the Court is Plaintiff's unopposed motion for approval of the University of San Francisco School of Law Investor Justice Clinic ("Clinic") as *cy pres* recipient and for the distribution of the $29,450.16 in residual settlement funds to the Clinic.  ECF No. 161 ("Mot."). The Court finds the matter suitable for decision without argument and VACATES the hearing set for May 7, 2026.  *See* Civ. L.R. 7-1(b).

The motion is GRANTED.

## I.      BACKGROUND

On March 25, 2021, the Court granted final approval of the class action settlement in this case.  *See* ECF Nos. 150, 152.  On March 22, 2025, the Court granted Plaintiff's motion for final distribution of class settlement funds, based on the Parties' stipulation, ordering that "[i]n the event additional re-distributions are not deemed cost effective, any residual monies in the Net Settlement Fund will be subject to a cy pres distribution to the [Clinic], or to any such other 501(c)(3), non-profit charitable organization as may be approved by the Court."  ECF No. 159 ¶ 2.

The claims administrator has notified the class members of the settlement, processed claims, and disbursed payment on valid claims; in total, 1,946 checks, totaling $765,203.62, have been cashed.  Cody Decl., ECF No. 161-1 ¶ 5.  A total of 1,024 claimants did not cash their

<div style="margin-left:auto; writing-mode: vertical-lr;">United States District Court<br>Northern District of California</div>

United States District Court
Northern District of California

checks, with 987 of those claims calculated to a payment of between $0.01 and $10.00, and 544 of those claims calculated to a payment of less than $1.00. *See id.* "After consultation with Lead Counsel, [the claims administrator] . . . determined a re-distribution is not feasible and recommend[ed] the remaining funds of $29,450.16 be distributed to the *cy pres* recipient of [the Clinic]." *Id.* ¶ 6.

Plaintiff now requests that the remaining funds of $29,450.16 be distributed to the Clinic. *See* Mot. at 4. Defendants do not oppose the motion.

## II.     DISCUSSION

"*Cy pres* provides a mechanism for distributing unclaimed funds to the next best class of beneficiaries." *In re Easysaver Rewards Litig.*, 906 F.3d 747, 760 (9th Cir. 2018). "Under the *cy pres* approach, 'class members receive an indirect benefit (usually through defendant donations to a third party) rather than a direct monetary payment.'" *Id.* (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012)). The Ninth Circuit "encourage[s] the selection of *cy pres* recipients that both [1] promote the objectives of the underlying statute(s) and [2] serve the interests of the silent class members." *Perkins v. Linkedin Corp.*, No. 13-cv-04303-LHK, 2016 WL 613255, at *13 (N.D. Cal. Feb. 16, 2016) (internal quotation marks and citation omitted). "The Court must be 'guided by' these considerations and evaluate whether the cy pres distribution is 'the next best distribution' to giving the funds directly to the class members." *Id.* (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012)).

Here, the designated *cy pres* recipient, the Clinic, represents investors in actions involving allegations of wrongdoing by securities firms. University of San Francisco, *LAW 965 – Investor Justice Clinic*, http://catalog.usfca.edu/preview_course_nopop.php?catoid=39&coid=573002 (last visited April 27, 2026). It is officially recognized by the Financial Industry Regulation Authority and the U.S. Securities and Exchange Commission. The Clinic has an indirect connection to the objectives of the underlying statutes at issue in this case. The amended class action complaint asserted claims pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, alleging inaccurate and misleading statements in Defendants' registration statement filed in connection with an initial public offering. ECF No. 114 ¶¶ 103–11.

The purpose of the Securities Act is to "protect[] investors by ensuring that companies issuing securities . . . make a 'full and fair disclosure of information' relevant to a public offering." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 178 (2015) (quoting *Pinter v. Dahl,* 486 U.S. 622, 646 (1988)).  The Clinic and its work thus "account for the nature of plaintiffs' lawsuit [and] the objectives of" federal securities laws.  *Lane*, 696 F.3d at 821. Moreover, the Court is satisfied that the Clinic "serves the interest of the silent class members," *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011), through its work in this area.  *See, e.g.*, *Miguel-Sanchez v. Mesa Packing, LLC*, No. 20-cv-00823-VKD, 2022 WL 10757077, at *2 (N.D. Cal. Oct. 18, 2022).

The Parties previously agreed to designation of the Clinic as *cy pres* recipient of any residual settlement funds, and the Court is satisfied that the Clinic represents an appropriate *cy pres* recipient for the residual funds in this case.

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) The motion is GRANTED.

(2) The net amount of $29,450.16 SHALL be paid to the University of San Francisco School of Law Investor Justice Clinic as the *cy pres* recipient.

(3) This order terminates ECF No. 161.

.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3